*Exhibit B*

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*State Enforcement and Investigative Division*
## CONFIDENTIAL

Charles R. Jones, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E. 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | IMPARTIAL DUE PROCESS |
| | ) | |
| SEBASTIAN GILL,   Student, | ) | HEARING OFFICER'S DECISION |
| Date of Birth: 05-27-88 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: January 26, 2006 |
| | ) | |
| vs. | ) | |
| | ) | Held at: 825 North Capitol Street, NE |
| The District of Columbia Public Schools, | ) |    Eighth Floor |
| Attending: Kingsbury Day School | ) |    Washington, D.C. 20002 |
| Respondent. | ) | |

## AMENDED DECISION AND ORDER

| | |
|---|---|
| Parent(s): | Drs..Harwant & Aleksandra Parpura-Gill<br>2907 Ellicott Street, N.W.<br>Washington, D.C. 20008 |
| Counsel for Parent: | Diane M. Savit, Esq.<br>Savit & Szymkowicz, LLP<br>7315 Wisconsin Ave.,<br>Suite 601<br>Bethesda, MD 20814 |
| Counsel for School: | Rhondalyn D. Primes, Attorney- Advisor<br>Office of the General Counsel, DCPS<br>825 North Capitol Street, N.E., 9th Floor<br>Washington, D.C. 20002 |

2

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*State Enforcement and Investigative Division*

### Special Education Due Process Hearing

## I. INTRODUCTION

On October 25, 2005, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent; Diana M. Savit, Esq. The request alleges DCPS failed to timely register SG or to develop an appropriate educational program for SG.

A Due Process Hearing was convened on January 26, 2006 at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., and 8th Floor, Washington, D.C. 20002. Rhondalyn D. Primes, Esq., Attorney-Advisor represented DCPS. Diana M. Savit, Esq., represented the parent. Five Day Disclosure Letters were entered into the record, without any objection by either party. On behalf of the parent: Disclosure Letter dated January 23, 2006: SG-1 through SG-25. On behalf of DCPS: Disclosure Letter dated January 19, 2005: DCPS-01 through DCPS-03. Parent's counsel objected to the entry of DCPS-01. The objection was not granted. Parent's counsel waived a formal reading of the Due Process Rights. The parties did not enter any testimony, as the case was settled on the record. An issue arose concerning whether the student had registered as a DCPS student. The Hearing Officer requested verification on the issue of registration and the record remained open for one week. In response to this request, DCPS submitted a letter dated January 30, 2006.

## II. JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to *Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 (IDEIA);* 20 United States Code 1400 ET. Seq.; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III. ISSUES

Whether DCPS denied the student FAPE by failing to timely register SG and by failing to determine an appropriate educational placement for S.G?

2.

## IV. SUMMARY OF RELEVANT EVIDENCE

This case involves allegations by parent's counsel that the District of Columbia Public Schools (hereinafter "DCPS") failed to provide a fee appropriate public education. According to parent's counsel, the parent's acquired a new residence in the District of Columbia. However, the parents decided to allow the student to complete the 2004-2005 school years in the Montgomery county school system, as the decision was made not to interrupt the student's educational year. It is alleged that the parent sought to register the student early on or around March 2005 in order to allow DCPS to determine an appropriate educational placement for the student. It is further alleged that early registration was not allowed. The parent's were allowed to register the student in August 2005, but the student remained enrolled at Kingsbury at the beginning of the 2005-2006 school years, as the student attended ESY at Kingsbury. The parents alleged, through their counsel, that DCPS failure to allow early registration constitutes a denial of a free appropriate public education (FAPE). DCPS alleges the student parent's decided to place the petitioner within a private school, as DCPS did not refuse to develop an appropriate educational program or provide an appropriate educational placement for S.G. Additionally, DCPS alleged that the petitioner was never registered as a non-attending student. The Hearing Officer ordered respondent's counsel to provide documentary evidence to support this allegation and the record remained open for a week for this submittal.

At the commencement of the hearing, counsel for the respondent entered a motion to dismiss this matter, alleging that the petitioner had not been registered at DCPS. The motion to dismiss was not granted. Counsel for the petitioner requested that the record reflect that all of petitioner's rights be reserved with respect to future claims of relief in light of the fact that there was a settlement component to the order. The Hearing Officer noted that request in the record, but there was no determination made that DCPS had violated any of the petitioner's rights at the hearing, as there was no denial of a free appropriate public education (FAPE).

## V. FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

1. S.G. is a nine- (9) year old student presently residing in the District of Columbia and a student enrolled at the Kingsbury School.

2. S.G. was previously determined by the Montgomery county public school system to be eligible for special education and related services.

3.

3. At the commencement of the 2005-2006 school years, the student was enrolled at the Kingsbury School, which is a private placement.

4. The student was not enrolled as a non-attending student at the Shaw Care Center, which is the designated site of the Superintendent.

**Based upon the foregoing: IT IS HEREBY ORDERED**

1) Petitioner's counsel entered into a settlement agreement.

2) Petitioner is not the prevailing party in this matter.

3) DCPS shall, within thirty- (30) calendar days of the issuance of the HOD, convene a MDT/IEP team meeting to review all current evaluations, review and revise the student's IEP as warranted and discuss and determine an appropriate educational placement including the parent's placement options.

4) In the event the appropriate placement is to a public school, DCPS shall issue a prior notice of placement within five- (5) school days of the MDT/IEP team meeting. If the appropriate placement is to a non-public facility, DCPS shall issue a prior notice of placement within thirty- (30) calendar days of the MDT/IEP team meeting.

5) All communications and notices shall be sent through the parent's counsel.

6) Any delay in the above time frames caused by the student or student's counsel shall result in an extension of one day for each day of delay.

4.

VI.     APPEAL PROCESS

This is the **FINAL ADMINISTRATIVE DECISION.** Appeals may be made to a court of competent jurisdiction within ninety- (90) days from the date this decision was issued.

_____          Date Filed: 04-27-06
Charles R. Jones, Esq., Hearing Officer

Date Issued: 4/27/06

5.