UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| S.G., a minor, *et al.*,  )<br>  )<br>          Plaintiffs,  )<br>  )<br>     v.  )<br>  )<br>DISTRICT OF COLUMBIA, *et al.*,  )<br>  )<br>          Defendants.  )<br>  ) | Civil Action No. 06-1317 (RMC) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Defendants, by counsel and pursuant to Fed. R. Civ. P. 7(b), oppose herewith the Plaintiffs' "Motion for Entry of Default as to Defendant Janey," filed August 18, 2006, resubmitted today as a "Request for Entry of Default as to Defendant Janey" ("Motion"). In support of this opposition, the Defendants submit the following:

Plaintiffs filed the complaint herein on July 26, 2006; this action is an "appeal" of an administrative hearing officer's decision pursuant to the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq.

Named as defendants are the District of Columbia and, in his official capacity, Clifford B. Janey, Superintendent of the District of Columbia Public Schools ("DCPS"). Complaint, paras. 5-6. In a "Proof of Service" filed August 18, 2006, the Plaintiffs purport to show service on Dr. Janey on July 28, 2006. No answer to the complaint having been filed by Dr. Janey by August 17, 2006, the Plaintiffs in their Motion triumphantly pounce the next day: default should be entered against Dr. Janey for failure to meet the Fed. R. Civ. P. 12(a)(1)(A) 20-day period for answering the complaint.

The Plaintiffs' Motion is frivolous.

As reflected in the complaint, two defendants were named: the District of Columbia, and Dr. Janey in his official capacity. While the return of service indicates receipt of the complaint at DCPS on July 28, 2006, the required service on the Mayor (see Fed. R. Civ. P. 4(j)(2)) was not effected until August 14, 2006 (see attachment). While Plaintiffs' counsel is intimately aware of the fact that the District's Attorney General's Office represents the District and DCPS in such matters, *at no time* was service of the Complaint made on the District's Attorney General's Office, and *at no time* were there any communications with that Office concerning the fact or content of the Complaint. The Motion was discovered today by the undersigned's receipt of the Mayor's service copy of the Complaint, and a resultant review of the Court's efile docket.

To the extent that Dr. Janey was sued in his official capacity, of course, the action in that regard is one against the District itself. And since direct service on the District (the Mayor) was not made until August 14, the Rule 12(a)(1)(A) 20-day period will not run until September 5. What is it that the Plaintiffs believe would be accomplished by a grant of their Motion, even if it were proper? That a "default" against Dr. Janey would somehow settle the merits of the Plaintiffs' Complaint? That the District would be foreclosed from timely answering the Complaint in its own right? That the District's answer would be different from that by Dr. Janey?

As a matter of law, the Motion is fundamentally meaningless, since both Defendants *are* the District for purposes of this action, and the time for the District's answer to the Complaint has yet to run. Moreover, as a matter of policy and the orderly

2

conduct of its business, the Court ought not countenance this kind of "gotcha," games-playing waste of the Court's time. By Plaintiffs' counsel who knows better.

    The Motion should be summarily denied.

                                    Respectfully submitted,

                                    ROBERT J. SPAGNOLETTI
                                    Attorney General for the District
                                    of Columbia

                                    GEORGE C. VALENTINE
                                    Deputy Attorney General
                                    Civil Litigation Division

                                    */s/ Edward P. Taptich*_____
                                    EDWARD P. TAPTICH [#012914]
                                    Chief, Equity Section 2
                                    441 4th St., N.W., Sixth Floor South
                                    Washington, D.C. 20001
                                    (202) 724-7334
                                    edward.taptich@dc.gov

August 22, 2006

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| S.G., a minor, *et al.*,             )  |  |
|                                      )  |  |
|           Plaintiffs,                )  |  |
|                                      )  |  |
|      v.                              )  | Civil Action No. 06-1317 (RMC) |
|                                      )  |  |
| DISTRICT OF COLUMBIA, *et al.*,      )  |  |
|                                      )  |  |
|           Defendants.                )  |  |

**ORDER**

Upon consideration of the Plaintiffs' "Motion for Entry of Default as to Defendant Janey," filed August 18, 2006, and their "Request for Entry of Default as to Defendant Janey, " filed August 22, 2006, and the Defendants' opposition thereto, it is, this _____ day of August, 2006

**ORDERED**, that Plaintiffs' Motion and Request are DENIED.

_____
UNITED STATES DISTRICT JUDGE

4