UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| S.G., a minor, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-cv-01317 |
| ) | |
| DISTRICT OF COLUMBIA, *et al.,* ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants District of Columbia and District of Columbia Public Schools ("DCPS") Superintendent Clifford Janey, by counsel, here answer Plaintiff's Complaint as follows (paragraph numbers below correspond to the paragraph numbers in the Complaint):

1. Defendants admit that this Court has jurisdiction pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. § 1400 *et seq*, but deny that this Court has jurisdiction under the remaining cited statute.

2. Defendants admit the allegations in paragraph 2.

3. Defendants admit the allegations in paragraph 3.

4. Defendants admit the allegations in paragraph 4.

5. Defendants admit the allegations in paragraph 5.

6. Defendants admit the allegations in paragraph 6.

7. Defendants admit the allegations in paragraph 7.

8. Defendants admit that S.G. received special education services from Montgomery County Public Schools (MCPS). Defendants lack knowledge and information sufficient to enable them to answer the remaining allegations at this time.

9. Defendants lack knowledge and information sufficient to enable them to answer the allegations in paragraph 9 at this time.

10. Defendants lack knowledge and information sufficient to enable them to answer the allegations in paragraph 10 at this time.

11. Defendants lack knowledge and information sufficient to enable them to answer the allegations in paragraph 11 at this time.

12. Defendants admit S.G. remained in MCPS for the remainder of the 2004-2005 school year. Defendants lack knowledge and information sufficient to enable them to answer the remaining allegations at this time.

13. Defendants lack knowledge and information sufficient to enable them to answer the allegations in paragraph 13 at this time.

14. The 2005-2006 Individual Education Plan (IEP) is contained in the record, which speaks for itself. Defendants lack knowledge and information sufficient to enable them to answer the allegations at this time.

15. The allegations in paragraph 15 are conclusions of the pleader to which no response is required. If a response is required, then the same are denied.

16. Defendants lack knowledge and information sufficient to enable them to answer the allegations at this time.

17. Defendants lack knowledge and information sufficient to enable them to answer the allegations at this time.

18. Defendants lack knowledge and information sufficient to enable them to answer the allegations at this time.

19. Defendants admit that S.G. enrolled in Kingsbury Day School ("Kingsbury"). Defendants lack knowledge and information sufficient to enable them to answer the remaining allegations at this time.

20. Defendants admit the allegation in paragraph 20 that S.G. registered for school at Murch. Defendants lack knowledge and information sufficient to enable them to answer the allegations at this time.

21. Defendants admit the allegations in the first two sentences of paragraph 21. The third sentence is a characterization of the pleader, to which no response is required. If a response is required, then the same are denied.

22. Defendants admit the allegation in paragraph 22 as to the Gills notifying Murch Elementary School that they could not attend the August 26, 2006, IEP meeting. Defendants lack knowledge and information sufficient to enable them to answer the remaining allegations at this time.

23. Defendants admit the allegations in the first sentence of paragraph 23. The remaining allegations are conclusions of law and/or of the pleader, to which no response is required. If a response is required, then the same are denied.

24. Defendants admit the allegation in paragraph 24 that Murch was notified S.G would remain at Kingsbury. The remaining allegations are conclusions of law and/or

of the pleader, to which no response is required. If a response is required, then the same are denied.

26. Defendants lack knowledge and information sufficient to enable them to answer the allegations at this time.

26. Defendants admit the allegation in the first sentence. As to sentences two and five, Defendants lack knowledge and information sufficient to enable them to answer the allegations at this time. As to sentence three and four, the allegations are the pleader's characterizations of the record to which no response is necessary; the record speaks for itself.

27. Defendants admit the allegations in paragraph 27.

28. Defendants admit the allegations in paragraph 28.

29. The allegations in paragraph 29 are the pleader's characterizations of the record to which no response is necessary; the record speaks for itself.

30. The allegations in paragraph 30 are the pleader's characterizations of the record to which no response is necessary; the record speaks for itself.

31. Defendants admit the hearing officer issued his written determination on February 1, 2006. The remaining allegations in paragraph 31 are the pleader's characterizations of the record to which no response is required; the record speaks for itself.

32. The allegations in paragraph 32 are the pleader's characterizations of the record to which no response is required; the record speaks for itself. If a response is required, then the same are denied.

33. Defendants lack knowledge and information sufficient to enable them to answer the allegations in paragraph 33 at this time.

34. Defendants admit the allegation in paragraph 34 as to DCPS requiring a full time special education setting. Defendants lack knowledge and information sufficient to enable them to answer the remaining allegations at this time.

35. As to the first, fourth, sixth and seventh sentence, the allegations are the pleader's characterizations of the record to which no response is required. If a response is required, then the same are denied. As to the second and fifth sentences, Defendants lack knowledge and information sufficient to enable them to answer the remaining allegations at this time. As to sentence three, Defendants admit the allegations.

36. As to the first sentence, defendants admit the allegation. As to sentences two and three, Defendants lack knowledge and information sufficient to enable them to answer the remaining allegations at this time.

37. The allegations in paragraph 37 are the pleader's conclusions of law and characterizations of the record to which no response is required. If a response is required, then the same are denied.

38. The allegations in paragraph 38 are the pleader's conclusions of law and characterizations of the record to which no response is required. If a response is required, then the same are denied.

39. The allegations in paragraph 39 are the pleader's conclusions of law and characterizations of the record to which no response is required. If a response is required, then the same are denied.

## **COUNT ONE**

40. Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 39 above.

41. The allegations in paragraph 41 are conclusions of law and/or of the pleader, to which no response is required. If a response is required, then the same are denied.

42. The allegations in paragraph 42 are conclusions of law and/or of the pleader, to which no response is required. If a response is required, then the same are denied.

43. The allegations in paragraph 43 are conclusions of law and/or of the pleader, to which no response is required. If a response is required, then the same are denied.

44. The allegations in paragraph 44 are conclusions of law and/or of the pleader, to which no response is required. If a response is required, then the same are denied.

45. The allegations in paragraph 45 are conclusions of law and/or of the pleader, to which no response is required. If a response is required, then the same are denied.

46. The allegations in paragraph 46 are conclusions of law and/or of the pleader, to which no response is required. If a response is required, then the same are denied.

## COUNT II

47. Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 45 above.

48. The allegations in paragraph 48 are conclusions of law and/or of the pleader, to which no response is required. If a response is required, then the same are denied.

49. The allegations in paragraph 49 are conclusions of law and/or of the pleader, to which no response is required. If a response is required, then the same are denied.

50. The allegations in paragraph 50 are conclusions of law and/or of the pleader, to which no response is required. If a response is required, then the same are denied.

## COUNT THREE

51. Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 39 above.

52. The allegations in paragraph 52 are conclusions of law and/or of the pleader, to which no response is required. If a response is required, then the same are denied.

53. The allegations in paragraph 53 are conclusions of law and/or of the pleader, to which no response is required. If a response is required, then the same are denied.

54. The allegations in paragraph 54 are conclusions of law and/or of the pleader, to which no response is required. If a response is required, then the same are denied.

55. The allegations in paragraph 55 are conclusions of law and/or of the pleader, to which no response is required. If a response is required, then the same are denied.

## COUNT FOUR

56. Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 39 above.

57. The allegations in paragraph 57 are conclusions of law and/or of the pleader, to which no response is required. If a response is required, then the same are denied.

58. The allegations in paragraph 58 are conclusions of law and/or of the pleader, to which no response is required. If a response is required, then the same are denied.

59. The allegations in paragraph 59 are conclusions of law and/or of the pleader, to which no response is required. If a response is required, then the same are denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

This Court does not have jurisdiction because the Plaintiffs have failed to exhaust their administrative remedies.

                                    Respectfully submitted,

                                    ROBERT J. SPAGNOLETTI
                                    Attorney General of the District of Columbia

                                    GEORGE C. VALENTINE
                                    Deputy Attorney General
                                    Civil Litigation Division

                                    ***/s/ Edward P. Taptich***
                                    EDWARD P. TAPTICH [#012914]
                                    Chief, Equity Section 2

                                    ***/s/ Amy Caspari***
                                    Amy Caspari [#488968]
                                    Assistant Attorney General
                                    441 Fourth Street, N.W.
                                    Sixth Floor South
                                    Washington, D.C. 20001
                                    (202) 724-7794
September 14, 2006              email:  amy.caspari@dc.gov