IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| S.G., a minor, *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-1317 (RMC) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Defendants, by counsel, and pursuant to Fed. R. Civ. P. 12(b)(1), move the Court to dismiss the complaint herein. The reasons for this motion are set forth in the accompanying supporting memorandum. A proposed order is also submitted herewith.

                                      Respectfully submitted,

                                      ROBERT J. SPAGNOLETTI
                                      Attorney General of the District of Columbia

                                      GEORGE C. VALENTINE
                                      Deputy Attorney General
                                      Civil Litigation Division

                                      ***/s/ Edward P. Taptich***
                                      EDWARD P. TAPTICH [#012914]
                                      Chief, Equity Section 2

                                      ***/s/ Amy Caspari***
                                      Amy Caspari [#488968]
                                      Assistant Attorney General
                                      441 Fourth Street, N.W.
                                      Sixth Floor South
                                      Washington, D.C. 20001
                                      (202) 724-7794
October 10, 2006                        email: amy.caspari@dc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| S.G., a minor, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-1317 (RMC) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS THE COMPLAINT**

This action seeks judicial review of two administrative decisions by an administrative hearing officer – issued February 1, 2006, and April 27, 2006 – under the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §1400 et seq. ("IDEIA").[1]  In the first, the hearing officer memorialized that the parties had agreed to a disposition of the issues initially raised by the student's parent, and ordered, pursuant to the parties' agreement, two things: (1) that DCPS was to convene a MDT/IEP meeting[2]

---

[1] The two administrative decisions are appended to the Complaint. Jurisdiction is asserted under 20 U.S.C. §1415(i)(2) (see Complaint, para. 1), which provides, among other things:
  (A) In general. Any party aggrieved by the findings and decision made
  . . . under this subsection, shall have the right to bring a civil action
  with respect to the complaint presented pursuant to this section, which
  action may be brought in any State court of competent jurisdiction or in
  a district court of the United States, without regard to the amount in
  controversy.

[2] An individualized education program ("IEP") meeting is held where a team of the disabled student's parents, teachers, and other educational specialists meet and confer in a collaborative process to determine how best to accommodate the needs of the student to provide a FAPE. *See* 20 U.S.C. §1414(d)(1)(B). The IEP is the written statement from the meeting that includes, among other things, goals and instructional objectives, services to be provided, projections regarding the dates when such services will be offered, and criteria for evaluating whether instructional objectives are being met. *See* 20 U.S.C. §1414(d)(1)(A).

2

to "review all current evaluations, review and revise the student's IEP as warranted and discuss and determine an appropriate educational placement" for the student; (2) that if the placement was to be in a public school, DCPS was to issue a confirming notice of placement within 5 school days of the MDT/IEP meeting; alternatively, if placement was to be in a private school, DCPS confirmation of that placement was to be issued within 30 days of the MDT/IEP meeting. See Decision and Order issued February 1, 2006 ("Decision"), Exhibit A to the Complaint; see also Complaint, para. 31.

The second decision, an Amended Decision and Order issued April 27, 2006 ("Amended Decision") (Exhibit B to the Complaint), was issued in response to the Plaintiffs' request for "clarification" of the February decision. Complaint, para. 32. Their concern was that "the hearing officer ruled that the Gills were not prevailing parties [and] [t]he order was silent as to the [parents'] reservation of their rights with respect to retroactive funding for [the private school where the parents had earlier placed him]." Complaint, para 31.

The findings of fact and the ordering provisions of the Amended Decision were virtually identical to those in the Decision. Compare Complaint, Exhibit A, pp. 4-5, with Complaint, Exhibit B, pp. 4-5. Newly added in the Amended Decision's "summary of relevant evidence" was the following paragraph:

> At the commencement of the hearing, counsel for the respondent entered a motion to dismiss this matter, alleging that the petitioner had not been registered at DCPS. The motion to dismiss was not granted. Counsel for the petitioner requested that the record reflect that all of petitioner's rights be reserved with respect to future claims of relief in light of the fact that there was a settlement component to the order. The Hearing Officer noted that request in the record, but there was no determination made that DCPS had violated any of the petitioner's rights at the hearing, as there was no denial of a free appropriate public education (FAPE).

Complaint, Exhibit B, p. 4. Because of the Plaintiffs' intervening motion for "clarification" to the hearing officer, the timetables for the actions ordered in the February 1, 2006, Decision were recommenced on the date of the Amended Decision, April 27, 2006. Id. Pursuant to the Amended Decision, an MDT/IEP meeting was convened on May 2, 2006, and a placement meeting was held on May 12, 2006, where DCPS announced that it was recommending Prospect Learning Center as S.G.'s educational placement. Complaint, paras. 35-36.

The Complaint herein, filed July 26, 2006, alleges essentially two bases for this action: (1) that the May, 2006, IEP is inappropriate in a variety of respects, and (2) that the Decision and Amended Decision somehow denied Plaintiffs an opportunity to argue that they should be reimbursed for private school tuition from the time they requested the student's enrollment in DCPS to the time when DCPS placed the student.[3] Reflecting those concerns, the Complaint requests for relief seek "a judgment finding DCPS's IEP and proposed placement inappropriate," and "a judgment vacating the portions of [the Decision and Amended Decision] that (a) found that the [parents] were not prevailing parties and (b) barred the [parents] from seeking retroactive placement and funding at Kingsbury from the start of the 2005-06 school year." Complaint, p. 17, para. C; p.18, para. E.

---

[3] At one point in the Complaint (paras. 37-38), the Plaintiffs also suggest a claim based on the failure of DCPS to have issued the IEP within the time period provided in the amended decision. In fact, the IEP was arrived at within the 30 days provided for in the amended decision. If Plaintiffs nonetheless intend a failure-to-timely-comply-with-a-decision claim, specific procedures were established in the *Blackman v. District of Columbia*, Civ. No. 97-1629 (D.D.C.) class action to consider such claims of untimely compliance with administrative IDEIA decisions. For the Court's convenience, attached is a copy of Judge Friedman's order creating that procedure. To the extent the Plaintiffs here raise such a claim, it should be dismissed or referred for consideration in the *Blackman* case.

As shown below, the Plaintiffs' claims are at best premature, and the Court is without jurisdiction to further entertain this action.

## ARGUMENT

**A.  Concerning Their Challenges to the May, 2006 IEP and Placement, the Plaintiffs Have Failed to Exhaust Their Administrative Remedies.**

As noted above, the principal thrust of the Complaint is a challenge to the student's IEP and placement that occurred in May, 2006 – actions taken *after* the administrative decisions appealed from. See, e.g., Complaint, paras. 33-38. However, IDEIA specifically prescribes an administrative process for such disputes. And until that process has been invoked and completed, recourse to this Court is not properly available.

Under the statute, and its corresponding regulations, parents may raise issues concerning asserted failures to provide the statutorily required Free Appropriate Public Education ("FAPE"), by filing a request for an administrative due process hearing. *See* IDEIA, 20 U.S.C. § 1415(b)(6)(A); 34 C.F.R. §§ 300.507-512; 5 D.C.M.R. § 3029-3031. Thus, students or guardians bring their IDEIA complaints in the first instance before impartial hearing officers. *See* IDEIA, 20 U.S.C. § 1415(f)(1)(A). A hearing officer's decision is the final administrative decision, and an aggrieved party may then bring a civil action in any court of competent jurisdiction. *See* 20 U.S.C. 1415(i)(2)(A); 34 C.F.R. § 300.514; 5 D.C.M.R. 3031.5.

Clearly, Congress intended for individuals to exhaust their administrative remedies under the IDEIA before filing suit in federal court. In *Cummings v D.C.*, No. 04-1427, slip op at 4, (D.D.C., Sept. 7, 2005), plaintiff filed an administrative hearing request on the same date that she filed a complaint with this Court challenging the appropriateness of an educational placement. The Court stated that it must dismiss the

5

complaint because Plaintiffs did not exhaust their administrative remedies "before filing suit[]." Id., slip op at 4. The Court explained:

> For almost as long as we have had administrative agencies, it has been a tenet of law that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938). The IDEA statute provides for an administrative "due-process" hearing to resolve complaints about the education provided (or not provided) to a disabled student. *See* 20 U.S.C. § 1415(f)(1)(A); 34 C.F.R. §§ 300.507-512. DCPS has adopted specific regulations to carry out its obligations to safeguard student rights. 5 D.C.M.R. §§ 3029-3031. An HOD is a final agency decision that may be appealed to any court of competent jurisdiction. *See* 20 U.S.C. § 1415(i)(2); 34 C.F.R. § 300.512. These administrative processes are those that must be exhausted before a claimant can file a lawsuit under IDEA. *Moss v. Smith*, 794 F. Supp. 11, 13 (D.D.C. 1992); *see also Cox v. Jenkins*, 878 F.2d 414, 418 (D.C. Cir. 1989) (noting that pursuant to the predecessor statute to the IDEA, "judicial review is normally not available . . . until all administrative proceedings are completed"); *Smith v. Robinson*, 468 U.S. 992, 1011 (1984), *superseded by statute on other grounds* (same). Since Ms. Cummings filed this lawsuit before she completed the DCPS hearing process and obtained the September 2004 HOD, Plaintiffs failed to exhaust their administrative remedies and the Court is without jurisdiction to rule on the complaint. *See Moss*, 794 F. Supp. at 13.

Id., slip op at 5.

The Plaintiffs here have not filed any administrative challenge to the May, 2006, IEP or placement, as provided for in the IDEIA. To that extent, they have not exhausted their administrative remedies, and this Court is without jurisdiction to further entertain this action.

**B.    Plaintiffs Are Not Foreclosed From Seeking an
         Administrative Award of Compensatory Education.**

The only claim in the Complaint that even arguably relates to the two administrative decisions to which the Complaint is nominally directed is those rulings somehow preclude the Plaintiffs from arguing, in an objection to the May, 2006, IEP and

6

placement, that the parents should be reimbursed for a period of the student's private school tuition for the beginning of the 2005-2006 school year.[4] Other than the Plaintiffs' fears, however, there is nothing to support that assumption.

To be sure, there is no certainty that, if the Plaintiffs were to present their arguments in that regard in a new administrative proceeding, they would be granted the relief they desire. However, there is nothing in the two administrative decisions here at issue that speak directly to that matter. And in an administrative proceeding directed to the May, 2006 IEP and placement, should the Plaintiffs' choose to initiate one, at least the issue(s) could be presented to a hearing officer, and there would be a reasoned administrative determination in that regard susceptible to this Court's review.

At this point, however, the Court has only the Plaintiffs' apprehension, and their suggestion, that a silence on the subject of compensatory education in the decisions appealed from here – decisions based on the parties' agreement, and issued at their invitation – has somehow preempted Plaintiffs' procedural rights in a future administrative proceeding. And based on that concern, the Plaintiffs essentially seek this Court's preemption of an administrative consideration of their compensatory education demands. The Defendants submit that there is simply no proper legal basis for this Court's doing so.

---

[4] At para. 39 of the Complaint, it is stated that the Decision and Amended Decision "mak[e] any attempt to exhaust futile." However, the "futility" there claimed is one directed to "the recently proposed IEP and placement" – matters entirely distinct from the two decisions of which review is here sought. As noted earlier, however, no administrative challenge to the IEP and placement has been initiated by the Plaintiffs under the statute. And it cannot properly be assumed that a statutorily prescribed administrative process will be futile.

7

## **CONCLUSION**

The Defendants submit that the Complaint herein must be dismissed. On its face, the Complaint clearly represents a challenge to a DCPS IEP and placement that occurred after the administrative decisions to which the Complaint purports to be directed. To that extent, the Plaintiffs have failed to exhaust their administrative remedies, and this Court is without jurisdiction to further entertain this action.

To the extent the Complaint claims that the administrative decision identified somehow foreclosed their offering arguments in the future concerning compensatory education, there is no basis for that assertion. The administrative decisions themselves did not speak to that matter since, among other reasons, the Plaintiffs, having reached a settlement, presented no evidence on which any finding or conclusion could have been based. The Plaintiffs are able to raise such matters in the statutory administrative process created to consider such matters, and judicial review will be available at such time as they do so, and if they are aggrieved by an adverse hearing officer's ruling. Until that time, however, there is nothing before this Court on which it can properly act in the first instance.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

|  |  |
|---|---|
|  | **/s/ *Edward P. Taptich*** <br> EDWARD P. TAPTICH [#012914] <br> Chief, Equity Section 2 |
|  | **/s/ *Amy Caspari*** <br> Amy Caspari [#488968] <br> Assistant Attorney General <br> 441 Fourth Street, N.W. <br> Sixth Floor South <br> Washington, D.C. 20001 <br> (202) 724-7794 |
| October 10, 2006 | email: amy.caspari@dc.gov |

9