# United States District Court
# for the District of Columbia

| | |
|---|---|
| S.G., a minor, *et al.*,<br><br>**Plaintiffs**<br><br>v.<br><br>**THE DISTRICT OF COLUMBIA,** *et al.*,<br><br>**Defendant**s | Civil Action No. 06-01317 (RMC) |

### REPORT TO THE COURT PURSUANT TO LCvR 16.3

This case presents several issues pertaining to an individual student's rights pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.* ("IDEA") and regulations promulgated thereunder, and to certain District of Columbia policies and practices, which plaintiffs contend violate that act. Plaintiffs (minor child S.G. and his parents, Harwant Gill and Aleksandra Parpura-Gill) (collectively, "plaintiffs" or "the Gills") seek declaratory and injunctive relief regarding the challenged policies and practices, which relate to the District of Columbia Public Schools' ("DCPS") alleged failure to properly accept and plan for the admission of special education students from other jurisdictions. The Gills further seek to enforce favorable portions of a February 1, 2006 hearing officer's determination (subsequently amended on April 27, 2006), which incorporated a partial settlement they reached with DCPS at the start of a January 26, 2006 due process hearing. The Gills contend that DCPS's subsequent actions did not comply with obligations imposed upon DCPS by the determination.

The Gills separately challenge portions of the hearing officer's determination, contending (a) that the hearing officer erred in finding that they did not prevail in the underlying due process proceedings, and (b) that the hearing officer erred in failing to properly memorialize the parties'

settlement and in making certain findings and conclusions that will inhibit the Gills' ability to fully present their case and to seek all appropriate relief in future proceedings to challenge DCPS's post-hearing actions with respect to minor plaintiff S.G.

Defendants, who are the District of Columbia and Clifford B. Janey in his official capacity as Superintendent of the District of Columbia Public Schools (collectively, "defendants" or "the District"), deny liability or that plaintiffs are entitled to the relief they request, and further contend that to the extent the Gills are challenging post-hearing actions, they must first submit their complaints for a new administrative due process hearing.

As required by Fed. R. Civ. P. 26(f), LCvR 16.3(d), and this Court's order of September 18, 2006, the undersigned certify that they conferred by telephone on October 10, 2006 and discussed the matters required pursuant to LCvR 16.3(c). Their positions with respect to these matters are set forth below.

    **1.**    **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the merits.**

The case is likely to be resolved, at least partially, by dispositive motions. Defendants filed a dispositive motion on October 10, 2006, which is pending. Discovery may be needed if the motion is denied.

**2.   The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties suggest a deadline of 60 days following entry of the scheduling order within which to join parties or amend the pleadings. At this time, they do not know whether the factual or legal issues can be narrowed, but note that this case will largely turn upon the administrative record, which will define most of the legal and factual issues. It may be possible to narrow some issues after both counsel have reviewed the record.

**3.   Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Defendants do not consent to assignment to a magistrate judge for all purposes. Plaintiffs take no position on this issue.

**4.   Whether there is a realistic possibility of settling the case.**

The parties have already discussed a potential disposition of the case, but have neither reached agreement nor declared impasse. Plaintiffs' counsel has agreed to make a written settlement demand upon defense counsel, if authorized to do so by her clients.

**5.   Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**

   (i)   the client's goals in bringing or defending the litigation;

   (ii)  whether settlement talks have already occurred and, if so, why they did not produce an agreement;

      **(iii)**     the point during the litigation when ADR would be most appropriate, with special consideration given to:

            **(aa)**     whether ADR should take place after the informal exchange or production through discovery of specific items of information;

            **(bb)**     whether ADR should take place before or after the judicial resolution of key legal issues;

            **(cc)**     whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

            **(dd)**     whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

Because the parties have already begun independent settlement discussions (*see* ¶4), defendants do not believe a referral for formal ADR procedures is needed. Plaintiffs believe that if the discussions already begun between counsel do not yield a resolution, the Court's ADR services might prove useful.

**6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions and replies; and proposed dates for a decision on the motions.**

All parties believe that the case is likely to be at least partially, if not entirely, resolved by dispositive motions. Before motions for summary judgment can be filed, defendants must submit to the Court the administrative record of the proceedings under review. Assuming the record is filed shortly, the parties propose the following schedule for dispositive motions:

    January 12, 2007:     Deadline for plaintiffs' motion for summary judgment

| | |
|---|---|
| January 26, 2007: | Deadline for defendants' opposition to plaintiffs' motion and defendants' cross-motion for summary judgment |
| February 2, 2007: | Deadline for plaintiffs' opposition to defendants' motion for summary judgment and reply to defendants' opposition to plaintiffs' motion |
| February 9, 2007: | Deadline for defendants' reply to plaintiffs' opposition to defendants' motion for summary judgment |
| February 23, 2007: | Proposed date for the Court's decision. |

The parties request a decision on this timetable because S.G. remains a special education student, and the case's disposition will have an impact upon planning for the 2007-08 school year. The process of preparing individualized education plans ("IEPs"), required annually by IDEA for each special education student, typically begins in the spring for the next school year.

The schedule set forth above assumes that the parties will not require discovery in support of their anticipated dispositive motions. If discovery is needed, they may ask to the Court to modify the timetable.

**7.     Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P, and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties stipulate to dispense with the initial disclosures.

**8.     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery, whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties do not expect to conduct extensive discovery, but may require some as the issues are developed. The parties ask the Court to keep discovery open through the end of the dispositive

motions cycle, and have agreed that if either side wishes to conduct discovery, the appropriate request or notice will be served within one week after receiving the pleading or motion paper which prompts the request. The parties will inform the Court before the end of the dispositive motions briefing cycle if the discovery they wish to conduct requires adjustment of the motions timetable.

9. **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P, should be modified, and whether and when depositions of experts should occur.**

The parties have agreed to dispense with the procedures set forth in Fed. R. Civ. P. 26(a)(2), as they believe expert witness disclosures and discovery are adequately addressed by the alternative procedure to which they have agreed (*see* ¶8).

10. **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

11. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Bifurcation is not requested.

12. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties suggest a pretrial date of March 28, 2007.

**13.   Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties recommend that the trial date be set at the pretrial conference.

**14.   Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

Counsel are aware of no other matters which require inclusion in a scheduling order. Plaintiffs' counsel wishes to inform the Court that she will be out of the country from March 31, 2007 through April 12, 2007, and asks the Court to consider this absence (and the inevitable deluge of work which must be addressed in its aftermath) in setting the schedule.

A proposed scheduling order accompanies this report.

/s/   *Diana M. Savit*
_____
Diana M. Savit #244970
**SAVIT & SZYMKOWICZ, LLP**
7315 Wisconsin Avenue
Suite 601N
Bethesda, Maryland 20815
(301) 951-9191
Attorneys for plaintiffs

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

EDWARD P. TAPTICH (#012914)
Chief, Equity Section 2

/s/   *Amy Caspari*
_____
Amy Caspari (#488968)
Assistant Attorney General
441 4th Street, Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
Attorneys for defendants