# CERTIFICATION OF RECORD

INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
***STUDENT HEARING OFFICE***
**SPECIAL EDUCATION**

In the Matter RE:  **G█, S█████ vs. Murch Elementary School**

Case Information:      Hearing Dates: **01/26/2006**
Held at: **District of Columbia Public Schools Headquarters**
**825 N. Capitol Street, N.E.**
**Washington, D.C. 20002**
Student Identification Number:  **9207873**
Student's Date of Birth:  █████/1996
Attending School: **Kingsbury Day School**
Managing School:
Hearing Request Date(s) **10/25/2006**

## CERTIFICATION OF RECORD

I, **Shawnta Maddox, Legal Assistant of the Student Hearing Office,**

DO HEREBY CERTIFY that the attached Record of Proceeding is the entire record in

the above entitled matter as of this date, consisting  of all letters, pleadings, orders,

exhibits and depositions.

I FURTHER CERTIFY that the materials forwarded herewith are the true copy

of the original documents submitted in this matter.

EXECUTED this 1st day of December 2006

**LEGAL ASSISTANT**
**STUDENT HEARING OFFICE**

1

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
## <u>CONFIDENTIAL</u>

### Charles R. Jones, Esq., Due Process Hearing Officer
### 825 North Capitol Street, N.E.  8th Floor
### Washington, D.C.  20002
### Facsimile:  (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| S██████ G██, Student, | ) | **HEARING OFFICER'S DECISION** |
| Date of Birth: ███-88 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: January 26, 2006 |
| | ) | |
| vs. | ) | |
| | ) | Held at:  825 North Capitol Street, NE |
| The District of Columbia Public Schools, | ) | Eighth Floor |
| Attending:  Kingsbury Day School | ) | Washington, D.C. 20002 |
| Respondent. | ) | |

## <u>AMENDED DECISION AND ORDER</u>

2006 APR 27  PM 12: 46
DC PUBLIC
SCHOOL SYSTEM

| | |
|---|---|
| **Parent(s):** | Drs..Harwant & Aleksandra Parpura-Gill<br>2907 Ellicott Street, N.W.<br>Washington, D.C.  20008 |
| **Counsel for Parent:** | Diane M. Savit, Esq.<br>Savit & Szymkowicz, LLP<br>7315 Wisconsin Ave.,<br>Suite 601<br>Bethesda, MD  20814 |
| **Counsel for School:** | Rhondalyn D. Primes, Attorney- Advisor<br>Office of the General Counsel, DCPS<br>825 North Capitol Street, N.E., 9th Floor<br>Washington, D.C. 20002 |

2

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### *State Enforcement and Investigative Division*

### Special Education Due Process Hearing

## I.  INTRODUCTION

On October 25, 2005, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent; Diana M. Savit, Esq. The request alleges DCPS failed to timely register SG or to develop an appropriate educational program for SG.

A Due Process Hearing was convened on January 26, 2006 at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., and 8th Floor, Washington, D.C. 20002.  Rhondalyn D. Primes, Esq., Attorney-Advisor represented DCPS.  Diana M. Savit, Esq., represented the parent.  Five Day Disclosure Letters were entered into the record, without any objection by either party.  On behalf of the parent: Disclosure Letter dated January 23, 2006: SG-1 through SG-25.  On behalf of DCPS: Disclosure Letter dated January 19, 2005: DCPS-01 through DCPS-03.  Parent's counsel objected to the entry of DCPS-01.  The objection was not granted.  Parent's counsel waived a formal reading of the Due Process Rights.  The parties did not enter any testimony, as the case was settled on the record.  An issue arose concerning whether the student had registered as a DCPS student.   The Hearing Officer requested verification on the issue of registration and the record remained open for one week.   In response to this request, DCPS submitted a letter dated January 30, 2006.

## II.  JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to *Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 (IDEIA);* 20 United States Code 1400 ET. Seq.; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III.  ISSUES

Whether DCPS denied the student FAPE by failing to timely register SG and by failing to determine an appropriate educational placement for S.G?
2.

## IV.     SUMMARY OF RELEVANT EVIDENCE

This case involves allegations by parent's counsel that the District of Columbia Public Schools (hereinafter "DCPS") failed to provide a fee appropriate public education. According to parent's counsel, the parent's acquired a new residence in the District of Columbia. However, the parents decided to allow the student to complete the 2004-2005 school years in the Montgomery county school system, as the decision was made not to interrupt the student's educational year. It is alleged that the parent sought to register the student early on or around March 2005 in order to allow DCPS to determine an appropriate educational placement for the student. It is further alleged that early registration was not allowed. The parent's were allowed to register the student in August 2005, but the student remained enrolled at Kingsbury at the beginning of the 2005-2006 school years. The parents alleged, through their counsel, that DCPS failure to allow early registration constitutes a denial of a free appropriate public education (FAPE). DCPS alleges the student parent's decided to place the petitioner within a private school, as DCPS did not refuse to develop an appropriate educational program or provide an appropriate educational placement for S.G. Additionally, DCPS alleged that the petitioner was never registered as a non-attending student. The Hearing Officer ordered respondent's counsel to provide documentary evidence to support this allegation and the record remained open for a week for this submittal.

At the commencement of the hearing, counsel for the respondent entered a motion to dismiss this matter, alleging that the petitioner had not been registered at DCPS. The motion to dismiss was not granted. Counsel for the petitioner requested that the record reflect that all of petitioner's rights be reserved with respect to future claims of relief in light of the fact that there was a settlement component to the order. The Hearing Officer noted that request in the record, but there was no determination made that DCPS had violated any of the petitioner's rights at the hearing, as there was no denial of a free appropriate public education (FAPE).

## V.     FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

1.     S.G. is a nine- (9) year old student presently residing in the District of Columbia and a student enrolled at the Kingsbury School.

2.     S.G. was previously determined by the Montgomery county public school system to be eligible for special education and related services.

3.

4

3.      At the commencement of the 2005-2006 school years, the student was enrolled at the Kingsbury School, which is a private placement.

4.      The student was not enrolled as a non-attending student at the Shaw Care Center, which is the designated site of the Superintendent.

### Based upon the foregoing: IT IS HEREBY ORDERED

1) **Petitioner's counsel entered into a settlement agreement.**

2) **Petitioner is not the prevailing party in this matter.**

3) **DCPS shall, within thirty- (30) calendar days of the issuance of the HOD, convene a MDT/IEP team meeting to review all current evaluations, review and revise the student's IEP as warranted and discuss and determine an appropriate educational placement including the parent's placement options.**

4) **In the event the appropriate placement is to a public school, DCPS shall issue a prior notice of placement within five- (5) school days of the MDT/IEP team meeting. If the appropriate placement is to a non-public facility, DCPS shall issue a prior notice of placement within thirty- (30) calendar days of the MDT/IEP team meeting.**

5) **All communications and notices shall be sent through the parent's counsel.**

6) **Any delay in the above time frames caused by the student or student's counsel shall result in an extension of one day for each day of delay.**

4.

VI.    **APPEAL PROCESS**

      This is the FINAL ADMINISTRATIVE DECISION.  Appeals may be made to a court of competent jurisdiction within ninety- (90) days from the date this decision was issued.

_____    Date Filed: _04-27-06_
**Charles R. Jones, Esq., Hearing Officer**

Date Issued: _____

5.

6

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
### <u>CONFIDENTIAL</u>

### Charles R. Jones, Esq., Due Process Hearing Officer
### 825 North Capitol Street, N.E.  8th Floor
### Washington, D.C.  20002
### Facsimile:  (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| S██████ G███,   **Student**, | ) | **HEARING OFFICER'S DECISION** |
| Date of Birth: 0███-88 | ) | |
| | ) | |
| **Petitioner,** | ) | Hearing Date: January 26, 2006 |
| | ) | |
| vs. | ) | |
| | ) | Held at:  825 North Capitol Street, NE |
| The District of Columbia Public Schools, | ) | Eighth Floor |
| Attending:  Kingsbury Day School | ) | Washington, D.C. 20002 |
| **Respondent.** | ) | |
| | ) | |

## <u>DECISION AND ORDER</u>

**Parent(s):**   Drs..Harwant & Aleksandra
Parpura-Gill
2907 Ellicott Street, N.W.
Washington, D.C.  20008

**Counsel for Parent:**   Diane M. Savit, Esq.
Savit & Szymkowicz, LLP
7315 Wisconsin Ave.,
Suite 601
Bethesda, MD  20814

**Counsel for School:**   Rhondalyn D. Primes, Attorney- Advisor
Office of the General Counsel, DCPS
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### *State Enforcement and Investigative Division*

### Special Education Due Process Hearing

## I.  INTRODUCTION

On October 25, 2005, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Diana M. Savit, Esq. The request alleges DCPS failed to timely register SG or to develop an appropriate educational program for SG.

A Due Process Hearing was convened on January 26, 2006 at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., and 8th Floor, Washington, D.C. 20002.  Rhondalyn D. Primes, Esq., Attorney-Advisor represented DCPS. Diana M. Savit, Esq., represented the parent.  Five Day Disclosure Letters were entered into the record, without any objection by either party. On behalf of the parent: Disclosure Letter dated January 23, 2006: SG-24 through SG-25.  On behalf of DCPS: Disclosure Letter dated January 30, 2005.   Parent's counsel waived a formal reading of the Due Process Rights.  The parties did not enter any testimony, as the case was settled on the record.

## II.  JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to *Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 (IDEIA);* 20 United States Code 1400 ET. Seq.; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III.  ISSUES

Whether DCPS denied the student FAPE by failing to timely register SG or to develop an appropriate educational placement for SG?

2.

IV.    **SUMMARY OF RELEVANT EVIDENCE**

This case involves allegations by parent's counsel that the District of Columbia Public Schools (hereinafter "DCPS") failed to provide a fee appropriate public education. According to parent's counsel, the parent's acquired a new residence in the District of Columbia. However, the parents decided to allow the student to complete the 2004-2005 school years in the Montgomery county school system, as the decision was made not to interrupt the student's educational year. The parent did seek to register the student early on or around March 2005 in order to allow DCPS to determine an appropriate placement. It is alleged that early registration was not allowed. The parent's were allowed to register the student in August 2005, but the student remained enrolled at Kingsbury at the beginning of the 2005-2006 school years, as the student attended ESY at Kingsbury. The parents alleged, through their counsel, that DCPS failure to allow early registration constitute a denial of a free appropriate public education (FAPE). DCPS alleges the student parent's decided to place the petitioner within a private school, as DCPS did not refuse to develop an appropriate educational program for S.G. Additionally, DCPS alleged that the petitioner was never registered as a non-attending student.

V.    **FINDINGS OF FACT**

The Hearing Officer makes the following findings of fact:

1.    S.G. is a nine- (9) year old student presently residing in the District of Columbia and a student enrolled at the Kingsbury School.

2.    S.G. was previously determined by the Montgomery county public school system to be eligible for special education and related services.

3.    At the commencement of the 2005-2006 school years, the student was enrolled at the Kingsbury School, which is a private placement.

4.    The student was not enrolled as a non-attending student at the Shaw Care Center, which is the designated site of the Superintendent.

3.

**Based upon the foregoing: IT IS HEREBY ORDERED**

1) Petitioner's request for relief is GRANTED, as the parties agreed to terms.

2) Petitioner is not the prevailing party in this matter.

3) DCPS shall, within thirty- (30) calendar days of the issuance of the HOD, convene a MDT/IEP team meeting to review all current evaluations, review and revise the student's IEP as warranted and discuss and determine an appropriate educational placement including the parent's placement options.

4) In the event the appropriate placement is to a public school, DCPS shall issue a prior notice of placement within five- (5) school days of the MDT/IEP team meeting. If the appropriate placement is to a non-public facility, DCPS shall issue a prior notice of placement within thirty- (30) calendar days of the MDT/IEP team meeting.

5) All communications and notices shall be sent through the parent's counsel.

6) Any delay in the above time frames caused by the student or student's counsel shall result in an extension of one day for each day of delay.

**VI.    APPEAL PROCESS**

This is the FINAL ADMINISTRATIVE DECISION.  Appeals may be made to a court of competent jurisdiction within ninety- (90) days from the date this decision was issued.

Date Filed: 02-01-06

_____
Charles R. Jones, Esq., Hearing Officer

Date Issued: _____

4.

# ATTENDANCE SHEET

| STUDENT'S NAME: | S███████ | 6███ (9:0) |
|---|---|---|
| HEARING DATE: | JAN. 26, 2006 (HR-3) | |

| PRINTED NAME | ON BEHALF OF DCPS OR STUDENT | TITLE |
|---|---|---|
| ALEKSANDRA PAPPURA-Grau | Student | parent |
| Michelle Davis | Student | Educational Consultant |
| Diana M. Savit | Student | Attorney |
| Rhondalyn D. Primes | DCPS | Atty-Advisor |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Impartial Hearing Officer

11



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

*Office of the Superintendent*
**Office of the General Counsel**
*825 North Capitol Street, N.E., 9th Floor*
202-442-5000     Fax # 202-442-5098
*www.k12 .dc.us*

2006 APR 27  AM 9:17

**DC PUBLIC**
**SCHOOL SYSTEM**

March 22, 2006

District of Columbia Public Schools
Office of Management Services
Special Education Student Hearing Office
825 North Capitol Street NE, 8th Floor
Washington, DC 2002-1994

Re:      S⬛⬛⬛⬛⬛ G⬛⬛     v. DCPS
DOB: ⬛⬛/96

Dear Hearing Officer Jones:

DCPS submits this letter in response to Petitioners' March 20, 2006 letter requesting clarification of four points made in the February 1, 2006 Hearing Officer Decision (the "HOD"). While DCPS agrees that there are some things that occurred at the hearing that were not included in the HOD, DCPS is opposed to Petitioners' assertion of the following:

- **that DCPS' letter of December 30, 2005, was "neither approved nor requested by the hearing officer; and,**

- **that the Petitioners "reserved their right to raise in the future their other claim for relief; i.e. a request for placement in what they believe is the appropriate program for Sebastian and for reimbursement of the tuition and other expenses they have incurred since August 29, 2005 in providing that program."**

DCPS, in its oral Motion to Dismiss the Complaint, argued, among other things, that it did not have a legal obligation to provide FAPE to Sebastian because he was not registered as a non-attending student at the Shaw Care Center, pursuant to 30 DCMR 3004.1. In response to that argument, the Hearing Officer did in fact ask DCPS, in front of Petitioners' Counsel, to supplement the record with evidence of this fact. DCPS' January 30, 2005 letter was in response to that request. There was never an objection by Petitioners' Counsel at the hearing regarding this request.

DCPS' oral Motion to Dismiss was not included in the HOD. Although the parties ultimately agreed to settle the matter, the HOD needs to reflect that DCPS did in fact present an Oral Motion to Dismiss in this case.

Second, Petitioner only reserved their rights as to the issue of appropriate placement. Although this is a minor clarification, DCPS feels it important to note this given the language of

12

paragraph five of the Petitioners' Due Process written this paragraph makes no appearance of the Petitioners reserved their rights for more than the issue of placement. Petitioners, in fact, did not and the HOD should reflect that.

Petitioners', in their letter, assert that DCPS did not object to their January 23, 2006 disclosure statement. While the undersigned's notes reflect that there was no objection to the Petitioner's January 19, 2006 disclosures, the undersigned's notes as to DCPS' position on the January 23, 2006 disclosures are lacking. Therefore DCPS recommends that the Hearing Officer review the record carefully to ensure this is accurate before amending the February 1, 2006 HOD. DCPS will order the audio recording of the hearing to also ensure that this is true.

Respectfully submitted,

Rhondalyn Primes, Attorney Advisor

cc:  Diane Savit

2
1 3



**Office of the General Counsel**
9th Floor
**825 North Capitol St, NE**
**Washington, DC 20002**
**(202) 442-5000**
**Fax (202) 442-5098**

# FACSIMILE

**Date:**      03-22-06

**TO:**  Diane Savit                    **Fax No.:**   301/718-7788

**RE:**  S̶e̶b̶a̶s̶t̶i̶a̶n̶ G̶i̶l̶l̶,           **Tele. No.:**
    Response to March 20, 2006 Letter

**FROM:**    Rhondalyn Primes, Esq.       **Tele. No.:** 202-442-5161
        Attorney Advisor

        **No. Pages, Including Cover Sheet:**   3

**COMMENTS:**

_____

_____

### CONFIDENTIALITY NOTICE

*The information contained in this telefacsimile has been transmitted by an attorney.  It is privileged and confidential, intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited.  If this communication has been received in error, please notify us immediately by telephone, and return the original message to us at the above address via first class prepaid US postage. Thank you.*

14

```
MODE = MEMORY TRANSMISSION        START=OCT-06 00:00    END=OCT-06 00:00

    FILE NO.=990

STN   COMM.      STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES    DURATION
NO.

001   OK      ☎913017187788                                 003/003  00:00:59
```

-DCPS GENERAL COUNSEL    -

***** UF-8000 ********************* -DCPS GEN COUNSEL- ***** -    2024425097- *********



Office of the General Counsel
9th Floor
825 North Capitol St, NE
Washington, DC 20002
(202) 442-5000
Fax (202) 442-5098

## FACSIMILE

**Date:**    03-22-06

**TO:** Diane Savit    **Fax No.:** 301/718-7788

**RE:** S███████ G██    **Tele. No.:**
Response to March 20, 2006 Letter

**FROM:**  Rhondalyn Primes, Esq.    **Tele. No.:** 202-442-5161
Attorney Advisor

No. Pages, Including Cover Sheet: __3__

**COMMENTS:**

*CONFIDENTIALITY NOTICE*

*The information contained in this telefacsimile has been transmitted by an attorney. It is privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If this communication has been received in error, please notify us immediately by telephone, and return the original message to us at the above address via first class prepaid US postage. Thank you.*

**FAX FROM**

Law Offices
# Savit & Szymkowicz, LLP
Air Rights Center - Suite 601 North
7315 Wisconsin Avenue
Bethesda, MD  20814
Phone: (301) 951-9191

| | |
|---|---|
| To: Charles R. Jones, Esq. | Fax Number: 2024425556 |
| Company : DCPS | Date : 3/20/2006          Time : 5:43:50 PM |
| From : Diana Savit | Fax Number : 301-718-7788 |
| Sender's Direct Dial: 301-951-9191 | Pages including cover page: 3 |

| |
|---|
| Subject : S▓▓▓▓▓ G▓▓ |

**Comments:**

Please see attached.

## CONFIDENTIALITY NOTICE

The information contained in this transmission is intended only for the named recipient and may be privileged and/or confidential.  If you receive this transmission in error, please notify the sender immediately and mail the original transmission pages back to the sender.

LAW OFFICES
## SAVIT & SZYMKOWICZ, LLP
7315 WISCONSIN AVENUE
SUITE 601 NORTH TOWER
BETHESDA, MD 20814-3202

MARVIN L. SZYMKOWICZ
MLS@BOWSSLAW.COM

DIANA M. SAVIT
DMS@BOWSSLAW.COM

LISA SELTZER BECKER
LSB@BOWSSLAW.COM

PHONE: (301) 951-9191
FAX: (301) 718-7788
EMAIL: MAIL@BOWSSLAW.COM
WWW.BOWSSLAW.COM
ALSO PRACTICING IN THE DISTRICT OF COLUMBIA

OF COUNSEL:

LORETTA J. GARCIA
LJG@BOWSSLAW.COM
(ALSO ADMITTED IN PA,
INACTIVE STATUS)

ARTHUR J. SALZBERG
(ALSO ADMITTED IN VA)

March 20, 2006

**BY FAX**
Charles R. Jones, Esq.
Due Process Hearing Officer
c/o District of Columbia Public Schools
State Enforcement and Investigative Division
825 North Capitol Street, N.E.
8th Floor
Washington, D.C. 20002

> Re: *In the matter of S███████ G██ DOB ████88 v. The District of Columbia Public Schools*

Dear Mr. Jones:

The referenced matter was scheduled for a due process hearing on January 26, 2006. You presided as the impartial hearing officer. As you may recall, the parties settled some of the issues presented by the due process request before any evidence was received, and agreed to reserve certain other issues for future litigation if warranted. On February 1, 2006, you issued a determination, which we would like to ask you to clarify to make sure that everyone understands precisely what we discussed and agreed to on January 26th. The specific matters of concern are:

- **Student's five-day disclosures.** The hearing officer's determination ("HOD") indicates that the student offered documents SG-24 through SG-25, via disclosure letter dated January 23, 2006. The student actually offered 25 exhibits: SG-1 through SG-23, via disclosure letter dated January 19, 2006, and the referenced additional exhibits on January 23rd. All were accepted without objection by DCPS, as the HOD states.

- **DCPS's five-day disclosures.** The HOD states that DCPS offered a disclosure letter on January 30, 2005. That letter was a post-hearing submission by DCPS that, to the best of our knowledge, was neither approved nor requested by the hearing officer. The Gills did not consent to this late submission. In any event, it was not a five-day disclosure. DCPS did submit five-day disclosures on January 19, 2006, including three exhibits, none containing the information found in the January 30th letter. The HOD further recites that both parties' disclosure letters were entered into the record, without any objection by either party. The Gills actually objected to DCPS Exhibit 1, the resolution meeting notes.

17

Charles R. Jones, Esq.
March 20, 2006
Page 2

- **Summary of relevant evidence/findings of fact.** As the HOD correctly notes, no testimony was heard. The only "evidence" offered at the hearing were representations of counsel made in the course of the arguments in support of and in opposition to both parties' preliminary motions. Factfinding, except on undisputed issues, therefore could not occur.

- **Disposition.** The HOD accurately reflects that the parties agreed to terms before formal evidentiary proceedings began. The determination, however, does not fully reflect those terms. The parties agreed to resume the MDT/IEP process for Seleenian Gill and the determination further aided the parties by setting specific deadlines for completing that process. The Gills, however, reserved their right to raise in the future their other claim for relief; *i.e.,* a request for placement in what they believe is the appropriate program for Seleenian and for reimbursement of the tuition and other expenses they have incurred since August 29, 2005 in providing that program. DCPS, for its part, reserved all of its arguments against that relief. Both sides agreed to await the outcome of the MDT/IEP process, recognizing that it could have the effect of mooting, or reducing the scope of, these issues. The HOD is silent as to these important matters.

Because the February 1, 2006 HOD provides a road map for the parties of their respective rights and obligations going forward, it is in everyone's interest that it fully reflect the events at the January 26, 2006 hearing. On the Gills' behalf, therefore, I ask that you clarify and amend the determination as indicated in this letter.

For your information, the MDT/IEP process is proceeding. The parties met on March 2, 2006 and again on March 16, 2006. The IEP is still being developed.

Very truly yours,

Diana M. Savit

cc:    Rhondalyn Primes, Esq.
       Harwant Gill & Aleksandra Parpura-Gill

18



**DISTRICT OF COLUMBIA
PUBLIC SCHOOLS**

**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000   Fax: 202-442-5098
www.k12.dc.us

2006 APR 27  AM 9: 17

**DC PUBLIC
SCHOOL SYSTEM**

January 30, 2006

Student Hearing Office
Attn:  Hearing Officer Jones
825 North Capitol Street, NE, 8th Floor
Washington, DC 20002

**STATUS REPORT**

**Subject: Due Process Hearing for S██████ G██**
**DOB:**    ████/96
**Attending School:  Kingsbury Day School**
**Home School:**

Dear Hearing Officer Jones:

Last Thursday, January 26, 2006, there was a due process hearing held for S██████ G██. At that hearing you asked if S██████ had been registered as a non-attending student at the Shaw Care Center, the designated site of the Superintendent, pursuant to 30 DCMR 3004.1(d)(2005). Earlier this morning I spoke with Natalia Houston, the Supervising Coordinator at the Shaw Care Center.  She indicated that this student has never registered as non-attending at the Center.

Best,

Rhondalyn Primes
Attorney Advisor

cc: Diane Savit

19



**Office of the General Counsel**
9th Floor
825 North Capitol St, NE
Washington, DC 20002
(202) 442-5000
Fax (202) 442-5098

# <u>FACSIMILE</u>

**Date:**    01-30-06

**TO:**  Diane Savit                    **Fax No.:**   301/718-7788

**RE:**  ~~Sebastian Gill~~              **Tele. No.:**
Status Report

**FROM:**    Rhondalyn Primes, Esq.      **Tele. No.:**  202-442-5161
Attorney Advisor

**No. Pages, Including Cover Sheet:**    2

**COMMENTS:**

---

<u>*CONFIDENTIALITY NOTICE*</u>

*The information contained in this telefacsimile has been transmitted by an attorney. It is privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If this communication has been received in error, please notify us immediately by telephone, and return the original message to us at the above address via first class prepaid US postage. Thank you.*

```
            *** TX REPORT ***
            ********************

TRANSMISSION OK

TX/RX NO           2912
CONNECTION TEL              913017187788
CONNECTION ID
ST. TIME           01/30 12:08
USAGE T            00'50
PGS. SENT             2
RESULT             OK
```



**Office of the General Counsel**
**9th Floor**
**825 North Capitol St, NE**
**Washington, DC 20002**
**(202) 442-5000**
**Fax (202) 442-5098**

# **FACSIMILE**

**Date:**    01-30-06

**TO:**  Diane Savit                    **Fax No.:**  301/718-7788

**RE:**  ~~Sebastian Gill~~                    **Tele. No.:**
    Status Report

**FROM:**  Rhondalyn Primes, Esq.       **Tele. No.:**  202-442-5161
     Attorney Advisor

**No. Pages, Including Cover Sheet:**  2

**COMMENTS:**

_____

# SAVIT & SZYMKOWICZ, LLP
ATTORNEYS AND COUNSELORS

SUITE 601 NORTH
AIR RIGHTS CENTER
7315 WISCONSIN AVENUE
BETHESDA, MARYLAND 20814-3232

TELEPHONE (301) 951-9191
FACSIMILE (301) 718-7788

## FAX COVER SHEET

**To:** State Enforcement and Investigations Division For Special Education Programs (SEID)
Student Hearing Office (SHO)
**Company:** District of Columbia Public Schools

**To:** Rhondalyn Primes, Esq.
**Company:** Office of the General Counsel, District of Columbia Public Schools

**Date:** January 26, 2006

**From:** Diana M. Savit          **Client:** Gill

**Recipient's telecopier number:** (202) 442-5556
**Recipient's telephone number:** (202) 442-5432

**Recipient's telecopier number:** (202) 442-5098
**Recipient's telephone number:** (202) 442-5161

**Number of pages, including cover sheet: 13**

If there is a problem in transmitting, or if you have not received all of the pages, call (301) 951-9191.

The original _____ will ____X____ will not follow by regular mail.

Remarks/special instructions:

Submitted herewith is a preliminary motion relating to the January 26, 2006 due process hearing.

*NOTICE OF CONFIDENTIALITY: THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE. IT MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. NEITHER THE SENDER NOR THE INTENDED RECIPIENT HAS WAIVED ANY PRIVILEGE, CONFIDENTIALITY OR EXEMPTION FROM DISCLOSURE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THE COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE (COLLECT IF NECESSARY) AND RETURN THE ORIGINAL MESSAGE BY MAIL TO US AT THE ABOVE ADDRESS. THANK YOU.*

*Before the Student Hearing Office*
*District of Columbia Public Schools*

DC PUBLIC
SCHOOL SYSTEM
2006 JAN 26 AM 9: 58

| |
|---|
| S▬▬▬ G▬, |
| **Petitioner** |
| v. |
| DISTRICT OF COLUMBIA PUBLIC SCHOOLS, |
| **Respondent** |

**Due process hearing scheduled for January 26, 2006**

## MOTION FOR PARTIAL SUMMARY DISPOSITION

S▬▬ G▬ ("S▬▬"), together with his parents and legal guardians, Harwant Gill and Aleksandra Parpura-Gill (collectively, "the Gills"), respectfully move for a summary finding that the District of Columbia Public Schools ("DCPS") failed to meet its obligations to S▬▬ pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.* ("IDEA"), and therefore did not make a free appropriate public education ("FAPE") available to him for the 2005-06 school year. The Gills respectfully submit that the record to date, including the evidence to be offered by DCPS, is insufficient to meet DCPS's burden of proof on this issue, and that DCPS has not designated any competent witness whose testimony could stave off an adverse finding on this point. Consequently, the Gills ask the presiding hearing officer to rule in their favor on the question of DCPS's failure to provide a FAPE, and to proceed directly to considering whether (1) the placement the Gills found for S▬▬, The Kingsbury Day School, is appropriate for him, and (2) DCPS should be ordered to place Sebastian there and to reimburse the Gills for costs already incurred in providing that placement.

23

## FACTUAL BACKGROUND

On October 25, 2005, the Gills submitted a due process complaint which alleges the following, in pertinent part:

- Until the end of the 2004-05 school year, Sebastian (born ████ 1996) lived in Montgomery County and attended Montgomery County Public Schools ("MCPS"), where he received special education and related services as a multiply disabled student.

- MCPS found that Sebastian needed to be educated in a special setting (a learning and academic disabilities class) because that was the least restrictive environment in which he could be educated successfully.

- In early 2005, the Gills moved into the District of Columbia, specifically the Murch Elementary School ("Murch") district, although Sebastian and his mother continued to reside in Montgomery County to allow him to finish the school year without interruption.

- Beginning April 29, 2005, and continuing with telephone calls and/or personal visits on May 3, 2005, May 20, 2005, June 8, 2005 and June 10, 2005, Sebastian's mother, Dr. Aleksandra Parpura-Gill, attempted to register him at Murch, but either received no response whatsoever or was rebuffed on the grounds that DCPS registers children only in August for the school year that is about to commence. *See* DCPS Exhibit 1; Attachment A, January 25, 2006 affidavit of Aleksandra Parpura-Gill. Dr. Gill wanted to begin the registration process as early as possible in order to allow DCPS to plan for her special needs child.

- Each time Dr. Gill contacted DCPS, she told the persons with whom she spoke that Sebastian had been in special education in MCPS and offered copies of his individualized education plans (IEPs) and other evaluative material. Only the IEPs were accepted, and then only for the limited purpose of allowing the principal to seek guidance from DCPS's central office about the procedures to be followed. Attachment A.

2

- Dr. Gill finally successfully registered Sebastian at Murch on August 22, 2005. On August 23, 2005, she was contacted by a special educator and invited to attend a meeting to discuss Sebastian. She was not otherwise told the purpose of the meeting, nor who would attend on DCPS's behalf. She did not receive written notice of the meeting (DCPS Exhibit 2) until after the date and time for which it originally was scheduled, August 26, 2005 at 10 a.m., had passed. Attachment A.

- Although Dr. Gill initially indicated that she was available to meet with DCPS at the proposed date and time, on August 25, 2005 she asked Murch's principal to postpone the meeting for one week because she wanted more information about what was to take place and who would attend. DCPS Exhibit 3. She also was unable to secure (or was uncertain of her ability to secure) the attendance of her own advisors on such short notice. Attachment A.

- Murch never responded to Dr. Gill's request to reschedule the meeting.

- DCPS made no further effort to assess Sebastian needs, determine his eligibility, or develop an IEP for him. DCPS has not to date offered Sebastian a special education program or placement.[1]

- DCPS, in its response to the Gills' due process complaint, denies that it refused to register Sebastian, alleging that open enrollment for the 2005-06 school year began on July 18, 2005. None of the four witnesses DCPS has designated, however, ever discussed registration with Dr. Gill or even interacted with her prior to the last week in August of

---

[1]
    DCPS Exhibit 1, the notes from the resolution meeting held November 8, 2005 pursuant to 20 U.S.C. §1415(f)(1)(B), refer to a proposal for Sebastian education made to the Gills at that time. We question whether this information is properly before the hearing officer, as resolution sessions are analogous to settlement negotiations, whose substance typically is excluded from evidence. Fed. R. Evid. 408. Conduct or statements made in compromise negotiations are similarly excluded. *Id.* Because we do not at this time know why DCPS has designated the resolution meeting notes as an exhibit, the Gills reserve their right to object to this exhibit on this basis. Assuming, for the moment, that DCPS has an independent use for this exhibit that renders it admissible, we rely upon the exhibit solely for what we view as legitimate evidentiary purposes. In any event, there is no evidence that either an IEP or a placement proposal that meets IDEA's procedural requirements (in writing, containing specified detailed information) has ever been presented to the Gills.

3

2005.  Of those four, she had direct contact with only one person--the current principal of Murch--and that solely with respect to her request to reschedule the August 26, 2005 meeting.  Attachment A.

- DCPS also contends that the Gills refused to allow DCPS to develop an educational program for S█████, but its own Exhibit 3--Dr. Gill's note in which she asked DCPS to postpone the August 26, 2005 meeting by one week and sought information about what would happen at the meeting--contradicts DCPS's contention, and there is no competent witness to offer any other evidence.

- DCPS has not designated any evaluative materials it assembled concerning S█████.  Its only proof that it attempted to obtain same is a brief comment in DCPS Exhibit 1[2] to the effect that it wanted to meet the week before school started in order to begin the process of gathering information about S█████.  DCPS has also failed to designate an IEP that it was prepared to implement for S█████ or a notice of a proposed special education placement for him.

Based upon the record, including both what DCPS said in its response to the Gills' due process complaint and the evidence it says it may offer, we respectfully submit that DCPS cannot meet its burden of proving that it offered S█████ a free appropriate public education in a timely manner, or even that it reasonably attempted to do so.  The hearing officer should therefore move directly to considering the appropriateness of the alternative placement selected by S█████ parents.

## DISCUSSION

IDEA's primary purpose is to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services

---

[2]    *See* n. 1, *supra*, regarding concerns about DCPS's use of this document.

4

26

designed to meet their unique needs and prepare them for further education, employment and independent living. 20 U.S.C. §1400(d)(1). Compliance with IDEA's mandate is accomplished, in part, by developing an IEP for each disabled child. 20 U.S.C. §1412(a)(4). There must be an IEP in effect at the beginning of each school year for each child with a disability within DCPS's jurisdiction. 20 U.S.C. §1414(d)(2)(A).

DCPS does not contest the Gills' claims that at the start of the 2005-06 school year, S▬▬ was within DCPS's jurisdiction, nor that DCPS did not have an IEP for him at that time. DCPS certainly must therefore agree that it had no special education placement for S▬▬ on the day school started, because a placement can be determined only following development of an IEP. *See, e.g., Spielberg v. Henrico County Public Schools*, 853 F.2$^d$ 1988 (4th Cir. 1988).

In the case of a child, like S▬▬, who moves from one jurisdiction to another with a current IEP, the receiving school system can fulfill its IDEA mandate by providing a FAPE, including services comparable to those described in the prior IEP, until such time as the new local education agency conducts any appropriate evaluations and develops a new IEP, if one is needed. 20 U.S.C. §1414(d)(2)(C)(i)(II). As part of that effort, the new school must take reasonable steps promptly to obtain the child's records relating to the provision of special education and related services from the previous school in which the child was enrolled. 20 U.S.C. §1414(d)(2)(C)(i)(III).

DCPS has not identified a witness who can refute Dr. Gill's testimony that beginning on April 29, 2005 she repeatedly offered DCPS the opportunity to begin to plan for S▬▬ arrival in fall 2005, including bringing to Murch S▬▬ current and future IEPs and offering additional records. Nor has DCPS identified anyone who can refute her testimony that she was repeatedly told that she could not register S▬▬—and thus begin the planning process—until

5

August. It is undisputed that DCPS was unable to develop a plan for S██████ between his August registration and the start of the 2005-06 school year, in part because the date on which DCPS wanted to meet was inconvenient for Dr. Gill and in part because she sought additional information about what would happen at the meeting. Finally, it is undisputed that there was insufficient time for DCPS to develop a plan for S██████ between the August registration and the start of the school year. Although DCPS did propose a meeting one business day before the school year started on August 29, 2005, that date was inconvenient for Dr. Gill. In any event, DCPS wanted to use that meeting to begin the process of learning about S██████, meaning that even if the meeting had taken place at DCPS's preferred time, it would have been too late to be effective. DCPS would not, for example, have had at that point the MCPS records it was legally required to obtain. The net result was that DCPS had no IEP or special education placement for S██████ at the start of the school year, as required, has not since made reasonable efforts to do so, and still has no plan or placement--evidenced by its failure to designate an IEP or placement notice as an exhibit for the due process hearing.

DCPS could easily have avoided this outcome by starting to plan for S██████ arrival as soon as Dr. Gill first contacted Murch on April 29, 2005. The only reason for the DCPS's four-month delay is that DCPS followed its policy of refusing to register S██████ and, consequently, refusing to consider his special education needs–until August. This raises the question whether DCPS legally may implement a registration policy that necessarily gives it only a limited window within which to learn about a new special needs child and then to develop an appropriate program for him.

A public school system may not adopt policies that frustrate its IDEA compliance. *See, e.g.*, *Sarah M. v. Weast*, 111 F.Supp. $2^d$ 695 (D. Md. 2000) (state requirement which stands as a critical obstacle to accomplishment and execution of full purposes and objectives of Congress is

6

invalidated under the Constitution's Supremacy Clause); *Gerstmyer v. Howard County Public Schools,* 850 F.Supp. 361 (D.Md. 1994) (public school system cannot refuse to carry out IDEA-mandated procedures merely because it is inconvenient to do so during the summer). The *Gerstmyer* decision is instructive here: Because Howard County Public Schools took excessive time to evaluate Alex Gerstmyer, determine his IDEA eligibility and develop an appropriate program for him, his first grade year began in what the court described as "a state of complete disarray." *Gerstmyer, supra,* 850 F.Supp. at 365. The Gills were not required to wait for that to happen to S━━━━ and, indeed, took reasonable steps to prevent it, but did not find DCPS a willing partner in this effort.

Because one of DCPS's favorite defenses to IDEA liability is to claim parental obstruction or non-cooperation, we expect DCPS to argue that deferring registration until August does not defeat IDEA objectives as long as parents wholeheartedly and unconditionally jump into the assessment/eligibility/IEP development process immediately following registration. This ignores the reality that leaving less than one month to accomplish all that needs to be done in planning for a child with as many needs as S━━━━ is unrealistic at best, cavalier at worst. To expect to be able to start and complete special education planning in less than one month, especially when that month is August, is to assume that vacations will not interfere; that the student's previous school system will respond promptly to a request for records; that the parents' consultants all will be available and not otherwise committed if their input is needed; and that any additional evaluations, assessments or meetings that may be required can all be completed in the space of a few weeks. In addition, this argument assumes that a child will be registered as soon as DCPS finally opens its doors in August, even though DCPS does not require parents of special needs children to register them early in the month! Registration for the 2005-06 school year was open until August 26, 2005, the last business day before school started. A parent could legitimately have waited until that day to present a child to DCPS for education. What would DCPS have done then?

7

To list the potential problems is to graphically illustrate DCPS's foolishness in delaying registration, and the inherent inability to comply with IDEA when a policy like DCPS's is in effect.

DCPS undoubtedly will also seize upon Dr. Gill's request for more information about the purpose of the August 26, 2005 meeting and to postpone it for one week as further "proof" of parental non-cooperation. It is, again, unreasonable and illegal for DCPS to demand that a parent appear on short notice, without an opportunity to secure the presence of her legally permitted advisors, and to fail to tell her what the meeting is about. *See, e.g.,* 20 U.S.C. §1414(b) and © and 20 U.S.C. §1415(b)(3) (describing written notice that must be provided to parents before various actions are taken with respect to a child's special education assessments, evaluation, identification, educational planning and IEP, or any changes are made or refused to be made to same); 20 U.S.C. §1414(d)(1)(B)(vi) (parents have right to include in IEP team individuals who have knowledge or special expertise regarding the child); *Holland v. District of Columbia,* 71 F.3$^4$ 417 (D.C. Cir. 1995) (parents may reasonably refuse to produce child for assessments until school system explains what tests will be performed and why they are needed). Dr. Gill simply asserted Sebastian's IDEA rights; any argument concerning her conduct improperly penalizes her for doing so.

8

30

## CONCLUSION

For the foregoing reasons, we respectfully submit that DCPS cannot carry its burden of proof on the issue of whether it provided—or made reasonable efforts to provide—a FAPE for Sebastian Gill. This issue should therefore be summarily resolved in Sebastian's favor, and the hearing should immediately proceed to consideration of the appropriateness of the parent-selected placement, The Kingsbury Day School.

Diana M. Savit
SAVIT & SZYMKOWICZ, LLP
7315 Wisconsin Avenue
Suite 601N
Bethesda, Maryland 20814
(301) 951-9191
(301) 718-7788 (fax)
Attorneys for Sebastian Gill

## Certificate of Service

I hereby certify that, this 26th day of January, 2006, a copy of the foregoing motion for partial summary disposition, together with attached exhibit, was served by telecopier upon Rhondalyn Primes, Esq., Attorney Advisor, Office of the General Counsel, District of Columbia Public Schools, 825 North Capitol Street, N.E., 9th Floor, Washington, D.C. 20001.

Diana M. Savit

9