# United States District Court
# for the District of Columbia

| |  |
|---|---|
| **S.G.**, a minor, *et al.*,<br><br>    **Plaintiffs**<br><br>    v.<br><br>**THE DISTRICT OF COLUMBIA**, *et al.*,<br><br>    **Defendant**s | Civil Action No. 06-01317 (RMC) |

## PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT

Plaintiffs S.G., Harwant Gill and Aleksandra Parpura-Gill (collectively, "plaintiffs" or "the Gills") respectfully move the Court to amend its August 8, 2007 memorandum opinion and order to the extent that it found that the Gills did not prevail in the administrative proceedings underlying this action. The Court found that because the Gills settled their administrative dispute with defendants the District of Columbia and Clifford B. Janey, then the Superintendent of Schools of the District of Columbia (collectively, "defendants" or "the District"), the Gills did not "prevail." The Court principally relied upon the United States Supreme Court's decision in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources,* 532 U.S. 598 (2001) (for purposes of awarding attorney's fees pursuant to a fee-shifting statute, a "prevailing party" is one who obtains judicially sanctioned relief in his favor).

The Gills submit that notwithstanding their settlement, they prevailed because the settlement was embodied in an enforceable administrative order issued by a hearing officer, a quasi-judicial authority. Accordingly, they move the Court to amend this portion of its decision.

In support of this motion, the Gills respectfully refer the Court to the accompanying memorandum of points and authorities, and the entire record herein.

/s/ *Diana M. Savit*

---

Diana M. Savit #244970
**SAVIT & SZYMKOWICZ, LLP**
7315 Wisconsin Avenue
Suite 601N
Bethesda, Maryland 20814
(301) 951-9191
dms@bowsslaw.com
Attorneys for plaintiffs

United States District Court
for the District of Columbia

| | |
|---|---|
| S.G., a minor, *et al.*,<br><br>     Plaintiffs<br><br>     v.<br><br>THE DISTRICT OF COLUMBIA, *et al.*,<br><br>     Defendants | Civil Action No. 06-01317 (RMC) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION TO ALTER OR AMEND JUDGMENT**

Plaintiffs S.G. and his parents, Harwant Gill and Aleksandra Parpura-Gill (collectively, "the Gills"), brought his action to enforce and vacate different portions of a February 1, 2006 hearing officer's determination ("HOD") and an April 27, 2006 amended hearing officer's determination ("amended HOD"), both of which issued following administrative proceedings held pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.* ("IDEA").[1]  The portion of the Gills' action which sought to enforce the HOD and amended HOD was grounded upon allegations that defendants, the District of Columbia and Clifford B. Janey, then the Superintendent of Schools of the District of Columbia (collectively, "defendants," "the District," or "DCPS"), had violated those decisions by failing to comply with IDEA requirements in their post-hearing attempts to follow through on the decisions' requirements.  The effort to vacate the HOD and amended HOD challenged conclusions within those determinations that were based upon questionable factual determinations.

---

[1] All factual allegations are drawn from the Court's memorandum opinion or from the record.

Defendants moved to dismiss the case on jurisdictional grounds, arguing that the Gills could not attack the HOD or amended HOD because they were not aggrieved by either, and that the Gills' complaints about DCPS's post-hearing activities were not ripe for judicial review because plaintiffs had not exhausted available administrative remedies.  In response, plaintiffs argued that exhaustion was futile due to errors in the HOD and amended HOD that would inhibit their ability to seek appropriate relief in further proceedings, and that they had standing to challenge the HOD and amended HOD due to flaws in their fact-finding and to failure to include certain provisions to which the parties had agreed.

On August 8, 2007, this Court issued a memorandum opinion and order which (a) vacated the portions of the HOD and amended HOD which found that DCPS had not denied S.G. a free appropriate public education within the meaning of the IDEA and (b) affirmed the HOD and amended HOD to the extent they held that the Gills were not prevailing parties in the administrative proceedings which led to the HOD and amended HOD.  Regarding the Gills' challenge to DCPS's post-hearing attempts to provide special education to S.G. in compliance with the IDEA, the Court found that they should first exhaust their administrative remedies and remanded that issue for further proceedings.  The Gills' challenges to the DCPS policies and practices which, they contended, contributed to DCPS's missteps in its attempts to address S.G.'s needs were dismissed without prejudice to the Gills' right to re-raise them on a more developed administrative record.

In upholding the administrative determination that the Gills did not prevail, the Court reasoned that a "prevailing party" within the meaning of IDEA (consistent with the jurisprudence on this issue interpreting most fee-shifting statutes in the wake of *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources,* 532 U.S. 598 (2001)) is one who obtains judicially sanctioned relief; because the Gills settled their administrative dispute, the Court

found that they did not "prevail." Overlooked in this analysis is the effect of the issuance of the HOD and amended HOD, which embodied some of the settlement's terms[2] and which was, in itself, the type of enforceable quasi-judicial order which satisfies the criteria established in *Buckhannon*, *supra*.

As this Court recognized in *Abraham v. District of Columbia,* 338 F.Supp.2$^d$ 113 (D.D.C. 2004), a settlement agreement which is properly incorporated into an HOD confers prevailing party status. This is consistent with *Buckhannon* itself, which held that the beneficiary of a consent decree is every bit as much a "prevailing party" as a litigant who obtains relief through a judgment entered following full adversarial proceedings. The salient question is whether there has been a final administrative decision, as opposed to a private settlement. *Abraham v. District of Columbia, supra,* 338 F.Supp.2$^d$ at 120.

Under this analysis, the Gills were prevailing parties and should have been recognized as such by both the hearing officer and this Court. Their initial due process hearing request (R. 266-270)[3] sought, *inter alia*, an order directing DCPS to immediately begin the process of determining S.G.'s eligibility for special education, then to develop a special education program for him and to propose an appropriate placement.[4] This is precisely what they achieved: the HOD and amended HOD directed DCPS to convene a multidisciplinary team/individualized education program meeting

---

[2] To the extent it did not embody all of them, the Court's August 8, 2007 decision remedied the problem.

[3] Record references are to the administrative record, filed with the Court on December 28, 2006.

[4] The due process complaint also sought retroactive and prospective placement for S.G. at The Kingsbury Day School, a private school in the District of Columbia which, the Gills contended, was an appropriate special education placement. As the Court discussed in its August 8, 2007 opinion, this issue was reserved for future litigation, if warranted.

3

("MDT/IEP") within 30 days after the determination issued, to review and revise S.G.'s IEP as warranted, and to determine an appropriate educational placement.  The placement notice, in turn, was to issue within either five or 30 days following the MDT/IEP meeting, depending upon whether the proposed placement was public or private.  R. 5, 10.  Both the HOD and the amended HOD recited that they were final administrative decisions, appealable to a court of competent jurisdiction.  R. 6, 10.

Thus, not only did the HOD and amended HOD grant the Gills the relief they had sought in invoking their due process rights, it gave them more.  The Gills' due process complaint asked only that DCPS be ordered to provide special education for S.G.; the HOD and amended HOD set forth deadlines by which each step of that process was to be completed.  As the record reflects, the settlement terms to which the parties agreed required only that DCPS convene the MDT/IEP meeting.  R. 316.  It was the hearing officer who added the deadlines when he issued his order.

The hearing officer addressed prevailing party status in his decisions because the parties disputed this issue and left it for him to resolve.  R. 316-317.  DCPS had agreed at the hearing that the settlement should be embodied in an administrative order, but argued that nevertheless the Gills should not be deemed to have prevailed.  R. 316.  For their part, the Gills argued that issuing an order that essentially granted the Gills a substantial portion of the relief sought in their original complaint conferred "prevailing party" status, even though the determination emerged from a settlement.  R. 316-317.  The hearing officer ultimately adopted DCPS's position and–within the four corners of documents that turned the settlement into an enforceable decision–found that the Gills had not prevailed because they had settled their dispute.  R. 5, 10.  As discussed *supra,* this ignored the effect of *Buckhannon, supra* and decisions interpreting it, such as this Court's ruling in *Abraham v. District of Columbia, supra*.

In upholding the HOD and amended HOD on this point, the Court relied upon two distinguishable decisions. In *Doe v. Boston Public Schools,* 358 F.3$^d$ 20, (1st Cir. 2004), parents and a student who privately settled their differences with the school system immediately before an administrative hearing was to begin–and whose request that the agreement be placed on the record and signed by the presiding hearing officer was rejected–were held barred from recovering their legal fees and expenses because their result lacked the judicial imprimatur required in the post-*Buckhannon* world. Similarly, in *Armstrong v. Vance,* 328 F. Supp. 2d 50 (D.D.C. 2004), a fellow judge of this Court held that parties who settle administrative proceedings brought under IDEA cannot be considered "prevailing parties." Unlike the situation presented here, however, *Armstrong* did not involve a situation in which a settlement subsequently was incorporated into an enforceable administrative decision, such as the ones issued in *Abraham v. District of Columbia, supra*.

As the Supreme Court held in *Buckhannon, supra,* a party who obtains an enforceable judgment is deemed to have prevailed, even when that judgment is obtained by consent. Thus, the Gills prevailed when an HOD and amended HOD were entered in their favor. The hearing officer erred in holding otherwise and, we respectfully submit, this Court erred as well in upholding that decision.

## CONCLUSION

For all the foregoing reasons, the Gills respectfully move the Court to amend its August 8, 2007 memorandum opinion and order to the extent it sustained the HOD and amended HOD on the "prevailing party" question, and to issue an opinion and order reversing the hearing officer's determination on this matter.

/s/ *Diana M. Savit*
_____
Diana M. Savit #244970
**SAVIT & SZYMKOWICZ, LLP**
7315 Wisconsin Avenue
Suite 601N
Bethesda, Maryland 20814
(301) 951-9191
dms@bowsslaw.com
Attorneys for plaintiffs