United States District Court
for the District of Columbia

| | |
|---|---|
| **S.G., a minor,** *et al.*,<br><br>**Plaintiffs**<br><br>v.<br><br>**THE DISTRICT OF COLUMBIA,** *et al.*,<br><br>**Defendant**s | Civil Action No. 06-01317 (RMC) |

**PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS**

Plaintiffs S.G., Harwant Gill and Aleksandra Parpura-Gill ( "plaintiffs" or "the Gills") respectfully move the Court, pursuant to Fed. R. Civ. P. 52(d)(2)(B), to enter an order awarding them $4,793.75 legal fees and $465.43 in expenses as prevailing parties in fee-shifting litigation brought against defendants Clifford B. Janey, the former Superintendent of the District of Columbia Public Schools, and the District of Columbia (collectively, "the District").

The grounds for this motion are that plaintiffs are entitled to reasonable legal fees and expenses incurred in vindicating their rights pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.*, as is specifically provided by 20 U.S.C. §1415(3)(B)(i)(I).

Plaintiffs also ask the Court for leave to file a supplemental request for the fees and expenses incurred in litigating their fee request.

In support of this motion, plaintiffs respectfully refer the Court to the accompanying exhibits and memorandum of points and authorities.

/s/ *Diana M. Savit*

---

Diana M. Savit #244970
**SAVIT & SZYMKOWICZ, LLP**
7315 Wisconsin Avenue
Suite 601N
Bethesda, Maryland 20815
(301) 951-9191
Attorneys for plaintiffs

# United States District Court
# for the District of Columbia

| | |
|---|---|
| **S.G., a minor,** *et al.*,<br><br>　　　　**Plaintiffs**<br><br>　　v.<br><br>**THE DISTRICT OF COLUMBIA,** *et al.*,<br><br>　　　　**Defendants** | **Civil Action No. 06-01317 (RMC)** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS**

　　Plaintiffs S.G., Harwant Gill and Aleksandra Parpura-Gill ( "plaintiffs" or "the Gills") filed this action on July 26, 2006 to enforce and appeal from various portions of a special education hearing officer's determination ("HOD") issued February 1, 2006, and an amended hearing officer's determination issued April 27, 2006 ("HOD"). On August 8, 2007, this Court issued a memorandum opinion and order which decided in the Gills' favor the most important issue presented by the case: Whether the hearing officer's factually unsupported finding that the District of Columbia Public Schools ("DCPS") had not denied S.G. a free appropriate public education under the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.* was binding upon the Gills in future proceedings regarding S.G.'s education. The Court found that it was not and vacated the HOD and amended HOD to the extent they were adverse to the Gills on this issue. As to all other issues, the Court dismissed the case without prejudice pending further administrative proceedings.

　　Because the Gills succeeded in reversing an adverse administrative finding with potentially serious consequences for their future ability to seek relief, the Gills have prevailed in this case. As parties who prevailed in an action brought pursuant to the IDEA, plaintiffs are entitled to their reasonable attorney's fees and costs. 20 U.S.C. §1415(3)(B)(i)(I).

**ARGUMENT**

I.      **Plaintiffs are entitled to an award of their legal fees and costs**

In an action brought pursuant to IDEA, the Court, in its discretion, may award to a prevailing party who is the parent of a child with a disability reasonable attorney's fees as part of the costs to which that party is entitled.  20 U.S.C. §1415(3)(B)(i)(I).  A "prevailing party" is one who achieves judicially sanctioned relief, typically a change in its favor in its adversary's behavior.  *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health & Human Resources,* 532 U.S. 598 (2001).  Applying this standard, the Gills have prevailed, as the Court remedied a defect in the HOD and amended HOD which, if left standing, could have vitiated the gains the made in their prior administrative proceeding and prevented them from obtaining complete relief in the new administrative hearing the Court has ordered.

II.     **The fees and expenses claimed are reasonable**

It is the Court's responsibility to determine what fee is reasonable.  *Hensley v. Eckerhart,* 461 U.S. 424 (1983).  The inquiry usually starts with a determination of the lodestar; *i.e.,* the number of hours reasonably expended multiplied by a reasonable hourly rate.  *Id., Laffey v. Northwest Airlines, Inc.,* 746 F.2$^\text{d}$ 4 (D.C. Cir. 1984).  The lodestar may then be adjusted to reflect particular circumstances of the case.  We respectfully submit that both the hourly rates claimed for the attorney who litigated this case, as well as the number of hours expended, are reasonable and that no downward adjustments are required.  The Gills do not request an upward adjustment, although–as indicated below–they ask that the fees be awarded at their counsel's current hourly rate, rather than the discounted rate they were charged.

### A. Hourly rates

As explained in some detail in Exhibit 1, the hourly rates requested for the lawyer who handled this matter is her current regular hourly rate, which represents the market rates for her services and which has been approved in the past by other courts. Furthermore, the rate charged in this representation is below the rate for comparable individuals reflected on the *Laffey* matrix maintained by the office of the United States Attorney for the District of Columbia. This matrix establishes presumptively reasonable rates in the District of Columbia for fee-shifting cases. *See Kister v. District of Columbia,* Civil Action No. 01-00807 (D.D.C., August 15, 2005) (RBW) (mem.)

Although the Gills actually were charged lower rates, their attorney is entitled to be compensated at her market rate. As explained in Exhibit 1, as a courtesy counsel has maintained throughout her representation of the Gills the hourly rate to which they first agreed when the representation began. As a further courtesy, this rate was discounted after the HOD and amended HOD issued, so that the Gills would not be discouraged from vindicating S.G.'s rights by high legal bills. This should not translate into a windfall to an adversary who is obligated to pay attorney's fees by statute, and who chose to defend an indefensible order *See Laffey v. Northwest Airlines, Inc., supra* (public interest law firm which charged below-market rates entitled to fee award at market rates in fee-shifting litigation).

In light of this, the Court should approve the hourly rates charged by the Gills' counsel.

### B. Number of hours expended

As indicated in Exhibit 1 and its accompanying attachments, only 20.45 hours were expended on the Gills' behalf in litigating this case, of which 5.7 hours were not charged, making the total value of the fees claimed $4,793.75. We respectfully submit that this is a modest sum for preparing

3

a complaint and defending against a complicated motion to dismiss, and therefore that it should be awarded in full.

      **C.**    **Expenses**

The Gills separately incurred $465.43 in expenses in this litigation, all of which are detailed more fully in Exhibit 1. We submit that all of these expenses were reasonable and should be paid.

**III.**    **Plaintiffs are entitled to submit a supplemental petition for their remaining legal fees and expenses**

This motion seeks an award of only those legal fees and expenses incurred through May 31, 2007 and billed through June 2007. Additional work has been performed since then for which the Gills have not yet been billed, and further fees and expenses will be incurred in litigating this motion. The Gills therefore request the Court's permission to file a supplemental fee petition after the Court rules on this request. *See Sierra Club v. Environmental Protection Agency,* 248 U.S.App. D.C. 107, 769 F.2$^d$ 796 (1985) (court may award legal fees and expenses incurred in fee litigation)

**CONCLUSION**

For all the foregoing reasons, plaintiffs respectfully submit that their motion for an award of legal fees and expenses should be granted, and that they should be awarded $4,793.75 in legal fees and $465.43 in expenses, payable forthwith. In addition, Court should grant plaintiffs permission to file a supplemental petition seeking the fees and expenses they have incurred in this matter but which have not been billed to date.

/s/ *Diana M. Savit*

Diana M. Savit #244970
**SAVIT & SZYMKOWICZ, LLP**
7315 Wisconsin Avenue
Suite 601N
Bethesda, Maryland 20815
(301) 951-9191
dms@bowsslaw.com
Attorneys for plaintiffs