IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| S.G., a minor, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-1317 (RMC) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT**

On August 8, 2007, this Court issued a Memorandum Opinion dismissing Plaintiffs' complaint as to Counts 1, 2, and 3, without prejudice. As to Count 4, the Memorandum Opinion found that the challenged hearing officer's determination ("HOD") had no evidentiary basis for a determination of no-denial-of-free appropriate public education ("FAPE") under the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. 1400 et seq., ("IDEIA"). The case was remanded for further administrative hearings in that regard.

In their August 22, 2007, Motion to Alter or Amend Judgment ("Motion"), Plaintiffs challenge the Memorandum Opinion's finding that they were not prevailing parties at the administrative level, arguing that this Court "overlooked" an analysis that would render Plaintiffs prevailing parties. However, prevailing party status here will only be able to be determined after the remand proceedings ordered. Moreover, since prevailing party status is only relevant as to whether a party is entitled to attorneys' fees and costs, and any claims for attorneys' fees and costs at this time would be premature, a decision at this point is purely academic and irrelevant as a matter of law. Moreover,

1

such a finding here would allow Plaintiffs to seek fees twice for what the courts have deemed as "one action."

## ARGUMENT

**1. A finding of prevailing party status at the administrative level is not relevant here.**

    **a. Plaintiffs cannot be deemed prevailing parties where matters are remanded for further litigation.**

In its Memorandum Opinion, this court remanded the issues to further administrative proceedings. Memorandum Opinion p. 16. It is well settled that a remand does not convey prevailing party status. E.g., <u>D.D. v. District of Columbia,</u> Civ. No. 05-2176, (D.D.C. May 2, 2007), Memorandum Opinion, p. 3, Plaintiffs did not secure any substantive relief or any adjudication on the merits; "they simply earned a remand for a hearing." <u>Id</u>. See also <u>Kress v. District of Columbia,</u> Civ. No. 99-2887, (D.D.C. September 14, 2006) Memorandum Opinion p. 4-6.

Thus, this is a continuing action and a prevailing party cannot be determined until the conclusion of the remand administrative proceedings ordered.

    **b. Prevailing party status is only relevant as to attorneys' fees and costs, and is premature here.**

Plaintiffs contend that, at the prior hearing, the parties entered a settlement agreement regarding all of the matters at issue but could not agree as to whether Plaintiffs were prevailing parties. Motion to Alter or Amend p. 4. Thus, the parties agreed to leave this up to the hearing officer who ultimately adopted DCPS' position that Plaintiff was not a prevailing party. Id. Plaintiffs argue that this Court's Memorandum Opinion upholding the hearing officer's decision that Plaintiffs did not prevail in their

administrative hearing was wrong.  Plaintiffs contend that they did prevail because "some of the settlement terms" were embodied in the HOD citing Abraham v. District of Columbia, 338 F. Supp. 2d 113 (D.D.C. 2004).  Motion to Alter or Amend p. 3. and fn 2.

A decision whether or not a party is a prevailing party is only relevant under the IDEIA when asserting claims for attorneys' fees and costs.  IDEIA, 20 U.S.C. §1415 (i)(3)(B)(i) states:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs (I) to a prevailing party who is the parent of a child with a disability. . .

An administrative proceeding and judicial review comprise a unitary action for purposes of the fee shifting provision means that attorneys cannot recover fees more than once for the entire case, "administrative and judicial." Jester v. District of Columbia, 474 F. 3d 820, 822 (C.A.D.C. January 23, 2007).

Since here, the earlier administrative proceedings and this court action are "one action" for the purposes of attorneys' fees and costs, prevailing party status— and hence entitlement to attorneys' fees—cannot yet be determined.

**2. Plaintiffs have waived any argument as to the merits of the claims in the HOD.**

Plaintiffs further argue that they are entitled to prevailing party status since the administrative hearing complaint ordered DCPS to convene a multidisciplinary team meeting, and to determine an appropriate educational placement.  Motion to Alter or Amend p. 4.  Plaintiffs also argue that the deadlines asserted by the hearing officer were some type of additional relief awarded.  Motion to Alter or Amend p. 4.

Plaintiffs' arguments as to the relief granted at hearing is not appropriate here.  First, the merits of the HOD, for purposes of demonstrating that the decision in the HOD

changed the legal relationship of the parties by ordering relief on the merits as required in Abraham v. District of Columbia, 338 F. Supp. 2d 113 (D.D.C. 2004), and Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598 (2001), have not been raised in any of the pleadings thus far.

In Walker v. Pharmaceutical Research and Mfrs. Of America, 461 F. Supp. 2d 52, 59 n 9 (D.D.C. 2006), the Court denied plaintiff's motion to alter or amend because Plaintiff raised a new argument in the motion. "Because the Plaintiff only addresses this particular claim in her reply to the Motion to Alter or Amend Judgment, the plaintiff has waived the argument." Id. citing In re Asemani, 455 F. 3d 296, 300 (D.C. Cir. 2006) (concluding that the plaintiff waived an argument made for the first time in a reply brief.)

Since this is the first time Plaintiff is arguing the merits of the relief awarded at hearing, Plaintiffs' arguments should be deemed waived here. Moreover, Plaintiffs have the opportunity to argue whether they prevailed on the merits of their claims in a motion for attorneys' fees and costs where the burden is on the Plaintiff to show that they were prevailing parties and Defendants Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs—filed simultaneously herewith—thoroughly addresses the merits of those claims there.

## **CONCLUSION**

Any action for attorneys' fees and costs at this time is premature because the matters involved in this litigation have been remanded for administrative determination. Moreover, whether Plaintiffs have prevailed on the merits of the claims in their HOD for purposes of attorneys fees is not proper here. Therefore, Plaintiffs' motion should be denied.

                                            Respectfully submitted,

                                            Linda Singer
                                            Attorney General for the
                                            District of Columbia

                                            GEORGE C. VALENTINE
                                            Deputy Attorney General
                                            Civil Litigation Division

                                            ***/s/ Edward P. Taptich***
                                            EDWARD P. TAPTICH [#012914]
                                            Chief, Equity Section II

                                            ***/s/ Amy Caspari***
                                            Amy Caspari [#488968]
                                            Assistant Attorney General
                                            441 Fourth Street, N.W.
                                            Sixth Floor South
                                            Washington, D.C. 20001
                                            (202) 724-7794

September 5, 2007