IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **S.G., a minor,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-1317 (RMC) |
| ) | |
| **DISTRICT OF COLUMBIA,** *et al.,* ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS

Pursuant to LCvR 7(b), Defendants hereby oppose Plaintiffs' August 22, 2007, Motion for Attorneys Fees and Costs ("Motion"), pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. 1400 et seq., ("IDEIA"), because Plaintiffs have not shown that they are prevailing parties entitled to such fees and costs.

In its August 8, 2007 Memorandum Opinion, this Court ruled that the Plaintiffs were not prevailing parties in the earlier administrative proceeding, and because the Court remanded part of the case for further administrative proceedings, the Plaintiffs are not prevailing parties in this judicial proceeding. Thus, Plaintiffs' Motion is at best premature and should be denied.

Alternatively, the amount of fees awarded should be limited to approximately one fourth of the amount invoiced because Plaintiffs only enjoyed a limited success, if any, on the merits of their claims.

1

**ARGUMENT**

1. **Plaintiffs are not prevailing parties.**

    a. **Plaintiffs were not prevailing parties at the administrative level.**

To recover reasonable attorneys' fees and costs, plaintiffs in IDEIA proceedings must first demonstrate that they are a prevailing party in the litigation. 20 U.S.C. §1415 (i)(3)(B)(i); Blackman v. District of Columbia, 59 F. Supp. 2d 37, 42-44 (D.D.C. 1999).

Following the earlier administrative hearings in this case, both the February 1, 2006, hearing officer's determination ("HOD"), and the April 27, 2006 amended HOD, ordered that "petitioner is not the prevailing party in this matter." Moreover, in its August 8, 2007 Memorandum Opinion (pp. 12-13), this Court upheld that finding. "A settlement agreement that does not lead to a court order that changes the legal relationship of the parties does not result in prevailing party status." Id. (citing Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598 (2001)).

Accordingly, while Plaintiffs have requested the Court's reconsideration of its conclusion in that regard, the current law of the case is that, in fact, Plaintiffs were not (for reasons not here reargued) prevailing parties in the earlier administrative proceedings.

    **b.** **<u>Plaintiffs were not prevailing parties in these judicial proceedings</u>.**

In its decision herein, this Court dismissed Plaintiffs' Complaint as to Counts 1, 2, and 3, without prejudice. As to Count 4, however, the Memorandum Opinion found that the challenged HOD had no evidentiary basis for a determination of no-denial-of-free appropriate public education ("FAPE") under the IDEIA, and remanded this issue for further administrative proceedings. In their Motion, Plaintiffs argue that since the Court "remedied a defect in the HOD and amended HOD, which if left standing, could have vitiated the gains made in their prior administrative proceeding and prevented them from obtaining complete relief in the new administrative hearing. . . ," they are prevailing parties. Motion, p. 1.

It is well settled, however, that a remand does not convey prevailing party status. E.g., <u>D.D. v. District of Columbia,</u> Civ. No. 05-2176 (D.D.C., May 2, 2007), Memorandum Opinion, p. 3. The plaintiffs there had not secured any substantive relief or any adjudication on the merits; "they simply earned a remand for a hearing." <u>Id</u>. And the Court therefore concluded that plaintiffs were not prevailing parties for the purposes of an award for attorneys' fees. <u>See also</u> <u>Kress v. District of Columbia,</u> Civ. No. 99-2887 (D.D.C., September 14, 2006), Memorandum Opinion, p. 4-6.

Although it might be argued in certain circumstances that remands may resolve merit-based issues and thus allow for prevailing party status, *the remand in the instant case was not merit-based* – the Court specifically has left the resolution of the merits of Plaintiffs' claims to the hearing officer. Memorandum Opinion, p. 16. This decision does not change the legal relationship of the parties at all as required by <u>Buckhannon</u>, supra. .

In Lopez v. District of Columbia, Civ. No. 03-1665 (D.D.C., January 26, 2005), even though plaintiff's request for a preliminary injunction was ordered, the plaintiff was not considered a prevailing party because the court deferred ruling whether a private school placement was proper, and whether the District had the obligation to fund the placement.

> [T]wo of the most important issues upon which plaintiff sought favorable rulings in her motion for summary judgment were deferred until a later date. This is surely distinguishable from cases in which plaintiff's success in maintaining the status quo was the most important issue upon which she sought judicial relief.

Id., slip op at 3.

Here, like Lopez, there was no affirmative finding that DCPS did deny FAPE. This is clear from the Court's reasoning: "The hearing officer's April 27, 2006, decision was reached without hearing evidence and made without affording the Gills an opportunity to present their legal arguments." Memorandum Opinion p. 16.

In this case, three out of the four claims were denied and the fourth was remanded for further administrative review. Thus, Plaintiffs were not prevailing parties in this judicial proceeding either.

**2.      The request for fees is at best premature.**

It states the obvious to say that motions for attorneys' fees are properly considered only when an entitlement to them exists. And as shown above, Plaintiffs do not currently enjoy prevailing party status – the quid pro quo for an attorneys' fees award. The Court's decision found that the Plaintiffs were not prevailing parties in the earlier administrative proceeding and, having obtained only a partial remand, Plaintiffs are not prevailing parties in this judicial proceeding.

It is true that Plaintiffs have sought reconsideration of the Court's determination that Plaintiffs were not prevailing parties in the earlier administrative proceeding. At this point, however, the law of the case stands as it is. Moreover, even if the Court were to favor Plaintiffs' reconsideration request, it would make no practical difference with respect to an entitlement to fees at this time.

First, whatever the Court's characterization of Plaintiffs' prevailing party status at the end of the administrative proceeding appealed from, the fact is that Plaintiffs' status at the conclusion at the end of this judicial proceeding supercedes whatever that status may have existed earlier. A plaintiff who "wins" a HOD that is later reversed in a court review of that HOD has no prevailing party entitlement to attorneys' fees. And here, as shown above, the law is clear that obtaining a remand in these court proceedings equally does not convey prevailing party status, whatever Plaintiffs' measure of success at the earlier administrative level.

Second, the sequence of litigation activity involved here – the earlier administrative hearings, this court proceeding, and the forthcoming administrative hearings on remand – constitute a single continuum for purposes of considering attorneys' fees. As made clear in Jester v. District of Columbia, 474 F.3d 820, 822 (D.C.Cir. 2007), an administrative proceeding and judicial review comprise a unitary action for purposes of the fee shifting provision, and attorneys cannot recover fees more than once for the entire case, "administrative and judicial."[1] As a consequence, until the

---

[1] See also Section 122 (b) of the District of Columbia Appropriations Act of 2006, 109 Pub. L. 115; 119 Stat. 2396 (2005) ( "the term 'action' includes an administrative proceeding and any ensuing or related proceedings before a court of competent jurisdiction").

5

administrative proceedings on remand are concluded, it cannot be known whether Plaintiffs have prevailed on any issue in this unitary – and yet-to-be-concluded – process.

Accordingly, until the remand proceedings are concluded, and the matter of ultimate prevailing party status is resolved, a request for attorneys' fees here is plainly premature.

**3.      Plaintiffs' request for fees is not reasonable**.

As shown above, Plaintiffs are not at this point prevailing parties, and any request for attorneys' fees is at best premature.  However, if this Court finds that an award of fees and costs is nonetheless appropriate, the invoiced amounts should be reduced to the amount Plaintiffs succeeded at administrative hearing on many of their claims.

Where "plaintiff only enjoyed limited success," fees will only be awarded for the hours devoted to the successful claim.  Lopez v. District of Columbia, Civ. No. 03-1665 (D.D.C., August 9, 2005), slip op. at p. 8 (citing Hensely v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is well-established that fee requests may be reduced based on the degree of success the requesting party has achieved.  In Hensley v. Eckerhart, 461 U.S. 424, 440 (1983), the Court stated:

> We hold that the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988. Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained. On remand

6

> the District Court should determine the proper amount of
> the attorney's fee award in light of these standards.

This principle has been followed consistently in this jurisdiction. See Thomas v. National Football League Players Assn, 273 F.3d 1124, 1128-29 (D.C. Cir. 2001); F.J. 2 Volmer Co., Inc. v. Magaw, 102 F.3d 591, 599-600 (D.C. Cir. 1996). Further, this principle has been specifically applied to fees relating to claims under the IDEIA. See Thomas v. District of Columbia, Civ. No. 03-1791 (D.D.C., November 6, 2006), Memorandum Opinion, pp. 11-14 (holding that plaintiff is only entitled to fees for work done on her successful claim); Lopez v. District of Columbia, 383 F. Supp. 2d 18 (D.D.C. 2005) (fees reduced by almost sixty percent in light of partial success); McDowell v. District of Columbia, Civ. No. 00-0594 (D.D.C., June 4, 2001), Memorandum and Order, pp. 11-12 (fees reduced by one third in light of partial success); Gaskins v. District of Columbia, Civ. No. 00-0592 (D.D.C., June 4, 2001), Memorandum and Order, pp. 10-13 (same).

      Plaintiffs only claim that they were prevailing party was the relief sought as to Count 4— that the Memorandum Opinion found that the challenged HOD had no evidentiary basis for a determination of no FAPE and that the HOD might improperly have denied the plaintiff an opportunity to present future arguments in support of a claim for private school tuition. Thus, this is the only claim that Plaintiffs are even arguably entitled to fees and costs.

      Plaintiffs' Motion for Fees and Costs seeks fees in the amount of $4,793.75 and costs in the amount of $465.43. See Plaintiffs' Exhibit 1B. Since Plaintiffs only enjoyed limited success where this Court's order vacated a portion of the HOD but dismissed Counts 1, 2, and 3, Plaintiff only enjoyed approximately ¼ of the success on her claims.

Therefore, Plaintiffs' fees should be reduced by ¾, and the proper amount of attorneys' fees should be $1,198.44.[2]

## CONCLUSION

Plaintiffs were not prevailing parties at the administrative or judicial proceedings. Moreover, until the further administrative proceedings have concluded, Plaintiffs' claim of prevailing party status is premature.

Alternatively, Plaintiffs only enjoyed limited success on their claims and if this Court does award attorneys fees, those fee amounts invoiced should be reduced accordingly.

Respectfully submitted,

Linda Singer
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794

September 5, 2007

---

[2] Any award of attorneys' fees would, of course, be subject to the fee cap in Section 122 of the District of Columbia Appropriations Act of 2006, 109 Pub. L. 115; 119 Stat. 2396 (2005), extended by the Revised Continuing Appropriations Act of 2007, 110 Pub. L. 5, 121 Stat. 8 (2007).