# United States District Court for the District of Columbia

| |  |
|---|---|
| **S.G., a minor,** *et al.,*<br><br>    **Plaintiffs**<br><br>    v.<br><br>**THE DISTRICT OF COLUMBIA,** *et al.,*<br><br>    **Defendant**s | **Civil Action No. 06-01317 (RMC)** |

### PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT

Plaintiffs S.G., Harwant Gill and Aleksandra Parpura-Gill (collectively, "plaintiffs" or "the Gills") have moved the Court to amend its August 8, 2007 memorandum opinion and order to the extent that it found that the Gills did not prevail in the administrative proceedings underlying this action. In its decision, the Court held that because the Gills settled their administrative dispute with defendants the District of Columbia and Clifford B. Janey, then the Superintendent of Schools of the District of Columbia (collectively, "defendants" or "the District"), the Gills did not "prevail." As we showed in our opening memorandum in support of the motion, the Gills' settlement did not preclude a finding of "prevailing party" status because it was embodied in an enforceable order entered by a quasi-judicial officer; *i.e.,* an administrative hearing officer.

Defendants' opposition makes no attempt to justify the grounds upon which the hearing officer and this Court relied in deciding that the Gills did not prevail(that the Gills' success derived from a settlement) nor does the District dispute that a settlement embodied in a formal administrative determination confers prevailing party status. The Gills' motion may therefore be deemed conceded on this point. *See* LCvR 7(b); *Jackson v. Snow,* 2006 U.S. Dist. LEXIS 5144 (D.D.C. 2006);

*American Council of the Blind v. Snow,* 311 F.Supp.2$^d$ 86 (D.D.C. 2004) (party who opposes a motion must squarely meet the arguments made in that motion, or they are deemed conceded). Instead, defendants argue that any consideration of the Gills' prevailing party status is premature, because their case has been remanded for further administrative proceedings. As this addresses neither the hearing officer's determination under review nor the Court's ruling in this case, it cannot defeat the Gills' motion. At best, it argues for vacating the administrative determination that the Gills did not prevail, pending further consideration after the next due process round.

Defendants also fault the Gills for raising this issue in a motion to alter or amend. As we show below, however, such a motion was their first opportunity to do so in light of the case's litigation history.

For these reasons–explained in greater detail below–the Gills' motion should be granted.

1. **The motion is properly before the Court.**

Defendants take issue with the Gills' motion because, they claim, the issue of the Gills' prevailing party status is being raised for the first time on a motion to alter or amend. This is incorrect. The Gills first noted, in ¶31 of their complaint, that the hearing officer found that they did not prevail:

> The hearing officer issued his written determination on February 1, 2006. The decision's preliminary information and factual recitations contain numerous factual errors and omissions. The order itself reflects the parties' agreement to continue the special education process for S.G. by ordering DCPS to convene an MDT/IEP team meeting, and adds deadlines–not discussed by the parties–for completing S.G.'s IEP and proposing a placement for him. The order also directed DCPS to consider the Gills' placement options in deciding on an appropriate educational placement for S.G. **Nevertheless, the hearing officer ruled that the Gills were not prevailing parties.** The order was silent as to the Gills' reservation of their rights with respect

2

      to retroactive funding for Kingsbury. A copy of the determination is attached hereto as Exhibit A.

Complaint, ¶31 (emphasis added). Then, in Count Four of the same complaint (¶¶56-59), they pled that the hearing officer erred in so finding and that his determination should be reversed in this respect. Finally, their prayer for relief (¶E) asked the Court to enter an order reversing that finding.

      On October 17, 2006, defendants moved the Court to dismiss the Gills' complaint on the grounds that they had not exhausted their administrative remedies with respect to their challenges to the District of Columbia Public Schools' ("DCPS") post-administrative compliance with the hearing officer's determination, and DCPS's subsequent inadequate attempts to provide the free appropriate public education ("FAPE") to which S.G. is entitled pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.* ("IDEA"). The Gills' response directed the Court to the difficulties they would face in pursuing their administrative remedies in light of the hearing officer's unsupported factual finding that DCPS's pre-hearing actions had not denied S.G. a FAPE. The hearing officer's separately erroneous holding that the Gills did not prevail in the first administrative hearing was not before the Court on the motion to dismiss.

      The Court's August 8, 2007 memorandum opinion and order decided the issues presented by the motion to dismiss, but went beyond it. The Court agreed that the Gills should exhaust their administrative remedies, but only after it had dealt with the problem that had prevented them from moving directly to a second due process hearing: the potentially troublesome finding of lack of denial of a FAPE. On that issue, the Court agreed with the Gills that the hearing officer's determination was arbitrary, capricious and without record support, and vacated the challenged finding.

3

The Court then proceeded to decide other issues presented by the complaint but not raised in defendants' motion to dismiss; specifically, whether declaratory relief was available (the Court held that it is not, as a matter of law); whether the Gills were entitled to injunctive relief directing DCPS to reform its child find policies and procedures with respect to special education students who transfer to DCPS from other jurisdictions (the Court held that this issue was premature, in light of the sparse administrative record) and whether the Gills prevailed in the administrative proceedings under review (the Court held that they did not, because they settled their dispute).

The motion to dismiss did not brief these issues and therefore the Gills did not have notice that they would be decided in the Court's ruling. For these reasons, the Gills cannot be faulted for not anticipating that the Court would consider and resolve all issues in the complaint *sua sponte.*

The cases upon which defendants rely arose from different circumstances and therefore do not apply here. Both *In re Asemani*, 455 F.3d 296 (D.C. Cir. 2006) and *Walker v. Pharmaceutical Research and Manufacturers of American,* 461 F.Supp.2d 52 (D.D.C. 2006) held that an argument first made in a reply memorandum (the third and last of the three memoranda filed in support of and in opposition to a motion) cannot be considered; rather, a reply must confine itself to addressing arguments made in the opposition memorandum to which it responds. The Gills' situation is inapposite: they properly raised, in a motion to alter or amend the Court's judgment pursuant to Fed. R. Civ. P. 59(e), an issue pled in the complaint that defendants did not include in their motion to dismiss, and that therefore was not on anyone's horizon until the Court decided it.

    2.    **The Gills prevailed in the underlying administrative proceedings**

Defendants' arguments on the merits are confusing and confused. As indicated *supra,* they concede the Gills' point–that because their administrative settlement was embodied in an enforceable

order, the line of cases following *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources,* 532 U.S. 598 (2001) (only one who obtains judicially sanctioned and enforceable relief can be deemed a "prevailing party" within the meaning of most fee-shifting statutes) does not apply here. Defendants instead proffer an entirely different rationale for sustaining the Court's ruling: That the Gills cannot be deemed to have prevailed, because their case is not over.

The short answer is that if defendants are right, then the hearing officer's determination and amended determination regarding the Gills' status as prevailing parties must be vacated because they were premature. If the Gills' ultimate prevailing party status will turn upon events that have not yet occurred; *i.e.,* further administrative proceedings and possible district court litigation beyond those, then the hearing officer erred in conclusively finding that the Gills did not prevail. Yet, that is what he did. Thus, as with the finding of "no denial of FAPE" that the Court vacated in its August 8, 2007 memorandum opinion and order, the Court must also vacate the hearing officer's finding that the Gills did not prevail, reserving this issue for further consideration in light of subsequent events.

Both the hearing officer's determination and the amended hearing officer's determination were, however, objectively wrong. The Gills prevailed in the first due process hearing because they obtained administratively sanctioned relief in an enforceable order. At the time they requested their due process hearing, DCPS had failed to provide special education services for S.G., or even to consider him for those services, because it would not allow his parents to present information about his educational needs at a meaningful time and in a meaningful way. Instead, it had washed its hands of S.G. As a direct result of the due process hearing request and the settlement/decision, DCPS commenced the process of evaluating S.G., convened a multidisciplinary team ("MDT"), found him eligible for special education and developed an individualized education program for him.

When a special education due process hearing results in an order to DCPS to convene an MDT meeting, conduct or pay for evaluations, ascertain a student's special education eligibility or needs and/or provide a special education placement, the student and those who requested the hearing on his behalf have secured material alterations in their legal relationship with DCPS and are therefore considered "prevailing parties." *Santamaria v. District of Columbia,* 2007 U.S. Dist. LEXIS 8608 (D.D.C. 2007). This is precisely what happened here.

Defendants harp upon the remand aspect of the Court's August 8, 2007 decision to argue that the Gills did not prevail because they merely changed the guidelines under which a future due process hearing will operate. Assuming, *arguendo,* that the Court's decision was so limited, defendants' focused is misplaced. The Gills' motion to alter or amend the Court's judgment is not about their status on remand; it is about their victory in the first due process hearing. Thus, cases which found that parties who must continue to litigate administratively did not "prevail" address different results, at a different stage of the judicial process. In *Kress v. The District of Columbia,* 448 F.Supp.2$^d$ 203 (D.D.C. 2006), for example, a disabled student and her mother lost their administrative due process hearing and appealed to this Court, which ordered a second hearing upon learning that substantial portions of the record of the first hearing were missing. The plaintiffs were awarded none of the substantive relief they sought, which had included reversing the hearing officer's determination, and either a remand or tuition reimbursement. The plaintiffs lost their motion for summary judgment and the Court did not act on their motion for contempt. Instead, the Court accepted the District of Columbia's offer to remand the case for a new hearing on a reconstructed record. The plaintiffs therefore left this Court with little more than they had when they came here.

*D.D. v. District of Columbia,* Civil Action No. 05-2176 (D.D.C. May 2, 2007) (PLF) (mem.), which cited *Kress, supra,* similarly involved an appeal from a hearing officer's determination adverse to the student and parent. This Court found that the hearing officer erred and remanded the case for a new hearing, but also found that the remand alone did not confer prevailing party status on the plaintiffs.

Neither of defendants' cited cases, therefore, involved students and/or parents who settled their differences with DCPS administratively and thereby obtained favorable and enforceable determinations. It is the hearing officer's failure to recognize the Gills' prevailing party status **at the administrative level** that the Gills sought to litigate before this Court, and we respectfully submit that the Court's reliance upon the Gills' settlement–as opposed to the order that memorialized it– was error.

Defendants urge the Court to avoid this point by arguing that the Gills' prevailing party status does not matter, because it is relevant only to the Gills' ability to seek an award of attorney's fees and expenses. Citing *Jester v. The Government of the District of Columbia,* 474 F.3$^d$ 820 (D.C. Cir. 2007), they argue that only one fee award may be made per case. This is incorrect. The holding in *Jester* was that under the attorney's fee cap peculiar to the District of Columbia, an administrative proceeding and judicial review of same constitute one "proceeding" for purposes of calculating the District's obligation to pay legal fees up to its unique $4,000 limit. *Jester* tells us nothing about a hearing officer's, or the Court's, ability to recognize when a party has prevailed at any step of the way. Indeed, *Jester* was decided to resolve the question whether an attorney could separately be paid up to $4,000 for prevailing once in an administrative proceeding and again in court. The D.C. Circuit said "no." It did not disturb its prior holding, in *Calloway v. District of Columbia,* 216 F.3$^d$

1 (D.C. Cir. 2000), that a prevailing party may be **awarded** the full amount of attorney's fees to which it is entitled, and *a fortiori* it did not address how one decides whether a party has prevailed.

## CONCLUSION

For all the foregoing reasons, as well as the reasons set forth in our opening memorandum, the Gills respectfully move the Court to alter or amend its August 8, 2007 judgment to vacate the holdings, in the hearing officer's determination and amended hearing officer's determination previously issued, that the Gills did not prevail in the administrative proceedings to date.

/s/ *Diana M. Savit*

Diana M. Savit #244970
**SAVIT & SZYMKOWICZ, LLP**
7315 Wisconsin Avenue
Suite 601N
Bethesda, Maryland 20814
(301) 951-9191
dms@bowsslaw.com
Attorneys for plaintiffs