# United States District Court
# for the District of Columbia

| |   |
|---|---|
| **S.G., a minor,** *et al.,* <br><br> **Plaintiffs** <br><br> v. <br><br> **THE DISTRICT OF COLUMBIA,** *et al.,* <br><br> **Defendant**s | Civil Action No. 06-01317 (RMC) |

**PLAINTIFFS' REPLY TO OPPOSITION TO MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS**

Plaintiffs S.G., Harwant Gill and Aleksandra Parpura-Gill ( "plaintiffs" or "the Gills") have moved the Court to award them the legal fees and expenses they incurred in securing the Court's favorable determination of August 8, 2007. As defendants Clifford B. Janey, the former Superintendent of the District of Columbia Public Schools ("DCPS"), and the District of Columbia (collectively, "the District") note, the Gills are entitled to an award of their fees and expenses only if they prevailed in this action. As we show below, they did. Furthermore, the fees and expenses claimed are reasonable and fairly reflect the effort expended to achieve their result.

1.  **Plaintiffs prevailed at the administrative level**

The District first dismisses the Gills' request for fees for work performed in administrative proceedings prior to this action, noting that the hearing officer found that the Gills did not prevail, and that this Court upheld that finding in its August 8, 2007 opinion. For a full discussion of that issue, we respectfully refer the Court to our contemporaneous reply to the District's opposition to the Gills' motion to alter or amend. The Court's action on that motion necessarily will address this issue.

2. **<u>The Gills prevailed in this case</u>**

The Court's August 8, 2007 opinion and order reversed an unsupported administrative determination that DCPS had not denied S.G. a free appropriate public education. Left standing, the now-vacated determination would have barred S.G. from pursuing compensatory education or tuition reimbursement for the period of time prior to the parties' settlement. Furthermore–as defendants inferentially acknowledge in their oppositions to this motion and to the Gills' companion motion to alter or amend the judgment–if the Court agrees that they prevailed at the administrative level and reverses the hearing officer's determination to the contrary, they will secure the right to be reimbursed for the legal fees and expenses in doing so. This is certainly the type of favorable judicial action that creates prevailing party status.

Thus, in order to fully assess the Gills' entitlement to their fees and costs in this action, the Court must first decide their motion to alter or amend, and we urge it to do so.

3. **<u>The Gills' request for fees is ripe for decision</u>**

The District's opposition to the fee/expense request relies upon its argument–discussed in our reply to the opposition to the motion to alter or amend–that there can be only one fee award in a special education case, and therefore that any fee application which predates final adjudication of all issues is premature. As we showed in our contemporaneous reply herein, this argument misapplies the District of Columbia Circuit's holding in *Jester v. The Government of the District of Columbia,* 474 F.3$^d$ 820 (D.C. Cir. 2007). *Jester* held that no matter how many separate administrative proceedings and judicial review actions it takes finally to adjudicate one distinct claim arising in the District of Columbia under the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.* ("IDEA"), the District ultimately must pay prevailing parents and students no more than $4,000, the maximum amount of attorney's fees payable under the fee cap currently in effect

in this jurisdiction for one "action or proceeding" (although the Court is free to award the full amount reasonably requested). *Jester* did not address how one determines which efforts generated compensable fees, nor when that determination occurs.

As we showed in our reply to the District's opposition to the Gills' motion to alter or amend, the Gills' prevailing party status at the administrative level was established when the hearing officer ordered DCPS to evaluate S.G. for special education, convene a multidisciplinary team meeting, develop an individualized education program for him and provide special education for him. *Santamaria v. District of Columbia,* 2007 U.S. Dist. LEXIS 8608 (D.D.C. 2007). This Court's subsequent decision only cleared the way for S.G. to claim all of the relief to which he is entitled.

At most, the request for attorney's fees should be deferred, not denied, until further administrative proceedings fully demonstrate the significance of the proceedings that have taken place to date.

4.   **The Gills' fee claim is reasonable**

It is correct that when a party does not succeed on all claims presented, and the hours expended on the unsuccessful claims are segregable from those spent on the claims on which the party prevailed, only those fees attributable to the successful claims may be awarded. *Hensley v. Eckerhart,* 461 U.S. 424 (1983). From this, the District reasons that the Gills should be awarded no more than one-fourth of their legal fees, because the Court ruled in their favor only as to Count Four of their complaint.

The District misses completely that under *Hensley v. Eckerhart, supra,* the fee award is not automatically reduced proportional to the success achieved; rather, time devoted solely to

unsuccessful claims is not compensable. If a plaintiff wins only one of four claims, but spent 95% of his time litigating that one successful claim, then he is entitled to an award equal to 95% of his fees. This analysis applies here.

As the time records which accompany the fee motion show, virtually all of the Gills' legal fees were incurred in drafting the complaint, reviewing the District's answer, complying with the Court's requirement to meet and confer with opposing counsel at the start of the case, and in opposing the District's motion to dismiss. That motion, in turn, challenged only Count Three of the complaint–the Gills' effort to bypass the IDEA's administrative procedures and to bring their challenge to DCPS's post-hearing activities directly to this Court. The Gills' opposition to that motion largely invoked the arguments underlying Count Four: The Gills argued that further administrative procedures would be futile due to the deleterious effect of the hearing officer's erroneous holding that S.G. had not been provided a free appropriate public education. The Court recognized that the Gills were correct with respect to the hearing officer's claimed error, fixed that error by vacating those portions of his determination and amended determination, and was then free to grant the District's motion as to Count Three and to remand this matter for further administrative proceedings, unencumbered by the taint created by the erroneous earlier rulings.

Because–as the Court noted in its August 8, 2007 opinion–the District's motion to dismiss did not attack Counts One or Two of the complaint, the Gills' attorney spent no time specifically defending those counts in opposing the motion. Thus, there is no time to discount for this effort. Moreover, most of the allegations in the complaint applied to all four counts; again, most of the time spent drafting the complaint would have been incurred even if Counts One, Two and Three had never existed. The time devoted solely to matters on which the Gills have not yet prevailed was minimal.

For these reasons, the Gills are entitled to recover the full amount of attorney's fees and expenses claimed (which, it should be noted, are quite modest–only $4,793.75 in fees and $465.43 in expenses, primarily the Court's filing fee).

## CONCLUSION

For all the foregoing reasons, as well as the reasons set forth in our opening memorandum, the Gills respectfully submit that their motion for an award of attorney's fees and expenses should be granted, with leave to supplement their request to seek the fees and expenses incurred in litigating their entitlement.

/s/ *Diana M. Savit*

Diana M. Savit #244970
SAVIT & SZYMKOWICZ, LLP
7315 Wisconsin Avenue
Suite 601N
Bethesda, Maryland 20815
(301) 951-9191
Attorneys for plaintiffs