UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| S.G., a minor, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1317 (RMC) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiffs ask the Court to reconsider its Memorandum Opinion in this IDEIA[1] case in order to find that they were the "prevailing party" in the administrative litigation below and entitled to an award of attorney's fees. *See* Pls.' Mot. to Alter or Am. J. ("Pls.' Mem.") [Dkt. ## 18 & 19]; *see also* Pls.' Mot. for an Award of Attorney's Fees and Costs [Dkt. ## 20 & 21]. They point out that in *Abraham v. District of Columbia*, 338 F. Supp. 2d 113 (D.D.C. 2004), this Court decided that a settlement agreement encompassed in a Hearing Officer Decision ("HOD") that requires the District of Columbia Public Schools ("DCPS") to take or refrain from taking some action would be analogous to a consent decree and entitle the claimant to an award of attorney's fees. *Abraham*, 338 F. Supp. 2d at 120. Specifically, the Court held:

> [I]f a settlement agreement is properly incorporated into an HOD, an IDEA claimant may be eligible for attorneys' fees (assuming that the HOD offers sufficient relief on the merits). In such a situation, the claimant would have prevailed at the *administrative* level. . . . The fact that the parties may have agreed to the HOD's terms is of no consequence, provided that the HOD

---

[1] See Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. § 1400 *et seq*.

constitutes a final administrative decision.*

> \* It would be insufficient for an HOD merely to mention the existence of a settlement agreement or to dismiss the claim as moot due to settlement. For an IDEA claimant to be a "prevailing party," the HOD must order DCPS to undertake or refrain from some conduct consistent with that statute. . . .

*Id.* at 120. In this case, the HOD ordered that "Petitioner's request for relief is GRANTED, as the parties have agreed to terms" and also included the terms of the settlement: DCPS would convene a Multi-Disciplinary Team/IEP meeting to review S.G.'s evaluations, develop an IEP, and determine an appropriate placement within 30 days; and, within five days of the MDT/IEP meeting, issue a prior notice of placement to a public school, or, within thirty days, issue a prior notice of placement to a private school. *See* 8/8/07 Mem. Op. [Dkt. #16] at 5. The District of Columbia did not appeal *Abraham*. The HOD in this case surely appears to satisfy the standards of *Abraham v. District of Columbia*.

      The District opposes the motion for reconsideration, arguing that the matter was remanded and Plaintiffs cannot be deemed prevailing parties where there remains further litigation. *See* Defs.' Opp. to Mot. to Alter of Am. J. [Dkt. #22]. This raises an interesting conundrum: the Court erroneously overlooked *Abraham* and held that Plaintiffs were not "prevailing parties" as a result of the settlement contained in an HOD but the case has not ended and only one attorney fee award may be made.[2] Therefore, the Court hereby corrects itself and amends its August 8, 2007

---

[2] The Court notes the practice in this district of making a complete award of attorney's fees in IDEIA cases, even if greater than the statutory maximum currently authorized by Congress. *See Calloway v. District of Columbia*, 216 F.3d 1, 9-12 (D.C. Cir. 2000) (holding that the statutory cap does not limit the power of a court to award attorneys' fees above the amount set by the cap, only the authority of the District to make payments of attorneys' fees in excess of the cap); *see also Blackman v. District of Columbia*, 145 F. Supp. 2d 47, 50 (D.D.C. 2001).

judgment to provide that Plaintiffs were "prevailing parties" in the first administrative hearing. Nonetheless, their application for attorney's fees is premature because the litigation has not concluded. The Court will deny the pending motion for an award of fees and costs without prejudice, pending resolution of the second administrative proceeding. The Court will also order Plaintiffs and DCPS to file a joint report no later than six months from this date advising the Court of the status of their administrative litigation or when an HOD issues, whichever comes first. A memorializing Order accompanies this Memorandum Opinion.

```
                              _____/s/_____
                              ROSEMARY M. COLLYER
                              United States District Judge
```
DATE: February 5, 2008