*Exhibit A*

# Office of Compliance & Review
## State Enforcement & Investigation Division
### *Confidential*

Wanda I. Resto Torres, Esq., Due Process Hearing Officer
Van Ness Elementary School
1150 5th Street, S.E.
Washington, D.C. 20003
Facsimile: (202) 698-3825

## DECISION AND ORDER

| | |
|---|---|
| In the Matter of ) | **IMPARTIAL** |
| G█, S█ ) | **DUE PROCESS HEARING** |
| Date of Birth: █ ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Hearing Request: August 21, 2007 |
| ) | **Hearing Date:** October 23 & 24, 2007 |
| **District of Columbia Public Schools** ) | Attending School: Kingsbury Day |
| Respondent ) | |

**Counsel for Petitioner:**   Diana M. Savit, Esq.
7315 Wisconsin Ave., Suite 601N
Bethesda, MD 20814

**District of Columbia Public Schools:**   Rashida Wilson, Esq.
Office of the General Counsel
825 North Capitol St. N.E., 9th Floor
Washington, D.C. 20002

1

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| Student | S▮▮▮▮G▮ |
|---|---|
| Student's Parent(s) | Aleksandra Parpura-Gill, Mother |
| Student/Parent's Representative | Diana Savit, Esquire |
| School System's Representative | Rashida Wilson, Esquire |
| Special Education Consultant | Michelle Davis |

I. **JURISDICTION**

The due process hearing was held, and a decision rendered in the above-captioned matter, pursuant to the Individuals with Disabilities Education Act (IDEA), Public Law 101-476), reauthorized as the Individuals with Disabilities Education Improvement Act of 2004 (IDEIA), Public Law 108-446; and their current regulations, specifically at Title 34 of the Code of Federal Regulations, Part 300; the Rules of the Board of Education of the District of Columbia; the D.C. Appropriations Act, Section 145, effective October 21, 1998; and the District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

II. **STATEMENT OF THE CASE**

On August 21, 2007, parent's counsel filed a Due Process Hearing Request (DPH) against the District of Columbia Public Schools (DCPS) alleging that DCPS violated the Individuals with Disabilities Education Improvement Act (IDEIA), 20 U.S.C. §§ 1400 et seq. and denied the student a Free Appropriate Public Education (FAPE) by failing to provide an appropriate special education placement for 2005-06 and 2006-07, including the summers following those school years. The Petitioner further alleged that a prior hearing officer's determination and settlement agreement had been violated. As a remedy Petitioner requested that the Kingsbury Day School (KDS) be deemed an appropriate special education placement for S.G. and that the student be placed at the KDS retroactive to the start of the 2005-06 school year with reimbursement and payment provided by DCPS.

III. **DUE PROCESS RIGHTS**

The parent through counsel waived a formal reading of the due process rights.

IV. **ISSUES**

1. Did DCPS violate the Individuals with Disabilities Education Improvement Act ("IDEIA") 20 U.S.C. §§ 1400 et seq., and deny S.G. a Free Appropriate Public Education ("FAPE") by failing to provide an appropriate special education placement and program for S.G. during 05-06 school year and from the beginning of the school year in August, 2006 through January 2007?

2. Did DCPS violate the February 1, 2006 hearing officer's determination and settlement agreement?

3. Is the Kingsbury School an appropriate special education placement for S.G.?

4. Should S.G. be placed at the Kingsbury School retroactive to the start of the 2005-06 school year, or to some other date?

V.  **SUMMARY OF RELEVANT EVIDENCE**

    Petitioner:  Admitted on 10/24/07, a disclosure letter dated 10/17/07 to which fifty exhibits were attached, SG-1 through SG-50 and lists nine witnesses. Two witnesses testified- Special Education Consultant and S.G.'s mother.

    Respondent:  Admitted on 10/24/07, a disclosure letter dated 10/17/07 to which thirteen exhibits were attached, DCPS-1 through DCPS-13 and lists twelve witnesses. None testified.

VI  **PRELIMINARY MATTERS**

On 10/23/07, at a Pre Hearing Conference call, Counsels for the parties and the Hearing Officer discussed motions and issues were clarified. Counsels agreed to have conversations to identify facts that could be stipulated. However, Counsel did not have further conversations that afternoon.

On 10/24/07, a hearing was held at Van Ness Elementary School, 1150 5th Street, S.E., Washington, D.C. 20003. Although conversation on preliminary matters occurred on 10/23/07, there were pending motions and disclosures issues discussed at the DPH. The motions were resolved and the parties stipulated the following:

1. The DPH request was amended to constrain educational placement issues to dates prior to 01/9/07, both parties reserving all rights and defenses prospectively.

2. The placement DCPS offered in May 2006 was untimely and it was too late in the school year to be appropriate.

3. The parents have requested reimbursement for private placement during the school year 05-06 and 06-07.

4. There are ongoing substantive conversations on S.G.'s IEP.

5. DCPS did not propose a placement for the school year 06-07.

6. Placement is reviewed annually.

VII.  **FINDINGS OF FACT**

At the DPH testimony was taken from witnesses and the facts following are based on the testimony and/ or the record.

1. S.G. is an eleven years old who attends Kingsbury Day School in the District of Columbia ("KDS").

4

2. The mother testified that beginning on 4/29/05, and continuing for approximately two months thereafter, she made repeated attempts to register S.G. for the 2005-06 school year. That subsequently she visited Murch Elementary School offered by DCPS as placement for S.G. and b she did not believe the program she saw would be appropriate for S.G.

3. S.G. was registered in DCPS on 8/22/05.

4. An HOD was issued on 2/1/06, it incorporated a partial settlement agreement among the parties in which DCPS agreed to convene an MDT/IEP meeting for S.G. on or about 03/3/06 and to propose a placement within either 5 or 30 days thereafter, depending upon whether a public or private placement were proposed. (DCPS-2)

5. DCPS did not complete the IEP nor propose a placement within the agreed deadlines.

6. On 3/16/06 and on 5/12/06, MDT/IEP meetings were convened to review and or update S.G.'s annual IEP. A full MDT meeting was held; the parent was present and 100 % out of general education placement was recommended for S.G. (DCPS-9)

7. On 5/12/06, DCPS issued a Prior Action to Notice for placement for S.G. at Prospect Learning Center at an out of general education classroom and issued an IEP attachment B for Transportation for the 2005-2006 school year. (DCPS -7)

8. S.G. has been attending KDS since the summer of 2005.

9. On or about 12/6/06 a DCPS Psychologist observed S.G. at Kingsbury and notes that S.G. has made a great deal of progress with self-control; regulating his feelings; with comprehension and reading fluency but his numbers sense is weak." (DCPS-13)

10. There is no evidence that DCPS offered a placement for S.G. for the 2006-2007 school year.

## VIII. DECISION and CONCLUSION OF LAW

The IDEIA at 20 U.S.C. 1412(a)(3), and its regulations at § 300.111, require that DCPS have in effect policies and procedures to ensure that, among other things, all children with disabilities residing in the State, including children with disabilities who are homeless children or are wards of the State, and children with disabilities attending private schools, regardless of the severity of their disability, and who are in need of special education and related services, are identified, located, and evaluated. According to D.C. Code § 38-2501, initial evaluations are to be completed "within 120 days from the date that the student was **referred** for an evaluation." Emphasis added. DCPS has obligation to affirmatively identify students that may be in need of special education services.

It was the uncontested testimony of the mother that she made efforts to provide information about S.G. to the District of Columbia Public Schools ("DCPS") during April 2005 in order to facilitate S.G.'s entry from another jurisdiction into the DCPS in the Fall of 2005 with an

5

appropriate special education program in place. She further testified that it was in August 2005 when DCPS allowed the registration of S.G.

DCPS did not act upon its obligation to identify and evaluate or take some action according to its statutory duty.

**FAPE Determination**

The IDEIA at 20 U.S.C. § 1400 et seq. and 5 D.C.M.R. § 3000.1) requires DCPS to fully evaluate every child suspected of having a disability within the jurisdiction of the District of Columbia, ages 3 through 22, determine their eligibility for special education and related services and, if eligible, provide special education and related services through an appropriate IEP and Placement.

While 20 U.S.C. 1414(d)(2)(C)(i)(II) requires that "in cases of a child with a disability who transfers school districts within the same academic year, who enrolls in a new school, and who had an IEP that was in effect in another State, the local educational agency shall provide such child with a free appropriate public education, including services comparable to those described in the previously held IEP, in consultation with the parents until such time as the local educational agency conducts an evaluation pursuant to subsection (a)(1), if determined to be necessary by such agency, and develops a new IEP, if appropriate, that is consistent with Federal and State law".

The evidence was that DCPS did conduct an MDT/IEP meeting however it occurred in March 2006. Furthermore, DCPS waited until May 2006 before offering any placement or program for S.G. The Petitioner had to wait almost an entire school year before DCPS would acknowledge S.G. as a student with special education needs. The Hearing Officer determines that the untimely offering of services for the 05-06 school year and not abiding by the 2/1/06 HOD to issue a notice of placement within the allotted timeframe constitutes a denial of FAPE for the 05-06 school year.

There is no evidence that any other placement has been offered for the 06-07 school year.

**Placement**

34 C.F.R.§ 300.116 of the IDEIA regulations require when determining the educational placement of a child with a disability, including a preschool child with a disability, each public agency must ensure that— (a) The placement decision— (1) Is made by a group of persons, including the parents, and other persons knowledgeable about the child, the meaning of the evaluation data, and the placement options. It also states that the determination of the educational placement of a child with a disability must be based on a child's IEP. 20 U.S.C. 1412(a)(5).

There has been no evidence about the nature of the participation of the parent in the MDT/IEP and how placement was actually determined in May 2006. However, there was testimony that the parent was not convinced that the placement offered at Murch or Prospect would be appropriate for S.G. Both the mother and the educational consultant provided uncontested testimony that S.G is progressing academically in KBS. DCPS did not present evidence to

6

controvert that testimony nor did DCPS's classroom observation indicate that KBS was inappropriate.

**Burden of Proof**

Pursuant to 5 D.C.M.R. § 3030.3, "The burden of proof shall be the responsibility of the party seeking relief; either the parent/guardian of the child or the LEA. Based solely upon the evidence presented at the hearing, an impartial hearing officer shall determine whether the party seeking relief presented sufficient evidence to meet the burden of proof that the action and/or inaction or proposed placement is inadequate or adequate to provide the student a Free Appropriate Public Education (FAPE)." The student, who filed the hearing request, bears the burden of proof in this case.

The student did met the burden of proof in that the student prove that the Respondent failed to evaluate or provide a free an appropriate placement for S.G. during the 05-06 school year and that DCPS did not offered a placement for the 06-07 school year for S.G. as a consequence S.G. was denied a FAPE and therefore his claims prevail.

After examining the documents in the record hearing the testimony, the representations made by counsel for the parties and the findings of fact, and reviewing the terms of the agreement, as set forth in the record, the Hearing Officer determines that the terms are in the best interest of the student; therefore, the terms are approved and incorporated into an Order.

## ORDER

1. All communications and notice shall be sent through the parent's counsel.

2. DCPS shall reimburse the G___ for the cost of placement of S.G. at the Kingsbury Day School for the 2005-2006 school year and will reimburse for the cost for transportation to the school and back home, if warranted.

3. DCPS shall fund the placement of S.G. at the Kingsbury Day School for the 2006-2007 until January 2007 and will reimburse the cost for transportation to the school and back home.

4. Any delay in the above time frames caused by the parent or parent's counsel shall result in an extension of one day for each day of delay.

**This is the FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90)-days of this Order's issue date pursuant to 20 U.S.C. § 1415 (i)(1)(A), (i)(2)(B).**

_____       October 29, 2007
Wanda I. Resto Torres, Esq.              Date
Hearing Officer

Issued: _10-29-2007_                     DCPS Student Hearing Office

7