LAW OFFICES

# SAVIT & SZYMKOWICZ, LLP

7315 WISCONSIN AVENUE

SUITE 601 NORTH TOWER

BETHESDA, MD 20814-3202

———

PHONE: (301) 951-9191

FAX: (301) 718-7788

EMAIL: MAIL@BOWSSLAW.COM

WWW.BOWSSLAW.COM

ALSO PRACTICING IN THE DISTRICT OF COLUMBIA

MARVIN L. SZYMKOWICZ
MLS@BOWSSLAW.COM

DIANA M. SAVIT
DMS@BOWSSLAW.COM

LISA SELTZER BECKER
LSB@BOWSSLAW.COM

———

MICHAEL S. FOX
MSF@BOWSSLAW.COM
(NOT ADMITTED IN DC)

OF COUNSEL:

LORETTA J. GARCIA
LJG@BOWSSLAW.COM

HARVEY SCHWEITZER
SCHWEITZER & SCHERR, LLC
DIAL DIRECT: (301) 469-3382
LAWHARVEY@AOL.COM

December 21, 2007

District of Columbia Public Schools
Office of the General Counsel
Attn: Attorney Fee Processing
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

   *Re: Sebastian Gill, DOB 5/28/96*

Dear Sir/Madam:

   Accompanying this letter are documents in support of a claim for reimbursement of attorney's fees and expenses incurred in representing Sebastian Gill in due process proceedings which culminated in an October 29, 2007 hearing officer's determination in favor of Sebastian and his parents, Harwant Gill and Aleksandra Parpura-Gill. Specifically, the following are attached:

1. Application for payment of attorney's fees and costs pursuant to the Individuals with Disabilities Education Act
2. Impartial due process hearing officer's determinations, issued April 27, 2006 and October 29, 2007, respectively, both in cases styled *In the Matter of Sebastian Gill*
3. Special education attorney information for Diana M. Savit (with resumé)
4. IRS Form W-9
5. Invoices numbered 1 through 20 (these invoices have been redacted to remove matters not relevant to this fee application)

   Total attorney's fees incurred in this representation for which fees are claimed were $16,644.59, allocated as follows:

| | | | |
|---|---|---|---|
| Attorney Diana M. Savit | 7.7 hours | $295/hour | $2,271.50 |
| Attorney Diana M. Savit | 43 hours | $325/hour | $13,975.00 |

Office of the General Counsel
Attn: Attorney Fee Processing
December 21, 2007
Page 2

| Total | | | **$16,644.59** |
|-------|--|--|----------------|

Note that an additional .3 hour at $295/hour, and 3.4 hours at $325/hour, were not charged to our clients and are not claimed in this request.

The enclosed invoices include work performed in preparing for two distincet due process hearings. The first culminated in the amended hearing officer's determination of April 27, 2006, which was appealed to the United States District Court for the District of Columbia. The district court issued an order which partially reversed the April 27, 2006 HOD and partially remanded the case for further proceedings, which took place at the due process hearing in October 2007. A copy of the district court's opinion is attached. As the outcome of the first due process hearing was an order directing the D.C. Public Schools to resume considering Sebastian for special education, we believe that all work performed in connection with that hearing is compensable under the Individuals with Disabilities Education Act. Moreover, we believe that the two due process hearings constitute two separate "proceedings" for fee reimbursement purposes, such that the Gills are entitled to immediate payment of $8,000 in legal fees (applying the District of Columbia fee cap).

Please note as well that the hourly rates at which fees are claimed for work performed in 2006 and 2007 are higher than the amounts charged the Gills. That is because I voluntarily reduced my hourly rate and agreed to a partial contingent fee arrangement following the decision in the first due process hearing, in order to make it financially feasible for the Gills to appeal that decision (as they then did, successfully). Our arrangement was that if we prevailed in that action–as we did–they would make up the difference between the reduced fee I was charging and my regular hourly rate. That is why 2006 and 2007 time is claimed at the rate of $325/hour, not the $236/hour I charged the Gills.

Our firm also incurred the following expenses, reflected on the accompanying invoices:

| | |
|--|--|
| Postage | $ 14.15 |
| Photocopying | 283.00 |
| Transportation (Metro/mileage) | 11.26 |
| Couriers | 89.68 |
| **Total** | **$398.09** |

All expenses are billed at their actual cost to us. Our firm does not mark up expenses. Mileage is calculated at the Government Services Administration rate of $0.485 per mile. In-house photocopying is billed at $0.10 per page, the price charged by the law firm from which we sublet space and whose photocopier we use.

Office of the General Counsel
Attn: Attorney Fee Processing
December 21, 2007
Page 3

   Please note that I have signed the certification required in the application for payment of attorney's fees, because I can truthfully do so; however, I signed under protest. I believe the certification exceeds the requirement imposed by the relevant legislation; furthermore, I believe that any such certification (whether required by Congress or unilaterally imposed by the District of Columbia Public Schools) unlawfully infringes upon the attorney-client relationship and my clients' contractual rights.

   Please contact me if you require additional information, or an explanation of anything contained in this application.

       Very truly yours,

       Diana M. Savit

Enclosures
cc:  Harwant Gill & Aleksandra Parpura-Gill

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

**Office of the Chancellor**
**Office of the General Counsel**
**825 North Capitol Street, N.E., 9th Floor**
**Washington, D.C. 20002-4232**
**202-442-5000 Fax: 202-442-5098**
**www.k12.dc.us**

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   | | |
   |---|---|
   | **Law Firm** | Savit & Szymkowicz, LLP |
   | **Attorney** | Diana M. Savit |
   | **Federal Tax ID No:** | 52-2329896 |
   | **D.C. Bar No:** | 244970 |

2. **Student Information**
   | | |
   |---|---|
   | **Name:** | Sebastian Gill |
   | **DOB:** | May 28, 1996 |
   | **Date Hearing Request Filed:** | August 21, 2007 |
   | **Date(s) of Hearing:** | October 24, 2007 |
   | **Date of Determination (HOD/SA):** | October 29, 2007 |
   | **Parent/Guardian Name:** | Harwant Gill & Aleksandra Parpura-Gill |
   | **Parent/Guardian Address:** | 2906 Ellicott Street, N.W. |
   | | Washington, D.C.  20008 |

3. **Invoice Information**
   | | |
   |---|---|
   | **Invoice Number:** | 1-20 |
   | **Date Request Submitted**: | December 21, 2007 |
   | **Date(s) of Services Rendered:** | March 29, 2005-August 19, 2007 |
   | **Attorney Hourly Rate:** | 2005–$295; 2006-07–$325 |
   | **Total Attorney Fees:** | $16,246.50 |
   | **Total Attorney Costs:** | $398.09 |
   | **Total Experts:** | None claimed |
   | **Total Invoice:** | $16,644.59 |

4. **Certification (must be signed by principal attorney)**

   I certify that all of the following statements are true and correct:

   - All services listed on the enclosed invoices **were** actually performed
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;

*Revised Nov. 2004*

- The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
- No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies aid as a result of the submission of the enclosed invoice, has pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service provider;
- I understand that the making of a false statement to an agency of the D.C Government is punishable by criminal penalties pursuant to D.C Code § 22-2405.

_____
Signature

December 21, 2007
_____
Date

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
## <u>CONFIDENTIAL</u>

### Charles R. Jones, Esq., Due Process Hearing Officer
### 825 North Capitol Street, N.E. 8th Floor
### Washington, D.C. 20002
### Facsimile: (202) 442-5556

| | |
|---|---|
| In the Matter of ) | IMPARTIAL DUE PROCESS |
| ) | |
| SEBASTIAN GILL,        Student, ) | HEARING OFFICER'S DECISION |
| Date of Birth: 05-27-88 ) | |
| ) | |
| Petitioner, ) | Hearing Date: January 26, 2006 |
| ) | |
| vs. ) | |
| ) | Held at: 825 North Capitol Street, NE |
| The District of Columbia Public Schools, ) | Eighth Floor |
| Attending:  Kingsbury Day School ) | Washington, D.C. 20002 |
| Respondent. ) | |
| ) | |

## <u>AMENDED DECISION AND ORDER</u>

| | |
|---|---|
| **Parent(s):** | Drs..Harwant & Aleksandra Parpura-Gill 2907 Ellicott Street, N.W. Washington, D.C.  20008 |
| **Counsel for Parent:** | Diane M. Savit, Esq. Savit & Szymkowicz, LLP 7315 Wisconsin Ave., Suite 601 Bethesda, MD  20814 |
| **Counsel for School:** | Rhondalyn D. Primes, Attorney- Advisor Office of the General Counsel, DCPS 825 North Capitol Street, N.E., 9th Floor Washington, D.C. 20002 |

*2006 APR 27 PM 12: 48*
*DC PUBLIC SCHOOL SYSTEM*

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*State Enforcement and Investigative Division*

### Special Education Due Process Hearing

## I.  INTRODUCTION

On October 25, 2005, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent; Diana M. Savit, Esq. The request alleges DCPS failed to timely register SG or to develop an appropriate educational program for SG.

A Due Process Hearing was convened on January 26, 2006 at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., and 8th Floor, Washington, D.C. 20002. Rhondalyn D. Primes, Esq., Attorney-Advisor represented DCPS.  Diana M. Savit, Esq., represented the parent.  Five Day Disclosure Letters were entered into the record, without any objection by either party. On behalf of the parent: Disclosure Letter dated January 23, 2006: SG-1 through SG-25.  On behalf of DCPS: Disclosure Letter dated January 19, 2005: DCPS-01 through DCPS-03.  Parent's counsel objected to the entry of DCPS-01.  The objection was not granted.  Parent's counsel waived a formal reading of the Due Process Rights.  The parties did not enter any testimony, as the case was settled on the record.  An issue arose concerning whether the student had registered as a DCPS student.   The Hearing Officer requested verification on the issue of registration and the record remained open for one week.   In response to this request, DCPS submitted a letter dated January 30, 2006.

## II.  JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to *Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 (IDEIA);* 20 United States Code 1400 ET. Seq.; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III.  ISSUES

Whether DCPS denied the student FAPE by failing to timely register SG and by failing to determine an appropriate educational placement for S.G?

2.

IV.    SUMMARY OF RELEVANT EVIDENCE

This case involves allegations by parent's counsel that the District of Columbia Public Schools (hereinafter "DCPS") failed to provide a fee appropriate public education. According to parent's counsel, the parent's acquired a new residence in the District of Columbia. However, the parents decided to allow the student to complete the 2004-2005 school years in the Montgomery county school system, as the decision was made not to interrupt the student's educational year. It is alleged that the parent sought to register the student early on or around March 2005 in order to allow DCPS to determine an appropriate educational placement for the student. It is further alleged that early registration was not allowed. The parent's were allowed to register the student in August 2005, but the student remained enrolled at Kingsbury at the beginning of the 2005-2006 school years, as the student attended ESY at Kingsbury. The parents alleged, through their counsel, that DCPS failure to allow early registration constitutes a denial of a free appropriate public education (FAPE). DCPS alleges the student parent's decided to place the petitioner within a private school, as DCPS did not refuse to develop an appropriate educational program or provide an appropriate educational placement for S.G. Additionally, DCPS alleged that the petitioner was never registered as a non-attending student. The Hearing Officer ordered respondent's counsel to provide documentary evidence to support this allegation and the record remained open for a week for this submittal.

At the commencement of the hearing, counsel for the respondent entered a motion to dismiss this matter, alleging that the petitioner had not been registered at DCPS. The motion to dismiss was not granted. Counsel for the petitioner requested that the record reflect that all of petitioner's rights be reserved with respect to future claims of relief in light of the fact that there was a settlement component to the order. The Hearing Officer noted that request in the record, but there was no determination made that DCPS had violated any of the petitioner's rights at the hearing, as there was no denial of a free appropriate public education (FAPE).

V.    FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

1.    S.G. is a nine- (9) year old student presently residing in the District of Columbia and a student enrolled at the Kingsbury School.

2.    S.G. was previously determined by the Montgomery county public school system to be eligible for special education and related services.

3.

3.       At the commencement of the 2005-2006 school years, the student was enrolled
at the Kingsbury School, which is a private placement.

4.       The student was not enrolled as a non-attending student at the Shaw Care
Center, which is the designated site of the Superintendent.

### Based upon the foregoing: IT IS HEREBY ORDERED

1) Petitioner's counsel entered into a settlement agreement.

2) Petitioner is not the prevailing party in this matter.

3) DCPS shall, within thirty- (30) calendar days of the issuance of the HOD,
   convene a MDT/IEP team meeting to review all current evaluations, review
   and revise the student's IEP as warranted and discuss and determine an
   appropriate educational placement including the parent's placement options.

4) In the event the appropriate placement is to a public school, DCPS shall issue
   a prior notice of placement within five- (5) school days of the MDT/IEP team
   meeting. If the appropriate placement is to a non-public facility, DCPS shall
   issue a prior notice of placement within thirty- (30) calendar days of the
   MDT/IEP team meeting.

5) All communications and notices shall be sent through the parent's counsel.

6) Any delay in the above time frames caused by the student or student's
   counsel shall result in an extension of one day for each day of delay.

4.

## VI.    APPEAL PROCESS

This is the FINAL ADMINISTRATIVE DECISION.  Appeals may be made to a court of competent jurisdiction within ninety- (90) days from the date this decision was issued.

Date Filed: _04-27-06_

_____
Charles R. Jones, Esq., Hearing Officer

Date Issued: _4-27-06_

5.

# Office of Compliance & Review

## State Enforcement & Investigation Division

## _Confidential_

**Wanda I. Resto Torres**, Esq., Due Process Hearing Officer
Van Ness Elementary School
1150 5th Street, S.E.
Washington, D.C. 20003
Facsimile: (202) 698-3825

# DECISION AND ORDER

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL** |
| **Gill, Sebastian** | ) | **DUE PROCESS HEARING** |
| Date of Birth: 5/28/96 | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | Hearing Request: August 21, 2007 |
| vs. | ) | **Hearing Date:** October 23 & 24, 2007 |
| | ) | Attending School: Kingsbury Day |
| **District of Columbia Public Schools** | ) | |
| Respondent | ) | |
| | ) | |

**Counsel for Petitioner:**          Diana M. Savit, Esq.
                                     7315 Wisconsin Ave., Suite 601N
                                     Bethesda, MD 20814

**District of Columbia Public Schools:**   Rashida Wilson, Esq.
                                           Office of the General Counsel
                                           825 North Capitol St. N.E., 9th Floor
                                           Washington, D.C. 20002

An index of names is attached hereto for the benefit of the parties.  The index will permit the parties to identify specific witnesses and other relevant persons.  The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| | |
|---|---|
| Student | Sebastian Gill |
| Student's Parent(s) | Aleksandra Parpura-Gill, Mother |
| Student/Parent's Representative | Diana Savit, Esquire |
| School System's Representative | Rashida Wilson, Esquire |
| Special Education Consultant | Michelle Davis |

I.    **JURISDICTION**

The due process hearing was held, and a decision rendered in the above-captioned matter, pursuant to the Individuals with Disabilities Education Act (IDEA), Public Law 101-476), reauthorized as the Individuals with Disabilities Education Improvement Act of 2004 (IDEIA), Public Law 108-446; and their current regulations, specifically at Title 34 of the Code of Federal Regulations, Part 300; the Rules of the Board of Education of the District of Columbia; the D.C. Appropriations Act, Section 145, effective October 21, 1998; and the District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

II.    **STATEMENT OF THE CASE**

On August 21, 2007, parent's counsel filed a Due Process Hearing Request (DPH) against the District of Columbia Public Schools (DCPS) alleging that DCPS violated the Individuals with Disabilities Education Improvement Act (IDEIA), 20 U.S.C. §§ 1400 et seq. and denied the student a Free Appropriate Public Education (FAPE) by failing to provide an appropriate special education placement for 2005-06 and 2006-07, including the summers following those school years. The Petitioner further alleged that a prior hearing officer's determination and settlement agreement had been violated. As a remedy Petitioner requested that the Kingsbury Day School (KDS) be deemed an appropriate special education placement for S.G. and that the student be placed at the KDS retroactive to the start of the 2005-06 school year with reimbursement and payment provided by DCPS.

III.    **DUE PROCESS RIGHTS**

The parent through counsel waived a formal reading of the due process rights.

IV. **ISSUES**

1.    Did DCPS violate the Individuals with Disabilities Education Improvement Act ("IDEIA") 20 U.S.C. §§ 1400 et seq., and deny S.G. a Free Appropriate Public Education ("FAPE") by failing to provide an appropriate special education placement and program for S.G. during 05-06 school year and from the beginning of the school year in August, 2006  through January 2007?

2.    Did DCPS violate the February 1, 2006 hearing officer's determination and settlement agreement?

3.    Is the Kingsbury School an appropriate special education placement for S.G.?

4.    Should S.G. be placed at the Kingsbury School retroactive to the start of the 2005-06 school year, or to some other date?

V.    **SUMMARY OF RELEVANT EVIDENCE**

Petitioner:   Admitted on 10/24/07, a disclosure letter dated 10/17/07 to which fifty exhibits were attached, SG-1 through SG-50 and lists nine witnesses. Two witnesses testified- Special Education Consultant and S.G.'s mother.

Respondent:   Admitted on 10/24/07, a disclosure letter dated 10/17/07 to which thirteen exhibits were attached, DCPS-1 through DCPS-13 and lists twelve witnesses. None testified.

VI    **PRELIMINARY MATTERS**

On 10/23/07, at a Pre Hearing Conference call, Counsels for the parties and the Hearing Officer discussed motions and issues were clarified. Counsels agreed to have conversations to identify facts that could be stipulated. However, Counsel did not have further conversations that afternoon.

On 10/24/07, a hearing was held at Van Ness Elementary School, 1150 5th Street, S.E., Washington, D.C. 20003. Although conversation on preliminary matters occurred on 10/23/07, there were pending motions and disclosures issues discussed at the DPH. The motions were resolved and the parties stipulated the following:

1.      The DPH request was amended to constrain educational placement issues to dates prior to 01/9/07, both parties reserving all rights and defenses prospectively.

2.      The placement DCPS offered in May 2006 was untimely and it was too late in the school year to be appropriate.

3.      The parents have requested reimbursement for private placement during the school year 05-06 and 06-07.

4.      There are ongoing substantive conversations on S.G.'s IEP.

5.      DCPS did not propose a placement for the school year 06-07.

6.      Placement is reviewed annually.

VII.   **FINDINGS OF FACT**

At the DPH testimony was taken from witnesses and the facts following are based on the testimony and/ or the record.

1.  S.G. is an eleven years old who attends Kingsbury Day School in the District of Columbia ("KDS").

2.  The mother testified that beginning on 4/29/05, and continuing for approximately two months thereafter, she made repeated attempts to register S.G. for the 2005-06 school year. That subsequently she visited Murch Elementary School offered by DCPS as placement for S.G. and b she did not believe the program she saw would be appropriate for S.G.

3.  S.G. was registered in DCPS on 8/22/05.

4.  An HOD was issued on 2/1/06, it incorporated a partial settlement agreement among the parties in which DCPS agreed to convene an MDT/IEP meeting for S.G. on or about 03/3/06 and to propose a placement within either 5 or 30 days thereafter, depending upon whether a public or private placement were proposed. (DCPS-2)

5.  DCPS did not complete the IEP nor propose a placement within the agreed deadlines.

6.  On 3/16/06 and on 5/12/06, MDT/IEP meetings were convened to review and or update S.G.'s annual IEP. A full MDT meeting was held; the parent was present and 100 % out of general education placement was recommended for S.G. (DCPS-9)

7.  On 5/12/06, DCPS issued a Prior Action to Notice for placement for S.G. at Prospect Learning Center at an out of general education classroom and issued an IEP attachment B for Transportation for the 2005-2006 school year. (DCPS -7)

8.  S.G. has been attending KDS since the summer of 2005.

9.  On or about 12/6/06 a DCPS Psychologist observed S.G. at Kingsbury and notes that S.G. has made a great deal of progress with self-control; regulating his feelings; with comprehension and reading fluency but his numbers sense is weak." (DCPS-13)

10. There is no evidence that DCPS offered a placement for S.G. for the 2006-2007 school year.

## VIII. DECISION and CONCLUSION OF LAW

The IDEIA at 20 U.S.C. 1412(a)(3), and its regulations at § 300.111, require that DCPS have in effect policies and procedures to ensure that, among other things, all children with disabilities residing in the State, including children with disabilities who are homeless children or are wards of the State, and children with disabilities attending private schools, regardless of the severity of their disability, and who are in need of special education and related services, are identified, located, and evaluated. According to D.C. Code § 38-2501, initial evaluations are to be completed "within 120 days from the date that the student was **referred** for an evaluation." Emphasis added. DCPS has obligation to affirmatively identify students that may be in need of special education services.

It was the uncontested testimony of the mother that she made efforts to provide information about S.G. to the District of Columbia Public Schools ("DCPS") during April 2005 in order to facilitate S.G.'s entry from another jurisdiction into the DCPS in the Fall of 2005 with an

appropriate special education program in place.  She further testified that it was in August 2005 when DCPS allowed the registration of S.G.

DCPS did not act upon its obligation to identify and evaluate or take some action according to its statutory duty.

## FAPE Determination

The IDEIA at 20 U.S.C. § 1400 et seq. and 5 D.C.M.R. § 3000.1) requires DCPS to fully evaluate every child suspected of having a disability within the jurisdiction of the District of Columbia, ages 3 through 22, determine their eligibility for special education and related services and, if eligible, provide special education and related services through an appropriate IEP and Placement.

While 20 U.S.C. 1414(d)(2)(C)(i)(II) requires that "in cases of a child with a disability who transfers school districts within the same academic year, who enrolls in a new school, and who had an IEP that was in effect in another State, the local educational agency shall provide such child with a free appropriate public education, including services comparable to those described in the previously held IEP, in consultation with the parents until such time as the local educational agency conducts an evaluation pursuant to subsection (a)(1), if determined to be necessary by such agency, and develops a new IEP, if appropriate, that is consistent with Federal and State law".

The evidence was that DCPS did conduct an MDT/IEP meeting however it occurred in March 2006. Furthermore, DCPS waited until May 2006 before offering any placement or program for S.G.  The Petitioner had to wait almost an entire school year before DCPS would acknowledge S.G. as a student with special education needs. The Hearing Officer determines that the untimely offering of services for the 05-06 school year and not abiding by the 2/1/06 HOD to issue a notice of placement within the allotted timeframe constitutes a denial of FAPE for the 05-06 school year.

There is no evidence that any other placement has been offered for the 06-07 school year.

## Placement

34 C.F.R.§ 300.116 of the IDEIA regulations require when determining the educational placement of a child with a disability, including a preschool child with a disability, each public agency must ensure that— (a) The placement decision— (1) Is made by a group of persons, including the parents, and other persons knowledgeable about the child, the meaning of the evaluation data, and the placement options.  It also states that the determination of the educational placement of a child with a disability must be based on a child's IEP. 20 U.S.C. 1412(a)(5).

There has been no evidence about the nature of the participation of the parent in the MDT/IEP and how placement was actually determined in May 2006.  However, there was testimony that the parent was not convinced that the placement offered at Murch or Prospect would be appropriate for S.G.  Both the mother and the educational consultant provided uncontested testimony that S.G is progressing academically in KBS. DCPS did not present evidence to

controvert that testimony nor did DCPS's classroom observation indicate that KBS was inappropriate.

**Burden of Proof**

Pursuant to 5 D.C.M.R. § 3030.3, "The burden of proof shall be the responsibility of the party seeking relief; either the parent/guardian of the child or the LEA. Based solely upon the evidence presented at the hearing, an impartial hearing officer shall determine whether the party seeking relief presented sufficient evidence to meet the burden of proof that the action and/or inaction or proposed placement is inadequate or adequate to provide the student a Free Appropriate Public Education (FAPE)." The student, who filed the hearing request, bears the burden of proof in this case.

The student did met the burden of proof in that the student prove that the Respondent failed to evaluate or provide a free an appropriate placement for S.G. during the 05-06 school year and that DCPS did not offered a placement for the 06-07 school year for S.G. as a consequence S.G. was denied a FAPE and therefore his claims prevail.

After examining the documents in the record hearing the testimony, the representations made by counsel for the parties and the findings of fact, and reviewing the terms of the agreement, as set forth in the record, the Hearing Officer determines that the terms are in the best interest of the student; therefore, the terms are approved and incorporated into an Order.

## ORDER

1. All communications and notice shall be sent through the parent's counsel.

2. DCPS shall reimburse the Gills for the cost of placement of S.G. at the Kingsbury Day School for the 2005-2006 school year and will reimburse for the cost for transportation to the school and back home, if warranted.

3. DCPS shall fund the placement of S.G. at the Kingsbury Day School for the 2006-2007 until January 2007 and will reimburse the cost for transportation to the school and back home.

4. Any delay in the above time frames caused by the parent or parent's counsel shall result in an extension of one day for each day of delay.

**This is the FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90)-days of this Order's issue date pursuant to 20 U.S.C. § 1415 (i)(1)(A), (i)(2)(B).**

Wanda I. Resto Torres, Esq.
**Hearing Officer**

Issued: _10-29-2007_

October 29, 2007
**Date**

DCPS Student Hearing Office

7



# OSSE

DC Office of the
State Superintendent
of Education

---

**DATE:** 10-29-2007

**TO:** D. Savit

**PHONE:** 3|951-9191

**FROM:** STUDENT HEARING OFFICE

**SENDER FAX:** 202-698-3825

**Total Number of Pages:** 7 plus cover

**COMPANY:** _____

**FAX:** 3|718-7788

**SENDER PHONE:** 202-698-3819

**RE:** S. Gill

**COMMENTS:**

---

**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**
**Office of the Superintendent**
**Office of the General Counsel**
**825 North Capitol Street, N.E. 9th Floor**
**Washington, D.C. 20002-4232**
**202-442-5000 Fa: 202-442-5098**
**www.k12.dc.us**

# SPECIAL EDUCATION ATTORNEY INFORMATION

**Attorney Name**                Diana M. Savit

**Law Firm**                     Savit & Szymkowicz, LLP0
                                 **(please submit a separate form for each attorney in firm)**

**Federal Tax ID +**             52-2329896

**Billing Address**              7315 Wisconsin Avenue, Suite 601N
                                 Bethesda, Maryland 20814

**Phone Number**                 (301) 951-9191

**Fax Number**                   (301) 718-7788

**Bar Number**                   244970

**State of Admission** District of Columbia, Maryland   **Year of Admission**        1976, 1987

**Years of Legal Practice in Special Education Law\***

\*This information will be used in determining the reasonable hourly rate. You may attach a resumé with this form
+'The Tax ID number is necessary in order to receive any payments from DCPS. Please mail or fax this form to the address/number listed above.
Please complete the form even if you have submitted one in the past so that we may update our records.

**Received in OGC**              /        /

*Revised Nov. 2004*

# DIANA M. SAVIT

Savit & Szymkowicz, LLP
7315 Wisconsin Avenue
Air Rights Center – North Tower Suite 601N
Bethesda, Maryland 20814
(301) 951-9191
(301) 718-7788 (fax)
E-mail: dms@bowsslaw.com

*Diana Savit specializes in civil and appellate litigation, emphasizing resolving business and employment disputes, special education and disabilities issues. She is also experienced in personal injury and property damage law, administrative practice, family law, professional liability and responsibility issues, the Freedom of Information and Privacy Acts and consumer law.*

*She is active in bar and community groups, including past service as president of the Women's Bar Association of the District of Columbia, vice president of the National Conference of Women's Bar Associations, and as president of Washington Independent Services for Educational Resources (WISER), and current service as vice president of the District of Columbia Women's Bar Association Foundation and as vice chair of the board of governors of The Chelsea School (Silver Spring, Maryland).*

**EXPERIENCE:**

| | |
|---|---|
| **2001 to present** | **Savit & Szymkowicz, LLP (formerly Bowytz Savit Szymkowicz, LLP), Bethesda, Maryland**<br>***Partner***<br>Practice concentrating in civil litigation, business formation & management, employment, contracts, special education, disability rights, investor rights, estate and probate, regulated industries and family law |
| **2000 to 2001** | **Karp, Frosh, Lapidus, Wigodsky & Norwind, P.A., Rockville, Maryland**<br>***Of counsel***<br>Senior litigator in 25-lawyer civil practice firm specializing in corporate matters, commercial litigation, employment, contracts, special education, estate and probate, products liability, medical malpractice and personal injury law |
| **1995 to 2000** | **Savit & Szymkowicz, Washington, D.C.**<br>**(successor to Mendelsohn & Szymkowicz)**<br>***Partner (Savit & Szymkowicz)/Of counsel (Mendelsohn & Szymkowicz)***<br>Senior litigator in boutique firm specializing in business, special education, employment, estate and probate, and aviation law |

| | |
|---|---|
| **1985**<br>**to 1995** | **Silver, Freedman & Taff, Washington, D.C.**<br>***Partner,*** 1990 to 1995<br>Duties:   Head of litigation department for medium-sized law firm.<br>Supervisory and direct responsibility for average of 60 cases. |
| **1979**<br>**to 1985** | **Office of the Corporation Counsel, District of Columbia,**<br>***Assistant Corporation Counsel***<br>Appellate and Civil Divisions |
| **1976**<br>**to 1979** | **Office of the Chief Counsel, U.S. Customs Service,**<br>***General Attorney*** |
| **1974**<br>**to 1976** | **Office of Labor-Management Relations,**<br>**U.S. Government Printing Office,** *Staff Assistant* |

**BAR MEMBERSHIP:**

District of Columbia Bar (member, Section of Litigation)
Court of Appeals of Maryland
United States District Courts for the Districts of Columbia and Maryland
United States Courts of Appeal for the District of Columbia, Fourth and
Federal Circuits
United States Tax Court
United States Supreme Court

**EDUCATION:**

| | |
|---|---|
| *Legal* | **George Washington University National Law Center**, **Washington, D.C.**<br>J.D. 1976 with honors |
| *Graduate* | **George Washington University, Washington, D.C.**<br>School of International Relations, M.A. candidate (1974-77, not<br>completed) |
| *College* | **Princeton University, Princeton, New Jersey**<br>B.A. 1973 *cum laude* in history with certificate in Near Eastern Studies |
| | **Hebrew University of Jerusalem, Israel**<br>Summer 1972 |

2

**PROFESSIONAL ACTIVITIES AND HONORS:**

*Bar Associations*:
American Bar Association (member, Law Practice Management and Litigation Sections)
Association of Trial Lawyers of America (member, Commercial Litigation Section)
Bar Association of the District of Columbia (committee chair, 1994-1997)
American Association of Jewish Lawyers and Jurists (member, Board of Governors, 1994-2004)
Maryland State Bar Association (member, Litigation Section)
National Conference of Women's Bar Associations (member, Board of Directors, 1997-2003; vice president, 2000-2001)
Women's Bar Association of the District of Columbia (president, 1993-94)
Women's Bar Associations of Maryland and Montgomery County

*Member,* Board of Directors, Washington Independent Services for Educational Resources (2000-present; vice president, 2002-2004, president, 2004-2006)

*Member,* Board of Directors, Chelsea School, Silver Spring, Maryland (2002-present; assistant treasurer, 2004-05; vice chair, 2005-present)

*Member,* Board of Directors, Women's Bar Association Foundation of the District of Columbia (2002-present; vice president, 2006-present)

*Certified arbitrator,* FINRA (formerly NASD Regulation, Inc.) (1999-present)

*Member,* Legal Counsel for the Elderly Policy Board (1997-2001)
    *Chair,* Client Grievance Committee (1997-2001)

*Member,* Board of Directors, George Washington University Law Alumni Association (1996-2002)

*Member,* Civil Rules Advisory Committee, Superior Court of the District of Columbia (1994-present)

*Member,* D.C. Bar Elections Process Review Committee (1994)

*Member,* Judicial Conference of the United States Court of Appeals for the District of Columbia Circuit (1992, 1994)

3

*Member,* Judicial Conference of the District of Columbia Court of Appeals (1994, 1997, 1999-2001)

*Mediator,* Superior Court of the District of Columbia (1991-present) (approximately 15 civil mediations per year)

*Member,* Merit Selection Panel for United States Magistrate Judges for the United States District Court for the District of Columbia (1991)

*Member,* District of Columbia Advisory Committee on Education of the Handicapped, 1980-81 and 1984-85

Designated "Woman of Achievement" by The Women's Information Network, 1994 and 1995

Named among top 1% of District of Columbia lawyers (education law) by WASHINGTONIAN MAGAZINE, 2007

*Martindale-Hubbell rating:* AV

**SPEECHES:**

Panelist, *Legal Issues for the Small Business Owner,* EDVentures 2005. Sponsored by Education Industry Association

Speaker, *Understanding Special Education Law,* October 2003. Sponsored by Washington Independent Services for Educational Resources

Panelist, *Advice on Succeeding in the Business World*, February 2000. Sponsored by Georgetown University Women in Business

Speaker, *Legal Rights of Students with Special Learning Needs*, January 2000. Sponsored by Board of Jewish Education of Greater Washington and Jewish Social Service Agency

Panelist, *Business Ethics in Professional Life,* March 1999. Sponsored by Charles E. Smith Jewish Day School/Hebrew Academy of Washington (11th grade special program)

Speaker, Georgetown University Women in Business, January 1996

4

Panelist, *Balancing Your Life While Keeping Your Career on Track,* April 1994. Sponsored by Young Lawyers Section of the Bar Association of the District of Columbia.

Panelist, *War Stories,* December 1993. Sponsored by Litigation Forum of the Women's Bar Association of the District of Columbia.

Panelist, *Taking Care of Business: Avoiding Litigation and Successfully Resolving Business Disputes,* October 1992. Sponsored by Litigation Forum of the Women's Bar Association of the District of Columbia. Topic: "Thinking Defensively in Negotiating and Preparing Contracts"

Panelist, *Law and Business for the Entrepreneur: Surviving and Thriving in Troubled Times,* September 1991. Sponsored by Women's Bar Association of the District of Columbia and the District of Columbia Chapter of the National Association of Women Business Owners. Topic: "Selecting Litigation Counsel"

**PUBLICATION:**

FLYING SOLO: A SURVIVAL GUIDE FOR THE SOLO LAWYER, 3ʳᵈ & 4ᵀᴴ EDS., Edited by Jeffrey R. Simmons, Published by American Bar Association/Law Practice Management Section (2001, 2004). Chapter author: *Life After the Law Firm: Family and Personal Considerations in Deciding to be a Solo*

**MISCELLANEOUS:**

Women's Division, United Jewish Appeal Federation of Greater Washington (five-year member, executive board; past member, steering committee, Business & Professional Women's Network)

Princeton Club of Washington, Alumni Schools Committee (1999-present)

Ohr Kodesh Congregation, Chevy Chase, Maryland (Chair, Ritual Committee, 2000-present; Member, Board of Directors, 2003-2005)

5

Listed in *Who's Who in American Law*, 6th, 7th, 9th, 10th and 11th eds.
Listed in *Who's Who Among Rising Young Americans*, 1992 ed.
Listed in Washington, D.C. *Super Lawyers,* 2007

*Language:*    Hebrew

| Form **W-9**<br>(Rev. November 2005)<br>Department of the Treasury<br>Internal Revenue Service | **Request for Taxpayer<br>Identification Number and Certification** | **Give form to the<br>requester. Do not<br>send to the IRS.** |
|---|---|---|

**See Specific Instructions on page 2.** / **Print or type**

Name (as shown on your income tax return)
**Savit & Szymkowicz, LLP**

Business name, if different from above

Check appropriate box:  ☐ Individual/Sole proprietor  ☐ Corporation  ☒ Partnership  ☐ Other ▶ ............  ☐ Exempt from backup withholding

Address (number, street, and apt. or suite no.)
**7315 Wisconsin Avenue, Suite 601N**

Requester's name and address (optional)

City, state, and ZIP code
**Bethesda, Maryland  20814**

List account number(s) here (optional)

---

### Part I  Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on Line 1 to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number

**or**

Employer identification number
5 2 – 2 3 2 9 8 9 6

---

### Part II  Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. person (including a U.S. resident alien).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. (See the instructions on page 4.)

| Sign<br>Here | Signature of<br>U.S. person ▶ *Diana M. Savit* | Date ▶ 12/21/07 |
|---|---|---|

## Purpose of Form

A person who is required to file an information return with the IRS, must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

**U.S. person.** Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee.

In 3 above, if applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

**Note.** If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

For federal tax purposes, you are considered a person if you are:

● An individual who is a citizen or resident of the United States,

● A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States, or

● Any estate (other than a foreign estate) or trust. See Regulations sections 301.7701-6(a) and 7(a) for additional information.

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

The person who gives Form W-9 to the partnership for purposes of establishing its U.S. status and avoiding withholding on its allocable share of net income from the partnership conducting a trade or business in the United States is in the following cases:

● The U.S. owner of a disregarded entity and not the entity,

Cat. No. 10231X                    Form **W-9** (Rev. 11-2005)




# GOVERNMENT OF THE DISTRICT
# OF COLUMBIA

Page 1 of 2

| | |
|---|---|
| New Vendor      [ ] | CHECK |
| New Payment/Address   [ ] | ONLY |
| New Business Address   [ ] | ONE |
| Deactivation     [ ] | |

## SUPPLIER/VENDOR INFORMATION FORM

**Business Entity**

~~Attorney~~ Y/N

1. As information appears in official records:  (ALL FIELDS MUST BE COMPLETED)

Federal Taxpayer ID _52- 2329896_     Social Security Number _____     1099 (Y)/N  *see 1099 requirements*

Corporate Name: _Savit & Szymkowicz, LLP_
Suite/Room: _601 N_
Street: _7315 Wisconsin Avenue_
City: _Bethesda_     State: _MD_     Zip: _20814_
Telephone _(301) 951-9191_     Contact _Diane Savit_
Fax: _(301) 718-7788_

**Supplier/Vendor
Type: _____**
(From Page 2)

**Ownership Code: _____**
(From Page 2)

**Individual**

~~Attorney~~ Y/N

2. In an individual rather than a business entity:  (ALL FIELDS MUST BE COMPLETED)

Social Security Number _____

Individuals Name: _____
Suite/Room: _____
Street: _____
City: _____     State: _____     Zip: _____
Telephone _____
Fax: _____

**Supplier/Vendor
Type: _____**
(From Page 2)

**Ownership Code: _____**
(From Page 2)

**Payment Address**

One Time Payment: [ ]

3. To which all payments will be sent:
Suite/Room: _601 N_
Street: _7315 Wisconsin Avenue_
City: _Bethesda_     State: _MD_     Zip: _20814_
Telephone _(301) 951-9191_

**Additional Payment Address**

4. New additional payment address:
Suite/Room: _____
Street: _____
City: _____     State: _____     Zip: _____
Telephone _____

**Authorization**

Date Faxed ___/___/___

URGENT: Court Order: [ ]

DCMR 1710 Emergency. [ ]

5. INFORMATION PROVIDED BY: _Diane N. Savit_
Print or Type Name of Requestor

Title _Partner_   Phone _(301)951-9191_  Fax _(301) 718-7788_   3 digit Agency Code _____

Agency Chief Contracting Officer (ACCO) _____   Date _____

Agency Chief Financial Officer (ACFO) _____   Date _____

FMS Form 710R (REV. 3/02)

[OVER]

# VENDOR INFORMATION FORM

Page 2 of 2

| FAX OR DELIVER TO: |
| --- |
| DIVISION OF VENDOR ENTRIES |
| 810 FIRST STREET, N.E. |
| SUITE 200 |
| WASHINGTON, DC 20002 |
| FAX: (202) 442-8217 |
| For Assistance, call Division of Vendor Entries at (202) 442-8269 |

| Vendor Type | 6. (Please circle one): |
| --- | --- |
| | 1.    Employee |
| | 2.    Federal Agency |
| | 3.    State Agency |
| | 4.    Local Government |
| | 5.    Vendor-business |
| | 6.    Vendor-Individual |
| | 7.    Other |

| Ownership Code | 7. (Please circle one): |
| --- | --- |
| | A.    State Corporation |
| | C.    Professional Corporation |
| | E.    State Employee |
| | F.    Financial Institution |
| | G.    Government Entity |
| | I.    Individual Recipient |
| | L.    Local Small Disadvantage Business Enterprises |
| | N.    Medical Corporation |
| | O.    Out of State Corporation |
| | P.    Professional Association |
| | R.    Foreign |
| | S.    Sole Ownership |
| | T.    Partnership |

FMS Form 710R (REV. 3/02)

LAW OFFICES

# SAVIT & SZYMKOWICZ, LLP
SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com



April 07, 2005

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
13110 Hugo Place
Silver Spring, MD 20906

Invoice #5040764

RE:  Sebastian Gill special education issues

---

Tax Identification No. 52-2329896

Amount

Professional services rendered:

| | | | Hours | |
|---|---|---|---|---|
| 3/29/2005 DMS | review document background educational & evaluation materials, including IEPs & updates, assessments, progress reports; review memorandum from Anya Gill re: need for new placement, next steps to be taken; phone call to Gill re: same | | 1.80 | 531.00 |

For professional services rendered                1.80   $531.00

Balance due                                                $0.00

LAW OFFICES

# SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

#2

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

May 13, 2005

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
13110 Hugo Place
Silver Spring, MD 20906

Invoice #5050814

RE:  Sebastian Gill special education issues

---

Tax Identification No. 52-2329896

| | Hours | Amount | |
|---|---|---|---|
| Professional services rendered: | | | |
| 4/4/2005 DMS    phone call(s)w/ Anya Gill re: need to register Sebastian w/ DCPS & request services, procedures for accomplishing same | 0.20 | 59.00 | 2⁹⁵ |
| 4/13/2005 DMS    phone call(s)w/ Anya Gill re: materials to be provided to DCPS at enrollment | 0.10 | 29.50 | 2⁹⁵ |
| SUBTOTAL: | [ 0.30 | 88.50] | |
| For professional services rendered | 0.30 | $88.50 | |

LAW OFFICES

# SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com



June 07, 2005

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
13110 Hugo Place
Silver Spring, MD 20906

Invoice #5060856

RE:  Sebastian Gill special education issues

Tax Identification No. 52-2329896

Amount

Professional services rendered:

| | | | Hours | | |
|---|---|---|---|---|---|
| 5/3/2005 DMS | phone call(s) w/ Anya Gill re: efforts to register Sebastian for DCPS & special education | | 0.10 | 29.50 | 295 |
| 5/10/2005 DMS | Review MCPS speech/language assessment & 2005-06 IEP, notes of attempts to register Sebastian at Murch Elementary School | | 0.40 | 118.00 | 295 |
| | For professional services rendered | | 0.50 | $147.50 | |

#4

LAW OFFICES

# SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

July 18, 2005

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #5070921

RE:   Sebastian Gill special education issues

Tax Identification No. 52-2329896

Amount

Professional services rendered:

| | | | Hours | Amount | |
|---|---|---|---|---|---|
| 6/1/2005 DMS | phone call(s)w/ Anya Gill re: current status of efforts to register Sebastian w/ DCPS; check D.C. Board of Education regulations re: registration procedures | | 0.20 | 59.00 | 295 |
| 6/10/2005 DMS | letter(s) to Murch ES principal re: continuing failure to register Sebastian, need to plan for 2005-06 | | 0.80 | 236.00 | 295 |
| 6/13/2005 DMS | e-mail contacts w/ Anya Gill | | 0.30 | NO CHARGE | 295 |
| | For professional services rendered | | 1.30 | $295.00 | |

LAW OFFICES
# SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

#5

September 12, 2005

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #5091032

RE:   Sebastian Gill special education issues

---

Tax Identification No. 52-2329896

---

Amount

---

Professional services rendered:

| | | | Hours | Amount | |
|---|---|---|---|---|---|
| 8/17/2005 | DMS | doc preparation due process hearing request; email to Anya Gill to forward draft for review, comment & approval | 0.40 | 118.00 | 295 |
| 8/24/2005 | DMS | e-mail contacts w/ Anya Gill re: draft due process complaint, recent registration at Murch, DCPS effort to schedule IEP meeting, approach to same | 0.50 | 147.50 | 295 |
| | DMS | e-mail contacts w/ Anya Gill re: registration, invitation to attend IEP meeting; legal research re: requirements for scheduling | 0.30 | 88.50 | 295 |
| 8/26/2005 | DMS | e-mail contacts w/ Anya Gill re: Murch placement, IEP meeting to be scheduled; letter to Murch principal to advise of intent to enroll in private school | 0.40 | 118.00 | 295 |
| | | For professional services rendered | 1.60 | $472.00 | |

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill                     Page  2
Invoice #  5091032
September 12, 2005

      Expenses:

|  |  |  | Amount |
|---|---|---|---:|
| 8/26/2005 ERP | Photocopies | Photocopies | 1.00 |
| ERP | Postage | postage | 0.97 |
| | **Total expenses:** | | $1.97 |
| | **Total of all new charges:** | | $473.97 |

LAW OFFICES

# SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

*#6*

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

October 09, 2005

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #5101078

RE:  Sebastian Gill special education issues

---

Tax Identification No. 52-2329896

Amount

---

Professional services rendered:

| | | | Hours | | |
|---|---|---|---|---|---|
| 9/7/2005 DMS | e-mail contacts<br>w/ Anya Gill re: status of special<br>education request | | 0.10 | 29.50 | 295 |
| 9/19/2005 DMS | phone call(s)w/<br>Murch principal (left message) re: no<br>follow-up on letter about inadequate<br>education planning for Sebastian | | 0.10 | 29.50 | 295 |
| 9/20/2005 DMS | phone call(s)w/<br>Murch principal (reviewed VM) re:<br>referral to DCPS General Counsel; email<br>to Anya to report on same | | 0.20 | 59.00 | 295 |
| 9/27/2005 DMS | e-mail contacts<br>w/ Anya Gill re: DCPS inaction, contents<br>of due process hearing request | | 0.20 | 59.00 | 295 |
| 9/29/2005 DMS | phone call(s)w/<br>Anya Gill re: strategy for pursuing claim<br>against DCPS | | 0.10 | 29.50 | 295 |
| For professional services rendered | | | 0.70 | $206.50 | |

#7

LAW OFFICES
# SAVIT & SZYMKOWICZ, LLP
SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

November 17, 2005

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #5111134

RE:  Sebastian Gill special education issues

---

Tax Identification No. 52-2329896

Amount

Professional services rendered:

| | | | Hours | | |
|---|---|---|---|---|---|
| 10/24/2005 DMS | doc revision revise due process hearing request & prepare for submission | | 0.40 | 118.00 | 295 |
| 10/26/2005 DMS | Review scheduling memorandum forwarded by DCPS Student Hearing Office | | 0.10 | 29.50 | 295 |
| | For professional services rendered | | 0.50 | $147.50 | |
| | Expenses: | | | | |
| 10/25/2005 ERP | Postage postage | | | 0.60 | |
| | Total expenses: | | | $0.60 | |
| | Total of all new charges: | | | $148.10 | |

LAW OFFICES

# SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH

7315 WISCONSIN AVENUE

BETHESDA, MD 20814-3202

TELEPHONE: (301) 951-9191

FACSIMILE: (301) 718-7788

email: mail@bowsslaw.com

#8

December 28, 2005

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #5121201

RE:   Sebastian Gill special education issues

---

Tax Identification No. 52-2329896

Amount

Professional services rendered:

| | | | Hours | | |
|---|---|---|---|---|---|
| 11/1/2005 DMS | phone call(s)w/ Anya Gill re: request by DCPS to schedule resolution meeting, evidence to be gathered in support of due process hearing | | 0.20 | 59.00 | 295 |
| 11/2/2005 DMS | Review VM from Anya Gill re: resolution meeting scheduled; email contacts w/ A. Gill re: same & preparation for due process hearing | | 0.20 | 59.00 | 295 |
| 11/3/2005 DMS | Review notice of resolution meeting; email w/ Anya Gill re: same | | 0.10 | 29.50 | 295 |
| 11/4/2005 DMS | Review DCPS response to due process request; check DCPS regulations re: registration claims; email to Anya Gill forwarding same w/ comments | | 0.20 | 59.00 | 295 |

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill                     Page  2
Invoice #  5121201
December 28, 2005

|  |  | Hours | Amount |
|---|---|---|---|
| 11/9/2005 DMS | e-mail contacts<br>w/ Michelle Davis re: observation at<br>Murch Elementary School, evaluation of<br>appropriateness of DCPS's proposal | 0.10 | 29.50  295 |
| 11/23/2005 DMS | phone call(s)w/<br>Michelle Davis re: hearing date, Murch<br>observation; review Davis letter to Murch<br>re: information obtained about program,<br>need for observation; email to Anya Gill<br>re: possible change in hearing date;<br>forward background materials to Davis | 0.50 | 147.50  295 |

For professional services rendered

Expenses:

Total of all new charges:

LAW OFFICES

# SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

January 16, 2006

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #6011271

RE:   Sebastian Gill special education issues

Tax Identification No. 52-2329896

Amount

Professional services rendered:

| | | | Hours | | |
|---|---|---|---|---|---|
| 12/7/2005 | DMS | doc preparation<br>request to postpone 12/20 due process<br>hearing; letter to Harry & Anya Gill<br>forwarding DCPS consent form for<br>signature, copy of continuance request | 0.40 | 118.00 | 295 |
| 12/12/2005 | DMS | letter(s) to<br>DCPS Student Hearing Office to update re:<br>DCPS's consent to continuance, date<br>restrictions for new hearing | 0.10 | 29.50 | 295 |
| 12/16/2005 | DMS | letter(s) to<br>Carolyne Albert-Garvey, Murch principal,<br>forwarding consent to exchange information | 0.10 | 29.50 | 295 |
| 12/19/2005 | DMS | phone call(s) w/<br>Carolyne Albert-Garvey re: observation at<br>Kingsbury | 0.10 | 29.50 | 295 |
| 12/20/2005 | DMS | e-mail contacts<br>w/ Michelle Davis re: hearing preparation | 0.10 | NO CHARGE | 295 |
| | | For professional services rendered | 0.80 | $206.50 | |

Expenses:

| | | | | |
|---|---|---|---|---|
| 12/7/2005 | ERP | Postage | | 0.74 |
| | ERP | Photocopies | | 1.00 |

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill                    Page  2
Invoice #  6011271
January 16, 2006

|  | Amount |
|---|---|
| 12/12/2005 ERP    Postage | 1.11 |
| Total expenses: | $2.85 |
| Total of all new charges: | $209.35 |

LAW OFFICES

# SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD  20814-3202

#10

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

February 15, 2006

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #6021350

    RE:  Sebastian Gill special education issues

_____

                        Tax Identification No. 52-2329896
_____

                                    Amount

            Professional services rendered:

                                                    Hours

| | | | Hours | Amount | |
|---|---|---|---|---|---|
| 1/6/2006 DMS | meeting with Anya Parpura-Gill, Harry Gill & Michelle Davis to review background & current information about Sebastian, begin preparing for due process hearing | | 1.50 | 442.50 | 325 |
| 1/10/2006 DMS | Review draft preliminary report by Michelle Davis, comment on same; email to Marlene Gustafson, Kingsbury, re: need to identify witness for hearing | | 0.30 | 88.50 | 325 |
| 1/12/2006 DMS | phone call(s)w/ potential witnesses to schedule review/preparation sessions | | 0.30 | NO CHARGE | 325 |
| 1/17/2006 DMS | phone call(s)w/ Patricia Papero re: potential testimony at due process hearing | | 0.20 | 59.00 | 325 |
| 1/18/2006 DMS | phone call(s)w/ Marlene Gustafson, Kingsbury Day School, to prepare for 1/26 due process hearing; w/ Patricia Papero re: same; prepare | | 2.50 | 737.50 | 325 |

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill                         Page  2
Invoice #  6021350
February 15, 2006

|  |  | Hours | Amount |  |
|---|---|---|---|---|
|  | 5-day disclosures; phone call w/ Anya Gill re: revised Kingsbury IEP; review same |  |  |  |
| 1/20/2006 DMS | e-mail contacts w/ Michelle Davis, Anya Gill re: Kingsbury material, case preparation; phone call w/ Marlene Gustafson, Kingsbury, to prepare for hearing; legal research into procedural issues presented by case; phone call w/ Rhondalyn Primes, Esq. to inquire re: potential for settlement | 3.50 | 1,032.50 | 325 |
| 1/22/2006 DMS | e-mail contacts w/ Michelle Davis, Anya Gill re: preparation for 1/26 due process hearing, update on contacts from DCPS; legal research re: notice/cooperation issues, school system's obligation to prepare IEP for disabled student | 0.60 | 177.00 | 325 |
| 1/23/2006 DMS | meeting with Anya Gill to prepare for 1/26 due process hearing; phone call w/ Michelle Davis for same; prepare supplemental document disclosures (Davis resume & correspondence) | 3.50 | 1,032.50 | 325 |
| 1/24/2006 DMS | Prepare expert witness for testimony at hearing | 1.10 | 324.50 | 325 |
| 1/25/2006 DMS | doc preparation affidavit to be used to support motion for partial summary disposition; phone call w/ Anya Gill re: same & other information to be brought out at due process hearing; research law governing DCPS's ability to limit registration times; begin preparing motion for partial summary disposition; phone call w/ Rhondalyn Primes, Esq. re: confusion over starting time for hearing; emails to witnesses to advise of time change; complete & edit motion for partial summary disposition; prepare witness testimony | 7.00 | 2,065.00 | 325 |
| 1/26/2006 DMS | hearing prep additional legal research in support of case; phone calls to client & witnesses to confirm time change; appear for due process hearing at DCPS (includes travel time & post-hearing meeting w/ Rhondalyn Primes, Esq. in attempt to schedule MDT meeting w/ DCPS); follow up meeting w/ | 4.10 | 1,209.50 | 325 |

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill                    Page  3
Invoice #  6021350
February 15, 2006

|  |  |  | Hours | Amount |
|---|---|---|---|---|
|  |  | Anya Gill, Michelle Davis to ascertain status of registration & discuss further stategy; review CARE Center policies |  |  |
| 1/30/2006 | DMS | Review letter from Rhondalyn Primes, Esq. re: Sebastian's currrent registration status; email to Anya Gill re: same w/ advice | 0.30 | 88.50 |

325

|  |  | Hours | Amount |
|---|---|---|---|
| For professional services rendered |  | 24.90 | $7,257.00 |

Expenses:

| 1/6/2006 | ERP | Photocopies | 5.60 |
|---|---|---|---|
| 1/19/2006 | ERP | Photocopies | 55.20 |
|  | ERP | Courier Interstate Express | 74.68 |
| 1/23/2006 | ERP | Photocopies | 1.40 |
|  | ERP | Postage | 0.83 |
| 1/26/2006 | DMS | Expenses Round-trip Metro to DCPS for due process hearing | 3.70 |
|  | ERP | Photocopies | 3.90 |

| Total expenses: | $145.31 |
|---|---|

LAW OFFICES
## SAVIT & SZYMKOWICZ, LLP

#11

SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

March 21, 2006

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #6031392

RE:   Sebastian Gill special education issues

---

Tax Identification No. 52-2329896

Amount

---

Total payments and credits:                    ($7,402.32)

Professional services rendered:

|  |  | Hours |  |  |
|---|---|---|---|---|
| 2/1/2006 DMS | e-mail contacts (multiple) w/ Anya Gill re: new registration, arrangements for MDT/IEP meeting | 0.30 | 70.80 | 325 |
| 2/3/2006 DMS | e-mail contacts (multiple) w/ Anya Gill, Michelle Davis re: MDT/IEP meeting date; phone call w/ A. Gill re: same, preparation for meeting | 0.20 | 47.20 | 325 |
| 2/10/2006 DMS | e-mail contacts w/ Anya Gill re: scheduling MDT/IEP meeting | 0.10 | 23.60 | 325 |
| 2/22/2006 DMS | phone call(s)w/ Anya Gill re: further strategy for pursuing appropriate education for Sebastian | 0.40 | NO CHARGE | 325 |
| 2/23/2006 DMS | phone call(s)w/ Michelle Davis re: preparation for 3/2 MDT meeting | 0.10 | NO CHARGE | 325 |

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill                          Page  2
Invoice #  6031392
March 21, 2006

|                                      | Hours | Amount   |
|--------------------------------------|-------|----------|
| For professional services rendered   | 1.10  | $141.60  |

LAW OFFICES

# SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH

7315 WISCONSIN AVENUE

BETHESDA, MD 20814-3202

#12

TELEPHONE: (301) 951-9191

FACSIMILE: (301) 718-7788

email: mail@bowsslaw.com

April 07, 2006

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #6041444

RE:  Sebastian Gill special education issues

Tax Identification No. 52-2329896

Amount

Professional services rendered:

| | | | Hours | | |
|---|---|---|---|---|---|
| 3/1/2006 DMS | phone call(s)w/ Anya Gill re: request for clarification of HOD, preparation for 3/2 MDT meeting; prepare revised retainer agreement | | 0.60 | NO CHARGE | 325 |
| 3/2/2006 DMS | phone call(s)w/ Michelle Davis re: IEP meeting | | 0.20 | 47.20 | 325 |
| 3/7/2006 DMS | phone call(s)w/ Michelle Davis re: outcome of 3/2 MDT/IEP meeting, requests by DCPS for additional information, further consideration of Sebastian's needs | | 0.30 | 70.80 | 325 |
| 3/9/2006 DMS | phone call(s)w/ Anya Gill, Michelle Davis re: discussion at 3/2 MDT/IEP meeting, status of IEP development, placement issues, next steps to be taken to complete IEP process and obtain appropriate placement | | 0.70 | 165.20 | 325 |
| 3/15/2006 DMS | phone call(s)w/ Anya Gill re: Kingsbury participation in 3/16 IEP meeting; w/ Marlene Gustafson re: same; w/ Michelle Davis re: preparation for meeting; emails re: same | | 0.50 | 118.00 | 325 |

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill                    Page  2
Invoice #  6041444
April 07, 2006

|            |     |                                                                                                                                                                                                                | Hours | Amount |      |
|------------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|--------|------|
| 3/16/2006  | DMS | Review voice mail message from Michelle Davis reporting on IEP meeting; legal research into whether IEP must identify site at which services will be provided; call back to Davis to advise re: current legal status of IEP; phone call w/ Anya Gill w/ further information re: IEP meeting | 0.40  | 94.40  | 325  |
| 3/17/2006  | DMS | phone call(s)w/ Michelle Davis re: resolution of proposal to include mental health issues in IEP, procedure for addressing current lack of completeness in IEP | 0.20  | 47.20  | 325  |
| 3/20/2006  | DMS | Review tape of 3/2/06 MDT/IEP meeting; notes of 3/16/06 IEP meeting | 2.00  | 472.00 | 325  |
| 3/22/2006  | DMS | phone call(s)w/ Michelle Davis re: DCPS request for additional information in support of site review, status of inclusion of mental health services in IEP; status update phone call w/ Anya Gill; review response of Rhondalyn Primes, Esq. to request for clarification | 0.40  | 94.40  | 325  |
| 3/27/2006  | DMS | letter(s) to hearing officer re: need for clarification in response to DCPS letter; letter to SHO to request audio copy of hearing | 0.60  | 141.60 | 325  |

For professional services rendered                                      5.90   $1,250.80

Expenses:

| 3/1/2006 | ERP | Photocopies |  | 0.40 |
|----------|-----|-------------|--|------|
|          | ERP | Postage     |  | 0.39 |

Total expenses:                                                                $0.79

Total of all new charges:                                                   $1,251.59

#13

LAW OFFICES
# SAVIT & SZYMKOWICZ, LLP
SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

May 29, 2006

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #6051519

RE:  Sebastian Gill special education issues

Tax Identification No. 52-2329896

Amount

Professional services rendered:

| | | Hours | |
|---|---|---|---|
| 4/25/2006 DMS | phone call(s)w/ Anya Gill re: DCPS request for placement meeting, available options, need to file appeal of HOD in light of failure to accurately represent settlement | 0.30 | 70.80 |
| 4/26/2006 DMS | e-mail contacts (several) w/ Anya Gill, Michelle Davis re: site review meeting | 0.20 | NO CHARGE |
| For professional services rendered | | 0.50 | $70.80 |

Expenses:

| 3/21/2006 ERP | Postage | 0.39 |
|---|---|---|
| Total expenses: | | $0.39 |
| Total of all new charges: | | $71.19 |

325

325

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill                Page  2
Invoice #  6051519
May 29, 2006

                                                              Amount

LAW OFFICES

# SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

#14

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

June 16, 2006

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #6061591

RE:  Sebastian Gill special education issues

Tax Identification No. 52-2329896

Amount

Professional services rendered:

| | | | Hours | Amount | |
|---|---|---|---|---|---|
| 5/2/2006 DMS | e-mail contacts (multiple) w/ Anya Gill, Michelle Davis re: placement meeting w/ DCPS; development of Kingsbury IEP | | 0.20 | 47.20 | 325 |
| 5/12/2006 DMS | attend placement meeting at Murch Elementary School; followup discussion w/ Anya Gill re: consideration of Prospect | | 3.00 | 708.00 | 325 |
| 5/16/2006 DMS | legal research Ascension Parish School District case cited by DCPS as justification for site review process; letter to Harry & Anya Gill forwarding analysis of same & site review document | | 0.30 | 70.80 | 325 |
| 5/24/2006 DMS | phone call(s) w/ Anya Gill re: prospective observation at Prospect | | 0.10 | 23.60 | 325 |
| | For professional services rendered | | 3.60 | $849.60 | |

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill                    Page  2
Invoice #  6061591
June 16, 2006


        Expenses:

|  |  |  | Amount |
|---|---|---|---|
| 5/12/2006 DMS | Expenses | Round-trip mileage to placement meeting at Murch | 3.56 |
| 5/17/2006 ERP | Courier | Travel to DCPS 3/30/06 to pick up hearing CD | 15.00 |
|  | ERP | Photocopies | 0.60 |
|  | ERP | Postage | 0.39 |
|  | Total expenses: |  | $19.55 |

LAW OFFICES
## SAVIT & SZYMKOWICZ, LLP
SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

# 15

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

July 13, 2006

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #6071662

RE:  Sebastian Gill special education issues

Tax Identification No. 52-2329896

Amount

Professional services rendered:

| Date | | Description | Hours | Amount | |
|------|--|-------------|-------|--------|--|
| 6/11/2006 | DMS | e-mail contacts w/ Michelle Davis re: appropriateness of Prospect for Sebastian | 0.30 | 70.80 | 325 |
| 6/15/2006 | DMS | letter(s) to Carolyne Albert-Garvey, principal, Murch Elementary School re: rejection of IEP & proposed placement; letter to Michelle Davis forwarding copies of recent DCPS documents | 1.20 | 283.20 | 325 |
| 6/16/2006 | DMS | phone call(s)w/ Anya Gill re: concerns about Prospect program, need to schedule meeting w/ Kingsbury | 0.10 | 23.60 | 325 |
| 6/28/2006 | DMS | e-mail contacts w/ Michelle Davis, Kingsbury re: scheduling next IEP meeting; phone call w/ Latrina Brookins, DCPS, re: participation in same; follow up emails w/ IEP meeting participants | 0.40 | 94.40 | 325 |
| | | For professional services rendered | 2.00 | $472.00 | |

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill                    Page  2
Invoice #  6071662
July 13, 2006

     Expenses:

|  |  | Amount |
|---|---|---:|
| 6/16/2006 ERP | Photocopies | 5.70 |
| ERP | Postage | 3.33 |
| | Total expenses: | $9.03 |

LAW OFFICES

## SAVIT & SZYMKOWICZ, LLP

#16

SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

August 21, 2006

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #6081735

RE:   Sebastian Gill special education issues

Tax Identification No. 52-2329896

Amount

Professional services rendered:

Hours

7/19/2006 DMS    doc preparation
                                              emails w/
                 Gill & others re: scheduling IEP meeting
                 at Kingsbury

.50   118.00   325

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill                    Page  2
Invoice #  6081735
August 21, 2006

|  | Hours | Amount |
|---|---|---|

Expenses:

LAW OFFICES

# SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

#17

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

October 03, 2006

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #6091820

RE:   Sebastian Gill special education issues

---

Tax Identification No. 52-2329896

Amount

Professional services rendered:

| | | Hours | | |
|---|---|---|---|---|
| 8/14/2006 DMS | e-mail contacts w/ Anya Gill re: DCPS attempts to schedule IEP meeting; review note from Tiece Ruffin, DCPS, re: same; email response to Gill; letter to Ruffin; review letter from Carolyne Albert-Garvey re: refusal to fund Kingsbury placement | 0.40 | 94.40 | 325 |
| 8/18/2006 DMS | doc preparation | 1.10 | NO CHARGE | 325 |
| | inquire about preparations for next IEP meeting; discuss letter from Murch & implications for case; | | | |

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill                Page  2
Invoice #  6091820
October 03, 2006

|  |  |  | Hours | Amount |  |
|---|---|---|---|---|---|
| 8/21/2006 DMS | e-mail contacts (several) w/ Anya Gill re: IEP meeting, registration for 2006-07 school year |  | 0.40 | 94.40 | 325 |
| 8/25/2006 DMS | Review VM from Michelle Davis re: Sebastian's current school performance, results of MDT meeting |  | 0.10 | 23.60 | 325 |
| 8/28/2006 DMS | e-mail contacts w/ Anya Gill, Michelle Davis re: scheduling conference call |  | 0.10 | NO CHARGE | 325 |

             Expenses:


8/14/2006 ERP    Postage                                        0.78

LAW OFFICES

# SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

#18

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

October 30, 2006

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #6101884

RE:   Sebastian Gill special education issues

---

Tax Identification No. 52-2329896

---

Amount

Professional services rendered:

| Date | | Description | Hours | | |
|---|---|---|---|---|---|
| 9/4/2006 | DMS | letter(s) to Anya Gill forwarding copy of IEP & related documents | 0.10 | NO CHARGE | 325 |
| 9/5/2006 | DMS | phone call(s) w/ Anya Gill, Michelle Davis re: current status of IEP preparation for current school year, | .40 | $94.40 | 325 |
| | | | .20 | $47.20 | 325 |
| | | Review final version of IEP obtained from DCPS | | | |
| 9/22/2006 | DMS | attend IEP review meeting at Kingsbury Day School (includes travel time); review letter from Tiece Ruffin re: failure to attend meeting | 2.20 | 519.20 | 325 |

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill                    Page  2
Invoice #  6101884
October 30, 2006


               Expenses:

9/5/2006 ERP      Postage                                            4.62

         ERP      Photocopies                                       10.20

9/22/2006 DMS     Expenses                                           4.00
                  Round-trip mileage to IEP meeting at Kingsbury Day
                  School
                                                               _____
         Total expenses:                                         $18.82
                                                               _____


                                                               _____

                                                               _____

LAW OFFICES

# SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

#19

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

November 16, 2006

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #6111957

RE:    Sebastian Gill special education issues

Tax Identification No. 52-2329896

Amount

Professional services rendered:

| | | |
|---|---|---|
| 10/18/2006 DMS    e-mail contacts<br>w/ Anya Gill re:<br>need for response to Dr. Ruffin | 0.20   NO CHARGE | 325 |

LAW OFFICES
SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

#20

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

September 17, 2007

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice # 7092800

Sebastian Gill special education issues

---

Tax Identification No. 52-2329896

Amount

Professional services rendered:

| | | | Hours | | |
|---|---|---|---|---|---|
| 8/3/2007 - DMS | doc preparation request for due process hearing arising from failure to provide free appropriate public education beginning w/ 2005-06 school year | | 0.50 | 118.00 | 325 |
| 8/6/2007 - DMS | e-mail contacts w/ Anya Gill re: revisions to newest due process hearing request | | 0.20 | NO CHARGE | 325 |
| 8/14/2007 - DMS | review document opinion & order vacating portions of HOD & amended HOD, dismissing case & remanding for administrative proceedings; email to Anya Gill forwarding copy w/ explanation; email to Michelle Davis forwarding copy w/ plan for resuming administrative proceedings | | 0.50 | 118.00 | 325 |
| 8/19/2007 - DMS | doc revision edit due process hearing request challenging Prospect IEPs in light of Judge Collyer's decision; prepare | | 0.30 | 70.80 | 325 |

Page  2

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
September 17, 2007
 Invoice #  7092800

| | Hours | Amount |
|---|---|---|

for submission to Student Hearing
Office & OGC

Expenses:

| | Price |
|---|---|

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| S.G., a minor, *et al.* | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )   Civil Action No. 06-1317 (RMC) |
| | ) |
| **DISTRICT OF COLUMBIA,** *et al.* | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

S.G. is a minor child who needs special education services. He and his parents, Harwant Gill and Aleksandra Parpura-Gill (collectively, the "Gills"), lived in Montgomery County, Maryland, where he attended special education classes. The Gills then moved into the District of Columbia, where S.G. has had a difficult time receiving the special education assistance he requires. He and his parents sue "to both enforce and vacate portions of a February 1, 2006 hearing officer's determination [("HOD")] (later amended on April 27, 2006)." *See* Pls.' Mem. of P. & A. in Opp. to Defs.' Mot. to Dismiss the Complaint ("Pls.' Mem.") [Dkt. #11] at 1. Defendants, the District of Columbia and former D.C. Public Schools ("DCPS") Superintendent Clifford B. Janey, have moved to dismiss the complaint, asserting that the Court lacks jurisdiction. *See* Defs.' Mot. to Dismiss the Complaint ("Defs.' Mem.") [Dkt. #9]. Having carefully considered the parties' briefs and the two hearing officer decisions at issue, the Court agrees with Defendants in part and will dismiss the Complaint in part without prejudice.

# I. BACKGROUND FACTS

S.G. is a disabled student who for many years received special education and related services in Montgomery County Public Schools ("MCPS"). *See* Pls.' Mem. at 2. The Gills purchased a home in D.C. in early 2005, and Dr. Gill moved immediately into the District of Columbia. *Id.* Dr. Parpura-Gill and S.G. remained in Montgomery County until the end of the 2004-2005 school year to avoid disrupting S.G.'s education. *Id.* They approached DCPS in April 2005 to begin discussions for an Individualized Education Plan ("IEP") for S.G., so that a smooth transition could be achieved. *Id.* Under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"), every special education student must start the school year with an IEP, which is deemed appropriate if it charts a course capable of delivering a free appropriate public education ("FAPE") for that student. *See* 20 U.S.C. § 1414(d); *see also* 20 U.S.C. § 1414(d)(2)(C)(i)(II) (noting that under the IDEA, a student with an IEP who tranfers to a school district in another state is entitled to receive a FAPE comparable to that set forth in the IEP he brings with him until the new local agency makes any changes that are deemed appropriate).

The Gills were rebuffed by Murch Elementary School, their neighborhood school, and told that registration for the 2005-2006 school year would not occur until August 2005. Pls.' Mem. at 3. Repeated visits and calls to Murch Elementary on May 3, 2005, May 20, 2005, June 8, 2005, and June 10, 2005, were unavailing. Compl. ¶ 16. On a May 20, 2005, visit to Murch, Dr. Parpura-Gill spoke with the principal of the school and gave her a copy of the MCPS IEP for S.G.; the principal said that she did not know DCPS's policy on transfers of students with IEPs from other jurisdictions but she would obtain guidance from DCPS Headquarters and contact the Gills. Compl.

-2-

¶ 17.  That contact never occurred.[1]  *Id.*

The Gills returned in August and registered S.G. at Murch on August 22, 2005, again providing a copy of his IEP.[2]  Pls.' Mem. at 3.  S.G. was placed in a regular education class with no special education services.  *Id.*  DCPS then informally invited the Gills to attend an IEP planning meeting for S.G. on August 26, 2005.  The Gills were unable to gather all of the necessary professionals needed for the meeting on such short notice and asked for a postponement to September 2.  Compl. ¶ 22.

> On August 26, 2005, the Gills' counsel wrote to Murch to inform them that it appeared that DCPS's many delays and missteps in processing S.G.'s admission meant that it could not offer him a free appropriate public education at the start of school, as it was legally required to do.  The Gills therefore notified Murch that S.G. would remain at Kingsbury, but that they still wanted DCPS to provide special education for him and to be involved in developing his program.  They therefore asked Murch to reschedule the IEP meeting, with adequate notice.
>
> Murch's principal responded to the August 26, 2005 letter with a voice mail message on September 5, 2005 – Labor Day – saying that she wished to discuss the issues in that letter.  Despite three follow-up telephone calls to the principal, no further discussions took place.  Instead, on September 20, 2005 she informed counsel that the matter had been turned over to DCPS's Office of the General Counsel, which would be handling the matter.  The principal

---

[1]  The Gills enrolled S.G. in the summer program at The Kingsbury Day School, a private special education school in D.C., because he did not have a public summer school option.  Pls.' Mem. at 3.

[2]  DCPS appears uncertain as to whether S.G. was registered at Murch in August 2005. The Court accepts the facts in the complaint as true for purposes of a motion to dismiss.  *See Scandinavian Satellite Sys., AS v. Prime TV Ltd.*, 291 F.3d 839, 844 (D.C. Cir. 2002) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n. 1 (2002)); *see also Lipsman v. Secretary of Army*, 257 F. Supp. 2d 3, 6 (D.D.C. 2003).

> expressed surprise that there had been no follow-up, and
> said she would call the Office of the General Counsel about
> S.G.  There was no further communication from DCPS to
> discuss S.G. or to develop a program for him.  Instead,
> without notice to the Gills, DCPS removed S.G. from the
> ranks of enrolled students because he did not appear for
> classes at Murch.

Compl. ¶¶ 24, 26.  On October 25, 2005, the Gills requested an administrative hearing to challenge

DCPS's failure to provide a FAPE for S.G. commencing with the start of the 2005-2006 school year.

Compl. ¶ 27.  The Gills asked for an order directing DCPS to begin the process of determining

S.G.'s eligibility for special education immediately, to develop an IEP for him, to propose an

appropriate placement, and to fund his education at Kingsbury until a legally permissible change

occurred. *Id.*

When the parties convened for the hearing on January 26, 2006, DCPS had no

witnesses and could not proceed. Compl. ¶ 29.  The hearing officer brokered a settlement whereby

DCPS agreed to commence the process of evaluating S.G., developing an IEP and proposing a

placement, while he remained at Kingsbury.  The Gills specifically reserved the right to seek

reimbursement for S.G.'s Kingsbury tuition and related services. Compl. ¶ 30.  The Hearing Officer

Decision ("HOD") that issued on February 1, 2006, summarized the relevant evidence:

> This case involves allegations by parent's counsel that the
> District of Columbia Public Schools (hereinafter "DCPS")
> failed to provide a f[r]ee appropriate public education.
> According to parent's counsel, the parent's [sic] acquired a
> new residence in the District of Columbia.  However, the
> parents decided to allow the student to complete the 2004-
> 2005 school years [sic] in the Montgomery county [sic]
> school system, as the decision was made not to interrupt the
> student's educational year.  The parent [sic] did seek to
> register the student early[,] on or around March 2005[,] in
> order to allow DCPS to determine an appropriate placement.

It is alleged that early registration was not allowed. The parent's [sic] were allowed to register the student in August 2005, but the student remained enrolled at Kingsbury at the beginning of the 2005-2006 school years [sic], as the student attended ESY [sic] at Kingsbury. The parents alleged, through their counsel, that DCPS failure [sic] to allow early registration constitute[d] a denial of a free appropriate public education (FAPE). DCPS alleges the student parent's [sic] decided to place the petitioner within a private school, as DCPS did not refuse to develop an appropriate educational program for S.G. Additionally, DCPS alleged that the petitioner was never registered as a non-attending student.

Compl. Ex. A, February 1, 2006 HOD, at 4. The HOD ordered that "Petitioner's request for relief is GRANTED, as the parties have agreed to terms" and that "Petitioner is not the prevailing party." *Id.* at 5. It also included the terms of settlement to which the parties had agreed: DCPS would convene a Multi-Disciplinary Team/IEP meeting to review S.G.'s evaluations, develop an IEP, and determine an appropriate placement within 30 days; and, within five days of the MDT/IEP meeting, issue a prior notice of placement to a public school, or, within thirty days, issue a prior notice of placement to a private school. *Id.*

An Amended HOD was issued on April 27, 2006, upon the Gills' request for clarification. Compl. ¶ 32. Their concern was that "the hearing officer ruled that the Gills were not prevailing parties [and] [t]he order was silent as to the Gills' reservation of their rights with respect to retroactive funding" for Kingsbury. Compl. ¶ 31. The evidence summary in the first paragraph of the Amended HOD was virtually identical to the first. A second paragraph was added:

At the commencement of the hearing, counsel for the respondent entered a motion to dismiss this matter, alleging that the petitioner had not been registered at DCPS. The motion to dismiss was not granted. Counsel for the petitioner requested that the record reflect that all of

> petitioner's rights be reserved with respect to future claims
> of relief in light of the fact that there was a settlement
> component to the order. The Hearing Officer noted that
> request in the record, but there was no determination made
> that DCPS had violated any of the petitioner's right [sic] at
> the hearing, as there was no denial of a free appropriate
> public education (FAPE).

Compl. Ex. B April 27, 2006 Am. HOD at 3. Reflecting the settlement achieved, the Amended

HOD concluded that "Petitioner's counsel entered into a settlement agreement" and "Petitioner is

not the prevailing party in this matter." *Id.* at 4. The orders to DCPS to evaluate S.G., develop an

IEP, and determine an appropriate placement were repeated, with the same deadlines. *Id.*

DCPS finally concluded the re-evaluation of S.G. 30 days after the Amended HOD

and, on May 12, 2006, directed that S.G. be enrolled at Prospect Learning Center, a full-time public

special education school. *See* Pls.' Mem. at 6. The Gills were skeptical about Prospect's

appropriateness for S.G. and had urged that he be placed at Kingsbury. *Id.*

The Gills explain that they would have challenged the disputed IEP decisions and

requested an administrative hearing, *see* 20 U.S.C. § 1415(f), but for "the effect of the hearing

officer's unsupported factual findings, his conclusions that DCPS did not fail to provide a FAPE for

S.G. and that he had not been properly registered with DCPS when school started in fall 2005, and

as well as the hearing officer's failure to memorialize all aspects of the settlement reached on

January 26, 2006." Pls.' Mem. at 6. The Gills assert that they have exhausted all available

administrative remedies because the Amended HOD unduly restricts the issues that could be

presented at a hearing to challenge the IEP. Compl. ¶ 39. Therefore, they first filed this lawsuit.

Counts 1 and 2 of the Complaint seek declaratory judgment and injunctive relief.

Count 1 recites that IDEA requires DCPS to establish procedures to identify special education

students, to have an IEP in effect at the start of the school year, and to provide services comparable

to those in a previous IEP for a transferring student with disabilities until such time as it develops

an appropriate new IEP. Compl. ¶¶ 40-43. It alleges that DCPS does not have policies or procedures

that are reasonably calculated to fulfill these legal obligations. More particularly, because DCPS will

not allow a student to register or enroll early, its policies do not allow sufficient time for an effective

transition, "virtually guaranteeing that the student will not receive a free appropriate public education

at the start of the school year." *Id.* ¶ 44. In Count 2, the Gills "request issuance of an injunction

directing DCPS to reform its registration, admission and enrollment practices to prevent [IDEA]

violations such as those which occurred in S.G.'s case." *Id.* ¶¶ 47-49.

Count 3 alleges that DCPS failed to comply with the hearing officer's determinations

in the HOD and seeks an order that DCPS has not provided a FAPE to S.G., that Kingsbury is the

appropriate placement, and that the Gills should be reimbursed for tuition and costs. *Id.* ¶¶ 52-55.

Count 4 appeals portions of the Amended HOD, to the extent that it ruled that the Gills did not

prevail and barred the Gills from seeking further relief for the costs at Kingsbury. *Id.* ¶ 57.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

The Defendants move to dismiss the Plaintiff's Complaint pursuant to Federal Rule

of Civil Procedure 12(b)(1). *See* Defs.' Mot. to Dismiss the Compl. at 1. Under Rule 12(b)(1),

which governs motions to dismiss for lack of subject matter jurisdiction, a plaintiff bears the burden

of establishing by a preponderance of the evidence that the Court possesses jurisdiction. *See*

*Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002); *Pitney Bowes Inc. v. U.S.*

*Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998); *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191,

195 (D.D.C. 2002).  It is well established that, in deciding a motion to dismiss for lack of subject matter jurisdiction, a court is not limited to the allegations set forth in the complaint, "but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case." *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 26, 30-31 (D.D.C. 2001).

### B.  Standard of Review of Administrative Decisions Under IDEA

In reviewing administrative decisions under the IDEA, the courts will review the administrative record, hear additional evidence upon the request of the parties, and thereafter make a decision based on the preponderance of the evidence.  *See* 20 U.S.C. § 1415(i)(2)(B).  The court has broad discretion to grant appropriate relief under IDEA, *see Sch. Comm. of Burlington v. Mass. Dept. of Educ.*, 471 U.S. 359, 369 (1985), and the standard of review under the IDEA is less deferential than the traditional "substantial evidence" test used in federal administrative review cases.  *See e.g. Kerkam v. McKenzie*, 862 F.2d 884, 887 (D.C. Cir. 1988); *Kroot v. Dist. of Columbia.*, 800 F. Supp. 976, 981 (D.D.C. 1992).  However, the court should not "substitute its own notions of sound educational policy for those of the school authorities." *Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206 (1982).  The court must give "due weight" to the administrative decision, but its decision ultimately should be an "independent [one] based on a preponderance of the evidence." *Id.* at 206-07.

### III.  ANALYSIS

The question presented by the motion to dismiss is whether the Court has jurisdiction over any of the Gills' claims.  DCPS argues that any challenges to the May 2006 IEP and placement decision are premature because the Gills have failed to exhaust their administrative remedies.

-8-

Secondly, DCPS argues that nothing in the HOD or the Amended HOD limits the Gills from arguing to a hearing officer that they should be reimbursed for private school tuition for the 2005-2006 school year. That claim is, allegedly, premature and also fails. DCPS does not address Counts 1 and 2 of the Complaint.

## A.  Complaint Arising from the May 2006 IEP

The Gills complain that the May 2006 IEP was based on incomplete documentation and placed S.G. in an inappropriate school. They acknowledge, *sub silentio*, that these complaints must be taken in the first instance through an administrative due process hearing. *See* IDEA, 20 U.S.C. § 1415(b)(6)(A); 34 C.F.R. §§ 300.507-512; 5 D.C.M.R. § 3029-3031. A hearing officer's decision is the final administrative decision which may then be appealed to district court. *See* 20 U.S.C. 1415(i)(2)(A); 34 C.F.R. § 300.514; 5 D.C.M.R. § 3031.5. "For almost as long as we have had administrative agencies, it has been a tenet of law that 'no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *Cummings v. Dist. of Columbia*, No. 04-1427, 2005 WL 3276308, slip op. at *4 (D.D.C., Sept. 7, 2005) (*quoting Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)). It is conceded that the Gills have not filed any administrative challenge to the May 2006 IEP or the placement at the Prospect Learning Center. As a result, the Court is without jurisdiction to consider those claims with regard to the IEP.

The Gills recognize the legal process and make a faint attempt to argue futility. In some circumstances, it is not necessary to exhaust administrative remedies when doing so would be a futile act. *See e.g. McCarthy v. Madigan*, 503 U.S. 140, 146 (1992); *Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90 (D.C. Cir. 1986); *see also Ross v. United States*, 460 F. Supp. 2d

-9-

139, 147 (D.D.C. 2006). It is not clear that it would be futile for the Gills to challenge the 2006 IEP

and placement, as described more fully below.

### B.  Complaint Arising from 2006 HOD and Amended HOD

The Gills advance two claims associated with the HOD and Amended HOD.  First,

they complain that DCPS violated the terms of their settlement, reflected in the HOD, by not

evaluating S.G. within 30 days and designating a placement within five days thereafter.  Second, they

complain that the hearing officer erred in the Amended HOD by finding that they were not prevailing

parties and by finding, without an evidentiary record, that DCPS had not failed to provide a FAPE

to S.G.

DCPS responds that the Gills' timeliness complaint is "disingenuous."  Defs.' Reply

at 5 n.2.  Without citing any authority, DCPS asserts that the implementation of the HOD "was

interdicted and tolled by the Plaintiffs' March 20, 2006 request for 'clarification,'" and, if it were

not, the Complaint as to the HOD is untimely.  *Id.*  The Court finds DCPS somewhat "disingenuous"

in thinking that it can enter into a settlement and then ignore its terms altogether.  But this issue need

not be resolved because the Gills do not seek a remedy for this tardy action at this time.  They

continue to be concerned about language in the Amended HOD which may limit their ability to claim

reimbursement for Kingsbury tuition for the 2005-2006 school year.

Looking specifically at that question, the Court first notes that DCPS has

affirmatively stated that "there is no basis" for the Gills' concerns.  Defs.' Mem. at 8.  DCPS

acknowledges that "the Plaintiffs, having reached a settlement, presented no evidence [before the

hearing officer] on which any finding or conclusion could have been based."  *Id.*  Therefore,

according to DCPS, "the Plaintiffs are able to raise such matters in the statutory administrative

-10-

process to consider such matters." *Id.* Since this is the representation that DCPS has made, through its counsel who are officers of the Court, it is binding on DCPS – even through other counsel – in the administrative proceedings if the Gills initiate any. *See Trout v. Garrett*, 780 F. Supp. 1396 (D.D.C. 1991).

As a point of law, DCPS also argues that the Gills were not "aggrieved by the findings and decision made" by the hearing officer and therefore have no standing to complain about his extraneous comments. *See* 20 U.S.C. § 1415(i)(2)(A) (limiting appeal rights to aggrieved parties). Stated otherwise, "[a] party may not appeal from a judgment or decree in his favor . . . ." *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333-34 (1980). Because the hearing officer declared that there had been no denial of a FAPE to S.G. only in his summary of the evidence, and not in his "decision[], judgment[], order[] [or] decree[]," *Collins v. District of Columbia*, No. 02-1344, slip op. at *6 (D.D.C. March 19, 2003), DCPS argues that it is beyond review by this Court. Defs.' Reply at 6. The Court thinks not.

"Disingenuous," to borrow a word, is the Amended HOD's attempt to hide a legal finding within the so-called summary of the relevant evidence and thereby insulate it from review. The emphasized portion of the statement "there was no determination made that DCPS had violated any of the petitioner's right [sic] at the hearing, *as there was no denial of a free appropriate public education (FAPE)*," Compl. Ex. B April 27, 2006 Am. HOD at 3 (emphasis added), has no support in the record and is vacated. The hearing officer had no authority to reach such a legal conclusion because no evidence was presented. Certainly, when DCPS had no witnesses and was unable to continue with the scheduled hearing it would be totally anomalous to allow a post-hearing letter from DCPS to alter the landscape so dramatically. *Id.* at 2 ("The Hearing Officer requested verification

-11-

on this issue of registration and the record remained open for one week.  In response to this request, DCPS submitted a letter dated January 30, 1996.").  According to the Amended HOD, S.G. "was not enrolled as a non-attending student at the Shaw Care Center, which is the designated site of the Superintendent." *Id.* at 4.  While this statement may be accurate, there is no indication that anyone at Murch or the Office of the DCPS General Counsel – or anyone else – informed the Gills that such registration at Shaw Care Center was required.  There is no doubt that, if the Complaint's allegations are true, DCPS totally dropped the ball on S.G.'s registration in the DCPS system.  The blame for that failure cannot be laid at the feet of the Gills.  To the extent that the Amended HOD appears to do so, it is arbitrary, capricious, and without record support.

DCPS argues that the Court cannot reach the terms of the Amended HOD because the Gills were granted the relief "both parties had agreed to and sought," so that challenges to other portions of the decision are inappropriate.  Defs.' Reply at 7.  Good argument; inapplicable here.  According to the Complaint, the parties' oral settlement explicitly provided for the Gills to retain their rights to assert a claim for costs at Kingsbury.  Compl. ¶ 30.  For purposes of the motion to dismiss, this statement must be treated as true.  *See Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003).  This aspect of the settlement was not, however, reflected in the HOD or the Amended HOD.  To this extent, at least, the Gills did not receive all the relief to which both parties had agreed and they are aggrieved by the HOD and Amended HOD.

Nonetheless, the Gills were not "prevailing parties" in the administrative process below.  A settlement agreement that does not lead to a court order that changes the relationship of the parties does not result in prevailing-party status.  *See Buckhannon Bd. & Care Home, Inc. v. West*

-12-

*Virginia Dep't of Health & Human Res.*, 532 U.S. 598 (2001); *see also Doe v. Boston Public Schools*, 358 F.3d 20, 26 (1st Cir. 2004) (under *Buckhannon*, "IDEA plaintiffs who achieve their desired result via private settlement may not, in the absence of judicial imprimatur, be considered 'prevailing parties'"); *Armstrong v. Vance*, 328 F. Supp. 2d 50, 56-59 (D.D.C. 2004).

### C. Complaints Based on DCPS Policies for Transferring Students

Counts 1 and 2 raised over-arching complaints about the entire process – or lack thereof – at DCPS to provide a timely IEP to incoming students. Compl. ¶¶ 40-50. DCPS has totally ignored these two Counts. Nonetheless, the Court cannot treat them as conceded unless it has jurisdiction to consider them. Jurisdiction may be raised *sua sponte* as the Court has an obligation to avoid decisions over which it does not have jurisdiction. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230-31 (1990) ("federal courts are under an independent obligation to examine their jurisdiction" regardless of whether any party has raised the issue).

The Complaint bases jurisdiction on 20 U.S.C. § 1415(i)(2) and 28 U.S.C. § 1331. Parents who are "aggrieved by" a hearing officer's decision may bring a civil action in either state or federal court. 20 U.S.C. § 1415(i)(2). As stated before, the Gills were "aggrieved" by the hearing officer's decision inasmuch as the Amended HOD suggested that *"there was no denial of a free appropriate public education (FAPE),"* Compl. Ex. B April 27, 2006 Am. HOD at 3. Under the IDEA, "[a]t the beginning of each school year, each local educational agency, State educational agency, or other State agency, as the case may be, shall have in effect, for each child with a disability in the agency's jurisdiction, an individualized education program . . . ." 20 U.S.C. § 1414(d)(2). And when a child like S.G.,

who enrolls in a new school, and who had an IEP that was in effect

-13-

> in another State, the local education agency shall provide such child
> with a free appropriate public education, including services
> comparable to those described in the previously held IEP, in
> consultation with the parents until such time as the local education
> agency conducts an evaluation pursuant to subsection (a)(1)...if
> determined to be necessary by such agency, and develops a new IEP,
> if appropriate, that is consistent with Federal and State law.

20 U.S.C. § 1414(d)(2)(C)(i)(II).  The Plaintiffs request entry of a judgment declaring that the referenced DCPS policies and practices violate the IDEA insofar as they regulate the admission of students who transfer school districts in situations like S.G.'s. *See* Compl. ¶¶ 45-46.  Although the Defendants failed to respond to Count 1 it must be dismissed because the IDEA does not provide for declaratory relief. *See Kaseman v. District of Columbia*, 329 F. Supp. 2d 20, 32 (D.D.C. 2004) (denying plaintiffs' request for a declaratory judgment because IDEA does not provide for declaratory relief).  Count 1 must be dismissed for failure to state a claim upon which relief may be granted.

Count 2 alleges that DCPS has "fail[ed] to adopt policies or procedures to identify and provide special education for disabled students who transfer from other school districts" which in turn "causes DCPS to violate the IDEA and to default in its obligations to those students." Compl ¶ 48.  Plaintiffs request "issuance of an injunction directing DCPS to reform its registration, admission and enrollment practices to prevent IDEA violations such as those which occurred in S.G.'s case." Compl. ¶ 50.  The IDEA imposes on public schools a duty to "identify, locate, and evaluate" students with disabilities (the "Child Find" duty). 20 U.S.C. § 1412(a)(3)(A).  This duty requires that DCPS take steps to ensure that children with disabilities in the District of Columbia are identified and given the opportunity to receive special education and related services.  Also, as part

-14-

of their Child Find duty, Defendants must (1) have adequate Child Find "policies and procedures" in place to identify, locate and evaluate children with disabilities, 34 C.F.R. § 300.125(a); (2) conduct comprehensive evaluations to test for disabilities, 20 U.S.C. § 1414; 34 C.F.R. §§ 300.530-300.536; (3) determine eligibility for special education and related services upon completion of those evaluations, *id.*; and (4) develop an IEP and an appropriate educational placement for those children ultimately found eligible for services, 20 U.S.C. § 1412(a)(4); 34 C.F.R. §§ 300.340-300.350. This process must occur within the time frames and in accordance with the standards pertaining to referrals, evaluations, eligibility determinations, IEPs and placements set forth in the IDEA and District of Columbia law. *See D.L. v. Dist. of Columbia*, 237 F.R.D. 319, 320 (D.D.C. 2006).

By raising the issue of reimbursement for the Kingsbury education, challenging the appropriateness of the 2006 IEP as well as the eventual placement of S.G., the Gills have thereby challenged the policies and procedures DCPS uses to evaluate students transferring in from other jurisdictions. This argument was not developed in the factual record in light of the settlement, and as such, the hearing officer's decision and amended decision do not reflect that this issue was considered. As the Defendants point out, "there is nothing in the Decisions that would bar inclusion of such a claim in an administrative complaint directed to the IEP or placement." *See* Defs. Reply at 4. If the Court takes Plaintiffs' allegations as true, DCPS has very serious issues to address with respect to identifying disabled students transferring into this jurisdiction, but that is an argument better addressed through future administrative proceedings. Count 2 must be dismissed because the Court is without jurisdiction on the claim at this time.

## IV. CONCLUSION

The Court will grant the motion to dismiss in part and deny it in part. The motion

-15-

will be granted as to Counts 1, 2, and 3, without prejudice, and denied as to Count 4.   The administrative decision is vacated to the extent that it asserts S.G. was not denied a FAPE, and to the extent that this finding could be interpreted as a bar to the Gills' pursuit of reimbursement of the costs associated with S.G.'s Kingsbury placement for the entire 2005-06 school year.   The hearing officer's April 27, 2006, decision was reached without hearing evidence and made without affording the Gills an opportunity to present their legal arguments.   The Gills must now bring these claims in the context of an administrative challenge.   This case will be remanded for further administrative proceedings consistent with the record and the Court's rulings.   A memorializing order accompanies this Memorandum Opinion.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: August 8, 2007

-16-