# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

**Office of the Chancellor**
**Office of the General Counsel**
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000 Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.    **Attorney Information**
      **Law Firm**                                 Savit & Szymkowicz, LLP
      **Attorney**                                 Diana M. Savit
      **Federal Tax ID No:**                       52-2329896
      **D.C. Bar No:**                             244970

2.    **Student Information**
      **Name:**                                    Sebastian Gill
      **DOB:**                                      May 28, 1996
      **Date Hearing Request Filed:**              August 21, 2007
      **Date(s) of Hearing:**                      October 24, 2007
      **Date of Determination (HOD/SA):**          October 29, 2007
      **Parent/Guardian Name:**                    Harwant Gill & Aleksandra Parpura-Gill
      **Parent/Guardian Address:**                 2906 Ellicott Street, N.W.
                                                   Washington, D.C.  20008

3.    **Invoice Information**
      **Invoice Numbers:**                         6061591, 6071662, 6081735, 6091820, 6101884,
                                                   6111957, 7092800, 7103006, 7113072,
      **Date Request Submitted:**                  January 21, 2008
      **Date(s) of Services Rendered:**            June 16, 2007-October 30, 2007
      **Attorney Hourly Rate:**                    $325
      **Total Attorney Fees:**                     $13,747.50
      **Total Attorney Costs:**                    $610.67
      **Total Experts:**                           None claimed
      **Total Invoice:**                           $14,358.17

4.    **Certification (must be signed by principal attorney)**

      I certify that all of the following statements are true and correct:

      •    All services listed on the enclosed invoices **were** actually performed

*Revised Nov. 2004*

- The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
- No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies aid as a result of the submission of the enclosed invoice, has pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service provider;
- I understand that the making of a false statement to an agency of the D.C Government is punishable by criminal penalties pursuant to D.C Code § 22-2405.

_Signature_                                                    January 21, 2008

Signature                                                     Date

10/29/2007  14:46  2026983825                STUDENT HEARING                      PAGE  02/08

# Office of Compliance & Review

## State Enforcement & Investigation Division

## *Confidential*

Wanda I. Resto Torres, Esq., Due Process Hearing Officer
Van Ness Elementary School
1150 5th Street, S.E.
Washington, D.C. 20003
Facsimile: (202) 698-3825

## DECISION AND ORDER

| | | |
|---|---|---|
| In the Matter of<br>**Gill, Sebastian**<br>Date of Birth: 5/28/96<br>Petitioner, | )<br>)<br>)<br>)<br>) | **IMPARTIAL<br>DUE PROCESS HEARING** |
| **vs.** | )<br>)<br>) | Hearing Request: August 21, 2007<br>**Hearing Date:** October 23 & 24, 2007<br>Attending School: Kingsbury Day |
| **District of Columbia Public Schools**<br>Respondent | )<br>)<br>) | |

**Counsel for Petitioner:**          Diana M. Savit, Esq.
                                     7315 Wisconsin Ave., Suite 601N
                                     Bethesda, MD 20814

**District of Columbia Public Schools:**   Rashida Wilson, Esq.
                                     Office of the General Counsel
                                     825 North Capitol St. N.E., 9th Floor
                                     Washington, D.C. 20002

1

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| | |
|---|---|
| Student | Sebastian Gill |
| Student's Parent(s) | Aleksandra Parpura-Gill, Mother |
| Student/Parent's Representative | Diana Savit, Esquire |
| School System's Representative | Rashida Wilson, Esquire |
| Special Education Consultant | Michelle Davis |

## I.    JURISDICTION

The due process hearing was held, and a decision rendered in the above-captioned matter, pursuant to the Individuals with Disabilities Education Act (IDEA), Public Law 101-476), reauthorized as the Individuals with Disabilities Education Improvement Act of 2004 (IDEIA), Public Law 108-446; and their current regulations, specifically at Title 34 of the Code of Federal Regulations, Part 300; the Rules of the Board of Education of the District of Columbia; the D.C. Appropriations Act, Section 145, effective October 21, 1998; and the District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

## II.    STATEMENT OF THE CASE

On August 21, 2007, parent's counsel filed a Due Process Hearing Request (DPH) against the District of Columbia Public Schools (DCPS) alleging that DCPS violated the Individuals with Disabilities Education Improvement Act (IDEIA), 20 U.S.C. §§ 1400 et seq. and denied the student a Free Appropriate Public Education (FAPE) by failing to provide an appropriate special education placement for 2005-06 and 2006-07, including the summers following those school years. The Petitioner further alleged that a prior hearing officer's determination and settlement agreement had been violated. As a remedy Petitioner requested that the Kingsbury Day School (KDS) be deemed an appropriate special education placement for S.G. and that the student be placed at the KDS retroactive to the start of the 2005-06 school year with reimbursement and payment provided by DCPS.

## III.    DUE PROCESS RIGHTS

The parent through counsel waived a formal reading of the due process rights.

## IV. ISSUES

1. Did DCPS violate the Individuals with Disabilities Education Improvement Act ("IDEIA") 20 U.S.C. §§ 1400 et seq., and deny S.G. a Free Appropriate Public Education ("FAPE") by failing to provide an appropriate special education placement and program for S.G. during 05-06 school year and from the beginning of the school year in August, 2006 through January 2007?

2. Did DCPS violate the February 1, 2006 hearing officer's determination and settlement agreement?

3. Is the Kingsbury School an appropriate special education placement for S.G.?

4. Should S.G. be placed at the Kingsbury School retroactive to the start of the 2005-06 school year, or to some other date?

**V.    SUMMARY OF RELEVANT EVIDENCE**

Petitioner:    Admitted on 10/24/07, a disclosure letter dated 10/17/07 to which fifty exhibits were attached, SG-1 through SG-50 and lists nine witnesses. Two witnesses testified- Special Education Consultant and S.G.'s mother.

Respondent:   Admitted on 10/24/07, a disclosure letter dated 10/17/07 to which thirteen exhibits were attached, DCPS-1 through DCPS-13 and lists twelve witnesses. None testified.

**VI    PRELIMINARY MATTERS**

On 10/23/07, at a Pre Hearing Conference call, Counsels for the parties and the Hearing Officer discussed motions and issues were clarified. Counsels agreed to have conversations to identify facts that could be stipulated. However, Counsel did not have further conversations that afternoon.

On 10/24/07, a hearing was held at Van Ness Elementary School, 1150 5th Street, S.E., Washington, D.C. 20003. Although conversation on preliminary matters occurred on 10/23/07, there were pending motions and disclosures issues discussed at the DPH. The motions were resolved and the parties stipulated the following:

1.    The DPH request was amended to constrain educational placement issues to dates prior to 01/9/07, both parties reserving all rights and defenses prospectively.

2.    The placement DCPS offered in May 2006 was untimely and it was too late in the school year to be appropriate.

3.    The parents have requested reimbursement for private placement during the school year 05-06 and 06-07.

4.    There are ongoing substantive conversations on S.G.'s IEP.

5.    DCPS did not propose a placement for the school year 06-07.

6.    Placement is reviewed annually.

**VII.   FINDINGS OF FACT**

At the DPH testimony was taken from witnesses and the facts following are based on the testimony and/ or the record.

1. S.G. is an eleven years old who attends Kingsbury Day School in the District of Columbia ("KDS").

4

2. The mother testified that beginning on 4/29/05, and continuing for approximately two months thereafter, she made repeated attempts to register S.G. for the 2005-06 school year. That subsequently she visited Murch Elementary School offered by DCPS as placement for S.G. and b she did not believe the program she saw would be appropriate for S.G.

3. S.G. was registered in DCPS on 8/22/05.

4. An HOD was issued on 2/1/06, it incorporated a partial settlement agreement among the parties in which DCPS agreed to convene an MDT/IEP meeting for S.G. on or about 03/3/06 and to propose a placement within either 5 or 30 days thereafter, depending upon whether a public or private placement were proposed. (DCPS-2)

5. DCPS did not complete the IEP nor propose a placement within the agreed deadlines.

6. On 3/16/06 and on 5/12/06, MDT/IEP meetings were convened to review and or update S.G.'s annual IEP. A full MDT meeting was held; the parent was present and 100 % out of general education placement was recommended for S.G. (DCPS-9)

7. On 5/12/06, DCPS issued a Prior Action to Notice for placement for S.G. at Prospect Learning Center at an out of general education classroom and issued an IEP attachment B for Transportation for the 2005-2006 school year. (DCPS -7)

8. S.G. has been attending KDS since the summer of 2005.

9. On or about 12/6/06 a DCPS Psychologist observed S.G. at Kingsbury and notes that S.G. has made a great deal of progress with self-control; regulating his feelings; with comprehension and reading fluency but his numbers sense is weak." (DCPS-13)

10. There is no evidence that DCPS offered a placement for S.G. for the 2006-2007 school year.

## VIII. DECISION and CONCLUSION OF LAW

The IDEIA at 20 U.S.C. 1412(a)(3), and its regulations at § 300.111, require that DCPS have in effect policies and procedures to ensure that, among other things, all children with disabilities residing in the State, including children with disabilities who are homeless children or are wards of the State, and children with disabilities attending private schools, regardless of the severity of their disability, and who are in need of special education and related services, are identified, located, and evaluated. According to D.C. Code § 38-2501, initial evaluations are to be completed "within 120 days from the date that the student was referred for an evaluation." Emphasis added. DCPS has obligation to affirmatively identify students that may be in need of special education services.

It was the uncontested testimony of the mother that she made efforts to provide information about S.G. to the District of Columbia Public Schools ("DCPS") during April 2005 in order to facilitate S.G.'s entry from another jurisdiction into the DCPS in the Fall of 2005 with an

appropriate special education program in place.  She further testified that it was in August 2005 when DCPS allowed the registration of S.G.

DCPS did not act upon its obligation to identify and evaluate or take some action according to its statutory duty.

## FAPE Determination

The IDEIA at 20 U.S.C. § 1400 et seq. and 5 D.C.M.R. § 3000.1) requires DCPS to fully evaluate every child suspected of having a disability within the jurisdiction of the District of Columbia, ages 3 through 22, determine their eligibility for special education and related services and, if eligible, provide special education and related services through an appropriate IEP and Placement.

While 20 U.S.C. 1414(d)(2)(C)(i)(II) requires that "in cases of a child with a disability who transfers school districts within the same academic year, who enrolls in a new school, and who had an IEP that was in effect in another State, the local educational agency shall provide such child with a free appropriate public education, including services comparable to those described in the previously held IEP, in consultation with the parents until such time as the local educational agency conducts an evaluation pursuant to subsection (a)(1), if determined to be necessary by such agency, and develops a new IEP, if appropriate, that is consistent with Federal and State law".

The evidence was that DCPS did conduct an MDT/IEP meeting however it occurred in March 2006. Furthermore, DCPS waited until May 2006 before offering any placement or program for S.G.  The Petitioner had to wait almost an entire school year before DCPS would acknowledge S.G. as a student with special education needs. The Hearing Officer determines that the untimely offering of services for the 05-06 school year and not abiding by the 2/1/06 HOD to issue a notice of placement within the allotted timeframe constitutes a denial of FAPE for the 05-06 school year.

There is no evidence that any other placement has been offered for the 06-07 school year.

## Placement

34 C.F.R.§ 300.116 of the IDEIA regulations require when determining the educational placement of a child with a disability, including a preschool child with a disability, each public agency must ensure that— (a) The placement decision— (1) Is made by a group of persons, including the parents, and other persons knowledgeable about the child, the meaning of the evaluation data, and the placement options.  It also states that the determination of the educational placement of a child with a disability must be based on a child's IEP. 20 U.S.C. 1412(a)(5).

There has been no evidence about the nature of the participation of the parent in the MDT/IEP and how placement was actually determined in May 2006. However, there was testimony that the parent was not convinced that the placement offered at Murch or Prospect would be appropriate for S.G.  Both the mother and the educational consultant provided uncontested testimony that S.G is progressing academically in KBS. DCPS did not present evidence to

6

10/29/2007  14:45    2026983825              STUDENT HEARING                    PAGE  08/08

controvert that testimony nor did DCPS's classroom observation indicate that KBS was inappropriate.

**Burden of Proof**

Pursuant to 5 D.C.M.R. § 3030.3, "The burden of proof shall be the responsibility of the party seeking relief; either the parent/guardian of the child or the LEA. Based solely upon the evidence presented at the hearing, an impartial hearing officer shall determine whether the party seeking relief presented sufficient evidence to meet the burden of proof that the action and/or inaction or proposed placement is inadequate or adequate to provide the student a Free Appropriate Public Education (FAPE)." The student, who filed the hearing request, bears the burden of proof in this case.

The student did met the burden of proof in that the student prove that the Respondent failed to evaluate or provide a free an appropriate placement for S.G. during the 05-06 school year and that DCPS did not offered a placement for the 06-07 school year for S.G. as a consequence S.G. was denied a FAPE and therefore his claims prevail.

After examining the documents in the record hearing the testimony, the representations made by counsel for the parties and the findings of fact, and reviewing the terms of the agreement, as set forth in the record, the Hearing Officer determines that the terms are in the best interest of the student; therefore, the terms are approved and incorporated into an Order.

## <u>ORDER</u>

1. All communications and notice shall be sent through the parent's counsel.

2. DCPS shall reimburse the Gills for the cost of placement of S.G. at the Kingsbury Day School for the 2005-2006 school year and will reimburse for the cost for transportation to the school and back home, if warranted.

3. DCPS shall fund the placement of S.G. at the Kingsbury Day School for the 2006-2007 until January 2007 and will reimburse the cost for transportation to the school and back home.

4. Any delay in the above time frames caused by the parent or parent's counsel shall result in an extension of one day for each day of delay.

This is the **FINAL ADMINISTRATIVE DECISION.** An Appeal can be made to a court of competent jurisdiction within ninety (90)-days of this Order's issue date pursuant to 20 U.S.C. § 1415 (i)(1)(A), (i)(2)(B).

Wanda I. Resto Torres, Esq.                    <u>October 29, 2007</u>
Hearing Officer                                          Date

Issued: 10-29-2007                              DCPS Student Hearing Office

**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**
**Office of the Chancellor**
**Office of the General Counsel**
**825 North Capitol Street, N.E. 9th Floor**
**Washington, D.C. 20002-4232**
**202-442-5000 Fa: 202-442-5098**
**www.k12.dc.us**

# SPECIAL EDUCATION ATTORNEY INFORMATION

| | |
|---|---|
| **Attorney Name** | Diana M. Savit |
| **Law Firm** | Savit & Szymkowicz, LLP0<br>**(please submit a separate form for each attorney in firm)** |
| **Federal Tax ID +** | 52-2329896 |
| **Billing Address** | 7315 Wisconsin Avenue, Suite 601N<br>Bethesda, Maryland 20814 |
| **Phone Number** | (301) 951-9191 |
| **Fax Number** | (301) 718-7788 |
| **Bar Number** | 244970 |

**State of Admission** District of Columbia, Maryland   **Year of Admission**      1976, 1987

**Years of Legal Practice in Special Education Law***

Resumé attached.

*This information will be used in determining the reasonable hourly rate. You may attach a resumé with this form
+The Tax ID number is necessary in order to receive any payments from DCPS. Please mail or fax this form to the address/number listed above. Please complete the form even if you have submitted one in the past so that we may update our records.

**Received in OGC**          /         /

*Revised Nov. 2004*

# DIANA M. SAVIT

Savit & Szymkowicz, LLP
7315 Wisconsin Avenue
Air Rights Center – North Tower Suite 601N
Bethesda, Maryland 20814
(301) 951-9191
(301) 718-7788 (fax)
E-mail: dms@bowsslaw.com

*Diana Savit specializes in civil and appellate litigation, emphasizing resolving business and employment disputes, special education and disabilities issues. She is also experienced in personal injury and property damage law, administrative practice, family law, professional liability and responsibility issues, the Freedom of Information and Privacy Acts and consumer law.*

*She is active in bar and community groups, including past service as president of the Women's Bar Association of the District of Columbia, vice president of the National Conference of Women's Bar Associations, and as president of Washington Independent Services for Educational Resources (WISER), and current service as vice president of the District of Columbia Women's Bar Association Foundation and as vice chair of the board of governors of The Chelsea School (Silver Spring, Maryland).*

**EXPERIENCE:**

| | |
|---|---|
| **2001 to present** | **Savit & Szymkowicz, LLP (formerly Bowytz Savit Szymkowicz, LLP), Bethesda, Maryland** <br> ***Partner*** <br> Practice concentrating in civil litigation, business formation & management, employment, contracts, special education, disability rights, investor rights, estate and probate, regulated industries and family law |
| **2000 to 2001** | **Karp, Frosh, Lapidus, Wigodsky & Norwind, P.A., Rockville, Maryland** <br> ***Of counsel*** <br> Senior litigator in 25-lawyer civil practice firm specializing in corporate matters, commercial litigation, employment, contracts, special education, estate and probate, products liability, medical malpractice and personal injury law |
| **1995 to 2000** | **Savit & Szymkowicz, Washington, D.C.** <br> **(successor to Mendelsohn & Szymkowicz)** <br> ***Partner (Savit & Szymkowicz)/Of counsel (Mendelsohn & Szymkowicz)*** <br> Senior litigator in boutique firm specializing in business, special education, employment, estate and probate, and aviation law |

| **1985**<br>**to 1995** | **Silver, Freedman & Taff, Washington, D.C.**<br>***Partner,*** 1990 to 1995<br>Duties:  Head of litigation department for medium-sized law firm. Supervisory and direct responsibility for average of 60 cases. |
|---|---|
| **1979**<br>**to 1985** | **Office of the Corporation Counsel, District of Columbia,**<br>***Assistant Corporation Counsel***<br>Appellate and Civil Divisions |
| **1976**<br>**to 1979** | **Office of the Chief Counsel, U.S. Customs Service,**<br>***General Attorney*** |
| **1974**<br>**to 1976** | **Office of Labor-Management Relations,**<br>**U.S. Government Printing Office, *Staff Assistant*** |

**BAR MEMBERSHIP:**

District of Columbia Bar (member, Section of Litigation)
Court of Appeals of Maryland
United States District Courts for the Districts of Columbia and Maryland
United States Courts of Appeal for the District of Columbia, Fourth and Federal Circuits
United States Tax Court
United States Supreme Court


**EDUCATION:**

*Legal*  **George Washington University National Law Center**, **Washington, D.C.**
J.D. 1976 with honors

*Graduate*  **George Washington University, Washington, D.C.**
School of International Relations, M.A. candidate (1974-77, not completed)

*College*  **Princeton University**, **Princeton, New Jersey**
B.A. 1973 *cum laude* in history with certificate in Near Eastern Studies

**Hebrew University of Jerusalem, Israel**
Summer 1972

2

**PROFESSIONAL ACTIVITIES AND HONORS:**

*Bar Associations*:

American Bar Association (member, Law Practice Management and Litigation Sections)

Association of Trial Lawyers of America (member, Commercial Litigation Section)

Bar Association of the District of Columbia (committee chair, 1994-1997)

American Association of Jewish Lawyers and Jurists (member, Board of Governors, 1994-2004)

Maryland State Bar Association (member, Litigation Section)

National Conference of Women's Bar Associations (member, Board of Directors, 1997-2003; vice president, 2000-2001)

Women's Bar Association of the District of Columbia (president, 1993-94)

Women's Bar Associations of Maryland and Montgomery County

*Member,* Board of Directors, Washington Independent Services for Educational Resources (2000-present; vice president, 2002-2004, president, 2004-2006)

*Member,* Board of Directors, Chelsea School, Silver Spring, Maryland (2002-present; assistant treasurer, 2004-05; vice chair, 2005-present)

*Member,* Board of Directors, Women's Bar Association Foundation of the District of Columbia (2002-present; vice president, 2006-present)

*Certified arbitrator,* FINRA (formerly NASD Regulation, Inc.) (1999-present)

*Member,* Legal Counsel for the Elderly Policy Board (1997-2001)
    *Chair,* Client Grievance Committee (1997-2001)

*Member,* Board of Directors, George Washington University Law Alumni Association (1996-2002)

*Member,* Civil Rules Advisory Committee, Superior Court of the District of Columbia (1994-present)

*Member,* D.C. Bar Elections Process Review Committee (1994)

*Member,* Judicial Conference of the United States Court of Appeals for the District of Columbia Circuit (1992, 1994)

3

*Member,* Judicial Conference of the District of Columbia Court of Appeals (1994, 1997, 1999-2001)

*Mediator,* Superior Court of the District of Columbia (1991-present) (approximately 15 civil mediations per year)

*Member,* Merit Selection Panel for United States Magistrate Judges for the United States District Court for the District of Columbia (1991)

*Member,* District of Columbia Advisory Committee on Education of the Handicapped, 1980-81 and 1984-85

Designated "Woman of Achievement" by The Women's Information Network, 1994 and 1995

Named among top 1% of District of Columbia lawyers (education law) by WASHINGTONIAN MAGAZINE, 2007

Named Maryland *Super Lawyer (*among top 5% in D.C.-area education lawyers) by LAW & POLITICS™ and BALTIMORE MAGAZINE, 2007 & 2008

*Martindale-Hubbell rating:* AV

**SPEECHES:**

Panelist, *Legal Issues for the Small Business Owner,* EDVentures 2005. Sponsored by Education Industry Association

Speaker, *Understanding Special Education Law,* October 2003. Sponsored by Washington Independent Services for Educational Resources

Panelist, *Advice on Succeeding in the Business World,* February 2000. Sponsored by Georgetown University Women in Business

Speaker, *Legal Rights of Students with Special Learning Needs,* January 2000. Sponsored by Board of Jewish Education of Greater Washington and Jewish Social Service Agency

Panelist, *Business Ethics in Professional Life,* March 1999. Sponsored by Charles E. Smith Jewish Day School/Hebrew Academy of Washington (11th grade special program)

4

Speaker, Georgetown University Women in Business, January 1996

Panelist, *Balancing Your Life While Keeping Your Career on Track,* April 1994. Sponsored by Young Lawyers Section of the Bar Association of the District of Columbia.

Panelist, *War Stories,* December 1993. Sponsored by Litigation Forum of the Women's Bar Association of the District of Columbia.

Panelist, *Taking Care of Business: Avoiding Litigation and Successfully Resolving Business Disputes,* October 1992. Sponsored by Litigation Forum of the Women's Bar Association of the District of Columbia. Topic: "Thinking Defensively in Negotiating and Preparing Contracts"

Panelist, *Law and Business for the Entrepreneur: Surviving and Thriving in Troubled Times,* September 1991. Sponsored by Women's Bar Association of the District of Columbia and the District of Columbia Chapter of the National Association of Women Business Owners. Topic: "Selecting Litigation Counsel"

## PUBLICATION:

FLYING SOLO: A SURVIVAL GUIDE FOR THE SOLO LAWYER, 3RD & 4TH EDS., Edited by Jeffrey R. Simmons, Published by American Bar Association/Law Practice Management Section (2001, 2004). Chapter author: *Life After the Law Firm: Family and Personal Considerations in Deciding to be a Solo*

## MISCELLANEOUS:

Women's Division, United Jewish Appeal Federation of Greater Washington (five-year member, executive board; past member, steering committee, Business & Professional Women's Network)

Princeton Club of Washington, Alumni Schools Committee (1999-present)

Ohr Kodesh Congregation, Chevy Chase, Maryland (Chair, Ritual Committee, 2000-2007; Member, Board of Directors, 2003-2005)

Listed in *Who's Who in American Law*, 6th, 7th, 9th, 10th and 11th eds.
Listed in *Who's Who Among Rising Young Americans*, 1992 ed.

*Language:*   Hebrew

Form **W-9**
(Rev. October 2007)
Department of the Treasury
Internal Revenue Service

## Request for Taxpayer Identification Number and Certification

**Give form to the requester. Do not send to the IRS.**

Name (as shown on your income tax return)
**Savit & Szymkowicz, LLP**

Business name, if different from above

Check appropriate box: ☐ Individual/Sole proprietor ☐ Corporation ☑ Partnership
☐ Limited liability company. Enter the tax classification (D=disregarded entity, C=corporation, P=partnership) ▶ .......
☐ Other (see instructions) ▶

☐ Exempt payee

Address (number, street, and apt. or suite no.)
**7315 Wisconsin Avenue, Suite 601N**

Requester's name and address (optional)

City, state, and ZIP code
**Bethesda, Maryland 20814**

List account number(s) here (optional)

*Print or type*
*See Specific Instructions on page 2.*

### Part I  Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on Line 1 to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number

**or**

Employer identification number
**52 : 2329896**

### Part II  Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. See the instructions on page 4.

**Sign Here**   Signature of U.S. person ▶ *Diana M. Savit*   Date ▶ *January 21, 2008*

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

## Purpose of Form

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

**Note.** If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

● An individual who is a U.S. citizen or U.S. resident alien,

● A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

● An estate (other than a foreign estate), or

● A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

The person who gives Form W-9 to the partnership for purposes of establishing its U.S. status and avoiding withholding on its allocable share of net income from the partnership conducting a trade or business in the United States is in the following cases:

● The U.S. owner of a disregarded entity and not the entity,

Cat. No. 10231X

Form **W-9** (Rev. 10-2007)



**GOVERNMENT OF THE DISTRICT
OF COLUMBIA**



Page 1 of 2

| New Vendor     [ ]   **CHECK** | **SUPPLIER/VENDOR INFORMATION FORM** |
|---|---|

New Vendor       [ ]   **CHECK**
New Payment/Address   [ ]   **ONLY**
New Business Address   [ ]   **ONE**
Deactivation       [ ]

**SUPPLIER/VENDOR INFORMATION FORM**

---

**Business Entity**

~~Address~~ Y/N

**Supplier/Vendor
Type:** _____
(From Page 2)

**Ownership Code:** _____
(From Page 2)

**1.** As information appears in official records: (ALL FIELDS MUST BE COMPLETED)

52- 2329896      _____    1099 (Y)/N
Federal Taxpayer ID       Social Security Number     see 1099 requirements

Corporate Name: _Savit & Szymkowicz, LLP_
Suite/Room: _601 N_
Street: _7315 Wisconsin Avenue_
City: _Bethesda_    State: _MD_    Zip: _20814_
Telephone _(301) 951-9191_   Contact _Dina Savit_
Fax: _(301) 718-7788_

---

**Individual**

~~Address~~ Y/N

**Supplier/Vendor
Type:** _____
(From Page 2)

**Ownership Code:** _____
(From Page 2)

**2.** In an individual rather than a business entity: (ALL FIELDS MUST BE COMPLETED)

_____      _____
Social Security Number

Individuals Name: _____
Suite/Room: _____
Street: _____
City: _____ State: _____ Zip: _____
Telephone _____
Fax: _____

---

**Payment Address**

**One Time Payment:** [ ]

**3.** To which all payments will be sent:
Suite/Room: _601 N_
Street: _7315 Wisconsin Avenue_
City: _Bethesda_   State: _MD_   Zip: _20814_
Telephone _(301) 951-9191_

---

**Additional Payment Address**

**4.** New additional payment address:
Suite/Room: _____
Street: _____
City: _____ State: _____ Zip: _____
Telephone _____

---

**Authorization**

Date Faxed ___/___/___

URGENT: Court Order: [ ]

DCMR 1710 Emergency. [ ]

**5. INFORMATION PROVIDED BY:** _Dina M. Savit_
            Print or Type Name of Requestor

_Partner_     _(301)951-9191_ _(301) 718-7788_       _____
Title        Phone       Fax         3 digit Agency Code

_____      _____
Agency Chief Contracting Officer (ACCO)     Date

_____      _____
Agency Chief Financial Officer (ACFO)     Date

**FMS Form 710R (REV. 3/02)**

[OVER]

# VENDOR INFORMATION FORM

Page 2 of 2

FAX OR DELIVER TO:
DIVISION OF VENDOR ENTRIES
810 FIRST STREET, N.E.
SUITE 200
WASHINGTON, DC 20002
FAX: (202) 442-8217
For Assistance, call Division of Vendor Entries at (202) 442-8269

| Vendor Type | 6. (Please circle one): |
|---|---|
| | 1.  Employee |
| | 2.  Federal Agency |
| | 3.  State Agency |
| | 4.  Local Government |
| | 5.  Vendor-business |
| | 6.  Vendor-Individual |
| | 7.  Other |
| Ownership Code | 7. (Please circle one): |
| | A.  State Corporation |
| | C.  Professional Corporation |
| | E.  State Employee |
| | F.  Financial Institution |
| | G.  Government Entity |
| | I.  Individual Recipient |
| | L.  Local Small Disadvantage Business Enterprises |
| | N.  Medical Corporation |
| | O.  Out of State Corporation |
| | P.  Professional Association |
| | R.  Foreign |
| | S.  Sole Ownership |
| | T.  Partnership |

FMS Form 710R (REV. 3/02)

LAW OFFICES

# SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

June 16, 2006

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #6061591

RE:  Sebastian Gill special education issues

---

Tax Identification No. 52-2329896

---

Amount

Professional services rendered:

| | Hours | Amount | |
|---|---|---|---|
| 5/2/2006 DMS  e-mail contacts (multiple) w/ Anya Gill, Michelle Davis re: placement meeting w/ DCPS; development of Kingsbury IEP | 0.20 | 47.20 | 325 |
| 5/12/2006 DMS  attend placement meeting at Murch Elementary School; followup discussion w/ Anya Gill re: consideration of Prospect | 3.00 | 708.00 | 325 |
| 5/16/2006 DMS  legal research Ascension Parish School District case cited by DCPS as justification for site review process; letter to Harry & Anya Gill forwarding analysis of same & site review document | 0.30 | 70.80 | 325 |
| 5/24/2006 DMS  phone call(s)w/ Anya Gill re: prospective observation at Prospect | 0.10 | 23.60 | 325 |
| For professional services rendered | 3.60 | $849.60 | |

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill                    Page   2
Invoice #   6061591
June 16, 2006

            Expenses:

                                                                    Amount

5/12/2006 DMS     Expenses                                           3.56
                  Round-trip mileage to placement meeting at Murch

5/17/2006 ERP     Courier                                          15.00
                  Travel to DCPS 3/30/06 to pick up hearing CD

          ERP     Photocopies                                       0.60

          ERP     Postage                                           0.39

          Total expenses:                                         $19.55

LAW OFFICES

# SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

July 13, 2006

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #6071662

RE:  Sebastian Gill special education issues

---

Tax Identification No. 52-2329896

---

Amount

Professional services rendered:

| | | Hours | | |
|---|---|---|---|---|
| 6/11/2006 DMS | e-mail contacts w/ Michelle Davis re: appropriateness of Prospect for Sebastian | 0.30 | 70.80 | 325 |
| 6/15/2006 DMS | letter(s) to Carolyne Albert-Garvey, principal, Murch Elementary School re: rejection of IEP & proposed placement; letter to Michelle Davis forwarding copies of recent DCPS documents | 1.20 | 283.20 | 325 |
| 6/16/2006 DMS | phone call(s)w/ Anya Gill re: concerns about Prospect program, need to schedule meeting w/ Kingsbury | 0.10 | 23.60 | 325 |
| 6/28/2006 DMS | e-mail contacts w/ Michelle Davis, Kingsbury re: scheduling next IEP meeting; phone call w/ Latrina Brookins, DCPS, re: participation in same; follow up emails w/ IEP meeting participants | 0.40 | 94.40 | 325 |
| For professional services rendered | | 2.00 | $472.00 | |

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill                     Page   2
Invoice #  6071662
July 13, 2006

        Expenses:

                                                                    Amount

6/16/2006 ERP     Photocopies                                          5.70

          ERP     Postage                                              3.33

          Total expenses:                                            $9.03

LAW OFFICES

# SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

August 21, 2006

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #6081735

RE:    Sebastian Gill special education issues

---

Tax Identification No. 52-2329896

---

Amount

Professional services rendered:

Hours

7/19/2006 DMS    doc preparation

emails w/
Gill & others re: scheduling IEP meeting
at Kingsbury                                    .50    118.00    325

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill                    Page  2
Invoice #  6081735
August 21, 2006

                                                        Hours      Amount


        Expenses:

LAW OFFICES

# SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

October 03, 2006

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #6091820

RE: Sebastian Gill special education issues

---

Tax Identification No. 52-2329896

---

Amount

Professional services rendered:

| | | Hours | | |
|---|---|---|---|---|
| 8/14/2006 DMS | e-mail contacts w/ Anya Gill re: DCPS attempts to schedule IEP meeting; review note from Tiece Ruffin, DCPS, re: same; email response to Gill; letter to Ruffin; review letter from Carolyne Albert-Garvey re: refusal to fund Kingsbury placement | 0.40 | 94.40 | 325 |
| 8/18/2006 DMS | doc preparation | 1.10 | NO CHARGE | 325 |
| | inquire about preparations for next IEP meeting; discuss letter from Murch & implications for case; | | | |

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill                    Page  2
Invoice #  6091820
October 03, 2006

|  |  |  | Hours | Amount |  |
|---|---|---|---|---|---|
| 8/21/2006 DMS | e-mail contacts (several) w/ Anya Gill re: IEP meeting, registration for 2006-07 school year | | 0.40 | 94.40 | 325 |
| 8/25/2006 DMS | Review VM from Michelle Davis re: Sebastian's current school performance, results of MDT meeting | | 0.10 | 23.60 | 325 |
| 8/28/2006 DMS | e-mail contacts w/ Anya Gill, Michelle Davis re: scheduling conference call | | 0.10 | NO CHARGE | 325 |

Expenses:

8/14/2006 ERP    Postage                                                        0.78

LAW OFFICES

# SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

October 30, 2006

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #6101884

RE:   Sebastian Gill special education issues

---

Tax Identification No. 52-2329896

---

_____ Amount

Professional services rendered:

| | | | Hours | | |
|---|---|---|---|---|---|
| 9/4/2006 DMS | letter(s) to Anya Gill forwarding copy of IEP & related documents | | 0.10 | NO CHARGE | 325 |
| 9/5/2006 DMS | phone call(s) w/ Anya Gill, Michelle Davis re: current status of IEP preparation for current school year, | | .40 | $94.40 | 325 |
| | | | .20 | $47.20 | 325 |
| | review final version of IEP obtained from DCPS | | | | |
| 9/22/2006 DMS | attend IEP review meeting at Kingsbury Day School (includes travel time); review letter from Tiece Ruffin re: failure to attend meeting | | 2.20 | 519.20 | 325 |

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill                    Page  2
Invoice #  6101884
October 30, 2006


            Expenses:

9/5/2006 ERP    Postage                                              4.62

         ERP    Photocopies                                         10.20

9/22/2006 DMS   Expenses                                             4.00
                Round-trip mileage to IEP meeting at Kingsbury Day
                School

         Total expenses:                                          $18.82

LAW OFFICES

# SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

November 16, 2006

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #6111957

RE:   Sebastian Gill special education issues

---

Tax Identification No. 52-2329896

---

Amount

Professional services rendered:

| | | |
|---|---|---|
| 10/18/2006 DMS    e-mail contacts<br>w/ Anya Gill re:<br>need for response to Dr. Ruffin | 0.20   NO CHARGE | 325 |

LAW OFFICES
SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

September 17, 2007

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #  7092800

Sebastian Gill special education issues

Tax Identification No. 52-2329896

Amount

Professional services rendered:

| | | | Hours | | |
|---|---|---|---|---|---|
| 8/3/2007 - | DMS | doc preparation<br>request for due process hearing<br>arising from failure to provide free<br>appropriate public education<br>beginning w/ 2005-06 school year | 0.50 | 118.00 | 325 |
| 8/6/2007 - | DMS | e-mail contacts<br>w/ Anya Gill re: revisions to newest<br>due process hearing request | 0.20 | NO CHARGE | 325 |
| 8/14/2007 - | DMS | review document<br>opinion & order vacating portions of<br>HOD & amended HOD, dismissing case &<br>remanding for administrative<br>proceedings; email to Anya Gill<br>forwarding copy w/ explanation;<br>email to Michelle Davis forwarding<br>copy w/ plan for resuming<br>administrative proceedings | 0.50 | 118.00 | 325 |
| 8/19/2007 - | DMS | doc revision<br>edit due process hearing request<br>challenging Prospect IEPs in light<br>of Judge Collyer's decision; prepare | 0.30 | 70.80 | 325 |

Page  2

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
September 17, 2007
Invoice #  7092800

| | Hours | Amount |
|---|---|---|

for submission to Student Hearing
Office & OGC

Expenses:

| | Price |
|---|---|

LAW OFFICES
## SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH
7315 WISCONSIN AVENUE
BETHESDA, MD 20814-3202

TELEPHONE: (301) 951-9191
FACSIMILE: (301) 718-7788
email: mail@bowsslaw.com

October 26, 2007

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #  7103006

Sebastian Gill special education issues

Tax Identification No. 52-2329896

Amount

Professional services rendered:

| | | | Hours | |
|---|---|---|---|---|
| 9/3/2007 - | DMS | letter(s) to Anya & Harry Gill forwarding notice of resolution meeting | 0.10 | 23.60  $325 |
| 9/6/2007 - | | | | |
| - | DMS | meeting with Anya Gill to discuss due process options following unsuccessful attempt at resolution | 0.20 | 47.20  $325 |

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
October 26, 2007
Invoice #  7103006

Page  2

|  |  | Hours | Amount |
|---|---|---|---|
| 9/10/2007 - DMS | phone call(s) w/<br>Michelle Davis re: preparation for<br>due process hearing | 0.20 | 47.20 |
| 9/18/2007 - DMS | phone call(s) w/<br>Michelle Davis re: observation at<br>Prospect Learning Center | 0.10 | 23.60 |

Page   3

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
October 26, 2007
Invoice #  7103006

Expenses:

| | | | Price | Amount |
|---|---|---|---|---|
| 9/3/2007 - RCS | | Photocopies | 1.00 | 1.00 |
| - RCS | | Postage | 0.58 | 0.58 |
| 9/24/2007 - ERP | | Computerized legal research Pacer- legal researc | 0.48 | 0.48 |

SUBTOTAL:

Total expenses:

LAW OFFICES

# SAVIT & SZYMKOWICZ, LLP

SUITE 601 NORTH

7315 WISCONSIN AVENUE

BETHESDA, MD 20814-3202

TELEPHONE: (301) 951-9191

FACSIMILE: (301) 718-7788

email: mail@bowsslaw.com

December 03, 2007

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
2907 Ellicott Street, N.W.
Washington, DC 20008

Invoice #  7113072

Sebastian Gill special education issues

---

Tax Identification No. 52-2329896

---

Amount

Professional services rendered:

| | | | Hours | | |
|---|---|---|---|---|---|
| 10/7/2007 - | DMS | Review notice of tentative hearing dates; email to witnesses to advise of same & ascertain availability | 0.30 | 70.80 | 325 |
| 10/8/2007 - | DMS | e-mail contacts w/ Michelle Davis re: preparation for due process hearing | 0.10 | 23.60 | $325 |
| 10/9/2007 - | DMS | e-mail contacts w/ Anya Gill re: preparation for due process hearing | 0.20 | NO CHARGE | $325 |
| 10/11/2007 - | DMS | phone call(s)w/ Michelle Davis to begin preparing for due process hearing | 1.20 | 283.20 | $325 |
| 10/15/2007 - | DMS | hearing prep listen to recordings of 3/16/06 & 5/12/06 IEP meetings; meeting w/ Anya Gill to prepare for due process hearing; phone call w/ Michelle Davis to continue preparing for hearing; review file to select | 7.50 | 1,770.00 | $325 |

Page 2

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
December 03, 2007
Invoice # 7113072

|  |  | Hours | Amount |
|---|---|---|---|
|  | exhibits & identify witnesses |  |  |
| 10/16/2007 – DMS | hearing prep<br>continue reviewing recordings of IEP & placement meetings; organize likely exhibits; multiple telephone calls w/ Rashida Wilson, Esq. re: DCPS request to postpone hearing; WMs & email to Anya Gill re: same | 5.00 | 1,180.00  @ 325 |
| 10/17/2007 – DMS | doc preparation<br>witness/exhibit disclosures; motion to bar DCPS's testimony or shift burden of proof; continue reviewing recordings of IEP & placement meetings | 6.50 | 1,534.00  @ 325 |
| 10/18/2007 – DMS | phone call(s)w/<br>Rashida Wilson, Esq. re: proposal to request prehearing conference | 0.20 | 47.20  @ 325 |
| 10/22/2007 – DMS | phone call(s)w/<br>Rashida Wilson, Esq. (several) re: request to postpone hearing, status of motion; emails (several) w/ Anya Gill, Michelle Davis, Marlene Gustrafson re: hearing status; review email from hearing officer granting motion & scheduling pre-hearing conference; respond to HO's request for copy of due process request; letter to Michelle Davis re: recordings of IEP & other meetings | 0.40 | 94.40  @ 325 |
| – DMS | hearing prep<br>prepare for 10/24 due process hearing, including review evidence, outline questions to witnesses; participate in prehearing conference | 1.50 | 354.00 |

Page 3

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
December 03, 2007
Invoice # 7113072

|  |  | Hours | Amount |
|---|---|---|---|
| | w/ HO Resto | | |
| 10/24/2007 - DMS | attend<br>due process hearing (includes travel<br>time); brief follow-up conversation<br>w/ Anya Gill & Michelle Davis | 7.00 | 1,652.00 $325 |
| 10/25/2007 - DMS | e-mail contacts<br>w/ Hearing Officer Wanda<br>Resto-Torres to provide requested<br>statutory cites | 0.10 | 23.60 $325 |
| 10/29/2007 - DMS | review document<br>hearing officer's determination<br>following 10/24 hearing; forward<br>copy to Anya Gill w/ explanation of<br>next steps to be taken | 0.30 | 70.80 $325 |
| 10/30/2007 - DMS | e-mail contacts<br>w/ Kingsbury Day School re:<br>financial information to be<br>assembled per 10/29/07 HOD | 0.10 | 23.60 $325 |

Expenses:

|  |  | Price |  |
|---|---|---|---|
| 10/16/2007 - ERP | Other<br>Copying of IEP meeting tapes | 389.70 | 389.70 |
| 10/16/2007--<br>10/17/2007 - ERP | mileage<br>mileage fee for transcriptions of<br>IEP tapes | 46.56 | 46.56 |
| 10/17/2007 - ERP | Photocopies | 142.00 | 142.00 |
| 10/17/2007--<br>10/22/2007 - JAL | Courier | 83.38 | 83.38 |
| 10/18/2007 - ERP | Postage | 0.58 | 0.58 |
| 10/23/2007 - ERP | Postage | 0.40 | 0.40 |

Page   4

Dr. Harwant Gill & Dr. Aleksandra Parpura-Gill
December 03, 2007
Invoice # 7113072

| | | | | Price | Amount |
|---|---|---|---|---|---|
| 10/23/2007 - | ERP | Photocopies | | 0.40 | 0.40 |
| - | ERP | Postage | | 1.40 | 1.40 |
| - | ERP | Postage | | 1.40 | 1.40 |
| 10/24/2007 - | DMS | mileage<br>Round-trip mileage to due process<br>hearing | | 10.67 | 10.67 |
| 10/25/2007 - | ERP | Photocopies | | 0.10 | 0.10 |
| - | ERP | Postage | | 0.75 | 0.75 |

Total expenses:                                        677.34

Total of all new charges:

Balance due

*making computers simple for you*

# simply computers

301 951-9191
301 646-2456 Rebe...

Savit & Szymkowicz, LLP
Diana M. Savit
7315 Wisconsin Ave
Suite 601 North
Bethesda, MD 20814

| | Date | Invoice |
|---|---|---|
| | 10/16/200 | 1396 |

| Qty | Description | Rate | Amount |
|---|---|---|---|
| | Subtotal Service | | 375.00 |
| 7 | CDR | 2.00 | 14.00T |
| | Subtotal Equipment | | 14.00 |

THANK YOU!

| | |
|---|---|
| Subtotal | $389.00 |
| Sales Tax (5.0%) | $0.70 |
| Total | $389.70 |
| Payments/Credits | $0.00 |
| Balance Due | $389.70 |

*Login Expense than place in Gill Billing file.*

making computers simple for you

# simply computers

301 951-9191
301 646-2456 Rebe...

| | Date | Invoice |
|---|---|---|
| | 10/16/200 | 1396 |

Savit & Szymkowicz, LLP
Diana M. Savit
7315 Wisconsin Ave
Suite 601 North
Bethesda, MD 20814

| Qty | Description | Rate | Amount |
|---|---|---|---|
| 6 | Audio Conversion<br>Micro Digital Dictation tape to CD<br>Formats: raw, wav and mp3<br><br>Ingestion Process: 4 Hours<br>  Direct ear jack to sound input<br>  Disabled external speaker<br>  Stored as raw format<br>  Copied 6 30 minute sides<br>  Optimized recording via tests, adjustments, inline<br>analog filters<br><br>Cleanup Process: 2 hours<br>  Batch conversion process<br>  Identified best setting via testing<br>  Equalization<br>  Noise reduction- introduced from motor of recorder<br>and dirty worn tape heads<br>  multi-level hum and hiss reduction | 75.00 | 450.00 |
| -2 | Audio Conversion Discount per Quote Maximum | 75.00 | -150.00 |
| 2 | Audio Conversion: Conversions and Burning to<br>CDR Media<br>  Create cd image file<br>  Burn 5 audio CDR's<br>  Burn 1 mp3 CDR<br>  Burn 1 CDR with RAW files | 75.00 | 150.00 |
| -1 | Audio Conversion Discount per Quote Maxiumum | 75.00 | -75.00 |
| 1 | Emergency Support- Overnight Service<br>Service Discount per Quote | 200.00<br>-200.00 | 200.00<br>-200.00 |

THANK YOU!

| | |
|---|---|
| **Subtotal** | |
| **Sales Tax (5.0%)** | |
| **Total** | |
| **Payments/Credits** | |
| **Balance Due** | |

making computers simple for you

# simply computers

**301 951-9191**
**301 646-2456 Rebe...**

| | Date | Invoice |
|---|---|---|
| | 10/16/200 | 1396 |

**Savit & Szymkowicz, LLP**
**Diana M. Savit**
**7315 Wisconsin Ave**
**Suite 601 North**
**Bethesda, MD 20814**

| Qty | Description | Rate | Amount |
|---|---|---|---|
| | Subtotal Service | | 375.00 |
| 7 | CDR | 2.00 | 14.00T |
| | Subtotal Equipment | | 14.00 |

THANK YOU!

| | |
|---|---|
| Subtotal | $389.00 |
| Sales Tax (5.0%) | $0.70 |
| Total | $389.70 |
| Payments/Credits | $0.00 |
| Balance Due | $389.70 |

15928 Derwood Rd., Rockville Md 20855  (301) 279-2846   Help@simplycomputers.net

SIMPLY COMPUTERS INC
404 JOSEPH ST
ROCKVILLE MD  20850-1521

Page 0001 of 0001

```
Invoice For:
Check Number : 0000006081
Date         : 2007-11-13
Payment Amt  :      $116.91
Acct Nbr     : SAVIT&SZYMKOWICZ
```

30% Refund as discussed

SAVIT & SZYMKOWICZ, LLP
7315 WISCONSIN AVE
BETHESDA MD 20814-3202

| Reference number | Amount | Additional information |
|---|---|---|
| INVOICE INFORMATION<br>0 | $116.91 | DESC: |
| DISCOUNT | | DESC: |
| ADJUSTMENT | | DESC: |
| TOTAL | $116.91 | |